IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )     C. A. No. 16-905-SLR |
| ACTAVIS ELIZABETH LLC and ACTAVIS LLC, | ) ) ) |
| Defendants. | ) ) |

**ACTAVIS ELIZABETH LLC'S AND ACTAVIS LLC'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants Actavis Elizabeth LLC and Actavis LLC (collectively, "Actavis"[1]), by and through the undersigned attorneys, submit their answer, affirmative defenses, and counterclaims to the Complaint of Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Plaintiffs").  Actavis denies all allegations in Plaintiffs' Complaint except those admitted specifically below.  This pleading is based upon Actavis's knowledge as to its own activities and upon information and belief as to the activities of others.

**THE PARTIES**

1.      Admitted, on information and belief.

---

[1] The Complaint refers to "Actavis" to collectively include Actavis, Inc., Actavis Elizabeth LLC, and Actavis LLC.  Actavis, Inc., which is a separate company now known as Allergan Finance LLC, is no longer a party to this case.  Pursuant to the Stipulation submitted on October 31, 2016 and so ordered on November 1, 2016, the parties have stipulated to dismissal of the action against Actavis, Inc.  Accordingly, all responses herein are made solely on behalf of Actavis Elizabeth LLC and Actavis LLC, and no response is made on behalf of Actavis, Inc. (n/k/a Allergan Finance LLC).

2.      Admitted, on information and belief.

3.      Admitted, on information and belief.

4.      Actavis admits that Actavis Elizabeth LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 200 Elmora Avenue, Elizabeth, New Jersey 07202.  Actavis further admits that Actavis Elizabeth LLC is a pharmaceutical company that, by itself and/or through its affiliates and agents, develops and obtains regulatory approval for pharmaceutical products, including generic pharmaceutical products, that are distributed and sold in the United States. Actavis denies the remaining allegations in this paragraph.

5.      Actavis admits that Actavis LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 400 Interpace Parkway, Parsippany, New Jersey 07054.  Actavis further admits that Actavis LLC is a pharmaceutical company that owns ANDAs for generic pharmaceutical products that are distributed and sold in the United States. Actavis denies the remaining allegations in this paragraph

6.      To the extent the allegations in this paragraph are directed to Actavis, Inc., which is no longer a party to this case, no response is required. To the extent a response is required, Actavis denies that Actavis, Inc. is a "Defendant" to this action. Further answering, Actavis is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the same.

7.      Denied.  Answering further, Actavis states that Actavis Elizabeth LLC and Actavis LLC are separate, sister entities, both of which are indirect wholly-owned subsidiaries of Teva Pharmaceuticals USA, Inc., which is an indirect wholly-owned subsidiary of Teva Pharmaceuticals, Ltd.

2

8.      Denied.

9.      Actavis admits that Actavis Elizabeth LLC was involved in the preparation and filing of Actavis's ANDA No. 209368 with the FDA pursuant to applicable laws and regulations to obtain approval to manufacture, use, and sell the drug that is the subject of ANDA No. 209368. Actavis denies that Actavis LLC or Actavis, Inc. had any involvement in the preparation and filing of ANDA No. 209368. Actavis further denies that Actavis LLC or Actavis, Inc. will be involved in the manufacture, importation, marketing, and sale of the drug that is the subject of ANDA No. 209368 if approved. Actavis denies that Actavis, Inc. is a "Defendant" to this action. To the extent the allegations in this paragraph are directed toward Actavis, Inc., no response is required. Actavis denies the remaining allegations in this paragraph.

## NATURE OF THE ACTION

10.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Actavis admits that the Complaint purports to bring an action for infringement of U.S. Patent Nos. 6,346,532 ("the '532 patent"), 7,342,117 ("the '117 patent"), 7,982,049 ("the '049 patent"), 8,835,474 ("the '474 patent"), and RE44,872 ("the '872 patent") arising under the United States patent laws, Title 35, United States Code. Actavis further admits that the Complaint purports to bring this action relating to the filing of ANDA No. 209368 with the United States Food and Drug Administration seeking approval to manufacture, use, or sell generic pharmaceutical products. Actavis denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

11.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Actavis does not contest subject matter jurisdiction for purposes of this case only. Actavis denies the remaining allegations of this paragraph.

3

12.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest personal jurisdiction for purposes of this case only.  Further answering, Actavis denies that Actavis, Inc. is a "Defendant" to this action.  To the extent the allegations in this paragraph are directed toward Actavis, Inc., no response is required. Actavis denies the remaining allegations of this paragraph.

13.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis denies that Actavis, Inc. is a "Defendant" to this action. Further answering, Actavis denies that Actavis, Inc. is the parent corporation of both Actavis LLC and Actavis Elizabeth LLC.  To the extent the allegations in this paragraph are directed toward Actavis, Inc., no response is required.  Actavis denies the remaining allegations in this paragraph.

14.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis admits that Actavis LLC is organized and existing under the laws of the State of Delaware and does not contest personal jurisdiction for purposes of this case only.  Actavis denies the remaining allegations of this paragraph.

15.      This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis admits that Actavis Elizabeth LLC is organized and existing under the laws of the State of Delaware and does not contest personal jurisdiction for purposes of this case only.  Actavis denies the remaining allegations of this paragraph.

16.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis admits that Actavis Elizabeth LLC and Actavis LLC are pharmaceutical companies that own ANDAs for drugs that may be manufactured, used, and sold in the United States.  Further answering, Actavis does not contest personal jurisdiction for purposes of this case only.  Actavis denies the remaining allegations in this paragraph.

4

17.    This paragraph contains conclusions of law for which no response is required.  This paragraph further contains allegations directed to Actavis, Inc., which is no longer a party to this action.  To the extent a response is required, Actavis admits that Actavis Elizabeth LLC and Actavis LLC are sister entities.  Actavis denies that Actavis LLC or Actavis, Inc. had any involvement in the development of the product that is the subject of ANDA No. 209368 or the filing of ANDA No.  209368.  Actavis denies the remaining allegations in this paragraph.

18.    Actavis admits that Actavis Elizabeth LLC submitted ANDA No. 209368 to the FDA seeking approval to manufacture, use, and sell the products described in ANDA No. 209368, containing the compound mirabegron as active ingredient, according to the proposed label included with the ANDA submission.  Actavis further admits that ANDA No. 209368 contains a Paragraph IV certification as to U.S. Patent Nos. 6,346,532; 6,562,375; 7,342,117; 7,982,049; 8,835,474; and RE44,872 pursuant to § 505(k)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act.  Actavis denies the remaining allegations in this paragraph.

19.    Actavis admits that Actavis Elizabeth LLC sent a letter dated August 24, 2016 to Plaintiffs titled "Notification of Certification for U.S. Patent Nos. 6,346,532; 6,562,375; 7,342,117; 7,982,049; 8,835,474; and RE44,872 Pursuant to § 505(k)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act."  Actavis further admits that the Notice Letter is on Actavis stationary and is signed by Actavis Elizabeth LLC's Director, Regulatory Affairs.  Actavis further admits that the Notice Letter refers to in-house legal personnel of Actavis.  Actavis denies the remaining allegations in this paragraph.

20.    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis denies the allegations in this paragraph.

21.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Actavis does not contest that venue is proper in this Court for purposes of this case only.  Actavis denies the remaining allegations of this paragraph.

## FACTUAL BACKGROUND

**A.     The '532 Patent**

22.     Actavis admits that Exhibit A to the Complaint appears to be a copy of United States Patent No. 6,346,532 ("the '532 patent"), which indicates on its face an issue date of February 12, 2002.  Actavis further admits that the '532 patent is titled "Amide Derivatives or Salts Thereof."  Actavis further admits that included in Exhibit A to the Complaint is a document which appears to be a copy of an ex parte reexamination certificate, which indicates on its face that the PTO issued a reexamination certificate regarding the '532 patent on February 24, 2015. Actavis denies that the '532 patent was duly and legally issued. Actavis denies that the reexamination certificate as to the '532 patent was duly and legally issued.  Actavis denies the remaining allegations in this paragraph.

23.     Actavis admits that the '532 patent purports to claim the compound mirabegron and compositions containing mirabegron, but denies that the claims are valid. Actavis denies the remaining allegations in this paragraph.

24.     Actavis admits that the '532 patent purports to claim a pharmaceutical composition containing mirabegron in an amount effective for treatment, but denies that the claims are valid. Actavis denies the remaining allegations in this paragraph.

25.     Actavis admits that the FDA's publication the "Approved Drug Products with Therapeutic Equivalence Evaluations" ("the Orange Book") lists the expiration date of the '532 patent as March 27, 2022.  Actavis denies the remaining allegations in this paragraph.

**B.      The '117 Patent**

26.      Actavis admits that Exhibit B to the Complaint appears to be a copy of United States Patent No. 7,342,117 ("the '117 patent"), which indicates on its face an issue date of March 11, 2008.   Actavis further admits that the '117 patent is titled "α-Form or β-Form Crystal of Acetanilide Derivative."   Actavis denies that the '117 patent was duly and legally issued.  Actavis denies the remaining allegations in this paragraph.

27.       Actavis admits that the '117 patent purports to claim crystal forms of mirabegron, but denies that the claims are valid.  Actavis denies the remaining allegations in this paragraph.

28.      Actavis admits that the Orange Book lists the expiration date of the '117 patent as November 4, 2023.  Actavis denies the remaining allegations in this paragraph.

**C.      The '049 Patent**

29.      Actavis admits that Exhibit C to the Complaint appears to be a copy of United States Patent No. 7,982,049 ("the '049 patent"), which indicates on its face an issue date of July 19, 2011. Actavis further admits that the '049 patent is titled "α-Form or β-Form Crystal of Acetanilide Derivative."  Actavis denies that the '049 patent was duly and legally issued. Actavis denies the remaining allegations in this paragraph.

30.      Actavis admits that the '049 patent purports to claim pharmaceutical compositions comprising crystal forms of mirabegron and a pharmaceutically acceptable carrier, but denies that the claims are valid.  Actavis denies the remaining allegations in this paragraph.

31.      Actavis admits that the Orange Book lists the expiration date of the '049 patent as November 4, 2023. Actavis denies the remaining allegations in this paragraph.

D.    **The '474 Patent**

32.    Actavis admits that Exhibit D to the Complaint appears to be a copy of United States Patent No. 8,835,474 ("the '474 patent"), which indicates on its face an issue date of September 16, 2014.  Actavis further admits that the patent is titled "Remedy for Overactive Bladder Comprising Acetic Acid Anilide Derivative As The Active Ingredient."  Actavis denies that the '474 patent was duly and legally issued.  Actavis denies the remaining allegations in this paragraph.

33.    Actavis admits that the '474 patent purports to claim methods of treating overactive bladder by administering mirabergron, but denies that the claims are valid.  Actavis denies the remaining allegations in this paragraph.

34.    Actavis admits that the Orange Book lists the expiration date of the '474 patent as November 4, 2023. Actavis denies the remaining allegations in this paragraph.

E.    **The '872 Patent**

35.    Actavis admits that Exhibit E to the Complaint appears to be a copy of United States Patent No. RE44,872 ("the '872 patent"), which indicates on its face an issue date of April 29, 2014.  Actavis further admits that the patent is titled "Remedy for Overactive Bladder Comprising Acetic Acid Anilide Derivative As The Active Ingredient."  Actavis denies that the '872 patent was duly and legally issued or re-issued. Actavis denies the remaining allegations in this paragraph.

36.    Actavis admits that the '872 patent purports to claim methods of treating overactive bladder by administering mirabegron to "a subject in need thereof", but denies that the claims are valid.  Actavis denies the remaining allegations in this paragraph.

37.     Actavis admits that the '872 patent purports to claim methods of treating overactive bladder by administering mirabegron to non-adult subjects that are not suffering from diabetes, but denies that these claims are valid.  Actavis denies the remaining allegations in this paragraph.

38.     Actavis admits that the Orange Book lists the expiration date of the '872 patent as November 4, 2023. Actavis denies the remaining allegations in this paragraph.

**F.     Myrbetriq®**

39.     Actavis admits that the Orange Book lists Astellas Pharma Global Development, Inc. ("APGD") as the holder of approved New Drug Application ("NDA") No. 202611 in connection with 25 mg and 50 mg extended-release Myrbetriq® tablets, which contain mirabegron as the active ingredient.  Actavis admits that the Orange Book lists the approval date for NDA No. 202611 as June 28, 2012.  Actavis admits that the '532, '117, '049, '474, and '872 patents are listed in the Orange Book with respect to NDA No. 202611.   Actavis denies the remaining allegations in this paragraph.

40.     Actavis admits that mirabegron has been referred to chemically as (R)-2-(2-aminothiazol-4-yl)-4'-[2-(2-hydroxy-2-phenylethyl)amino]ethyl]acetanilide,                (R)-2-(2-aminothiazol-4-yl)-4'-[2-[(2-hydroxy-2-phenylethyl)amino]ethyl]acetanilide,        and        2-(2-aminothiazol-4-yl)-N-[4-(2-{[(2R)-2-hydroxy-2-phenylethyl]amino}ethyl)phenyl]acetamide.  Actavis further admits that mirabegron can be depicted with the structural formula appearing in paragraph 40 of the Complaint.  Actavis denies the remaining allegations in this paragraph.

41.     Actavis admits that the package insert for Myrbetriq® states that Mybetriq® extended-release tablets, 25 mg and 50 mg, are indicated for the treatment of overactive bladder (OAB) with symptoms of urge urinary incontinence, urgency, and urinary frequency. Actavis denies the remaining allegations in this paragraph.

42.     Actavis admits that the USPTO Patent Application Information Retrieval website and/or the face of the patent indicates that Astellas Pharma Inc. is the assignee and record owner of the '532, '117, '049, '474, and '872 patents.  Actavis denies the remaining allegations in this paragraph.

43.     Actavis is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

44.     Actavis admits that the package insert for Myrbetriq® states that the product is "Marketed and Distributed by: Astellas Pharma US, Inc."  Actavis is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the same.

**G.     Infringement by Actavis**

45.     Actavis admits that Actavis Elizabeth LLC submitted ANDA No. 209368, pertaining to mirabegron extended-release tablets in 25 mg and 50 mg strengths, to the FDA, under 21 U.S.C. § 355(j).  Actavis further admits that ANDA No. 209368 contains Paragraph IV certifications with respect to the '532, '117, '049, '474, and '872 patents.  Actavis denies the remaining allegations in this paragraph.

46.     Actavis admits that Actavis Elizabeth LLC submitted ANDA No. 209368 to the FDA, pursuant to applicable laws and regulations, to obtain approval to engage in the commercial manufacture, use or sale of extended-release tablets of mirabegron in 25 mg and 50 mg strengths. Actavis denies the remaining allegations in this paragraph.

47.     Actavis admits that Actavis Elizabeth LLC sent a Notice Letter to Plaintiffs regarding ANDA No. 209368, and disclosing that ANDA No. 209368 contains Paragraph IV certifications to obtain approval to engage in the commercial manufacture, use or sale of

10

Mirabegron Extended-Release Tablets, 25 mg and 50 mg, before the expiration of the '532, '117, '049, '474, and '872 patents.  Actavis denies the remaining allegations in this paragraph.

48.      Denied.

49.      Admitted.

## CLAIMS FOR RELIEF

### COUNT I: DIRECT INFRINGEMENT OF THE '532 PATENT

50.      Actavis repeats and incorporates by reference its answers to paragraphs 1-49 as if fully set forth herein.

51.      Denied.

52.      Denied.

53.      Denied.

54.      Denied.

### COUNT II: DIRECT INFRINGEMENT OF THE '117 PATENT

55.      Actavis repeats and incorporates by reference its answers to paragraphs 1 through 54 as if fully set forth herein.

56.      Denied.

57.      Denied.

58.      Denied.

### COUNT III: DIRECT INFRINGEMENT OF THE '049 PATENT

59.      Actavis repeats and incorporates by reference its answers to paragraphs 1 through 58 as if fully set forth herein.

60.      Denied.

61.      Denied.

62.      Denied.

11

### COUNT IV: DIRECT INFRINGEMENT OF THE '474 PATENT

63.     Actavis repeats and incorporates by reference its answers to paragraphs 1 through 62 as if fully set forth herein.

64.     Denied.

65.     Denied.

### COUNT V: INDUCEMENT TO INFRINGE THE '474 PATENT

66.     Actavis repeats and incorporates by reference its answers to paragraphs 1 through 65 as if fully set forth herein.

67.     Actavis admits that Actavis Elizabeth LLC filed ANDA No. 209368 with a paragraph IV certification as to the '474 patent.  Actavis denies the remaining allegations in this paragraph.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

### COUNT VI: CONTRIBUTORY INFRINGEMENT OF THE '474 PATENT

75.     Actavis repeats and incorporates by reference its answers to paragraphs 1 through 74 as if fully set forth herein.

76.     Actavis admits that Actavis Elizabeth LLC submitted ANDA No. 209368 under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of the ANDA Product in the United States.    Actavis denies the remaining allegations in this paragraph.

77.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Actavis denies the allegations in this paragraph.

78.     Denied.

79.     Denied.

80.     Denied.

### COUNT VII: DIRECT INFRINGEMENT OF THE '872 PATENT

81.     Actavis repeats and incorporates by reference its answers to paragraphs 1 through 80 as if fully set forth herein.

82.     Denied.

83.     Denied.

### COUNT VIII: INDUCEMENT TO INFRINGE THE '872 PATENT

84.     Actavis repeats and incorporates by reference its answers to paragraphs 1 through 83 as if fully set forth herein.

85.     Actavis admits that Actavis Elizabeth LLC filed ANDA No. 209368 with a paragraph IV certification as to the '872 patent.  Actavis denies the remaining allegations in this paragraph.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

## COUNT IX: CONTRIBUTORY INFRINGEMENT OF THE '872 PATENT

93.     Actavis repeats and incorporates by reference its answers to paragraphs 1 through 92 as if fully set forth herein.

94.     Actavis admits that Actavis Elizabeth LLC submitted ANDA No. 209368 under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, and sale of the ANDA Product in the United States.  Actavis denies the remaining allegations in this paragraph.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

## PRAYER FOR RELIEF

Actavis denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief or any relief whatsoever.

## ACTAVIS' AFFIRMATIVE DEFENSES

Further answering the Complaint, Actavis asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated below.  Actavis reserves the right to amend this Answer with additional defenses as further information is obtained.  Actavis asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted.

## FIRST DEFENSE
### (Invalidity)

The '532, '117, '049, '474 and '872 patents and each of the claims thereof are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions

14

of 35 U.S.C. §§ 101, 102, 103 and/or 112, or under other judicially-created bases for invalidation, such as double-patenting.

**SECOND DEFENSE**
**(No Direct Infringement)**

Actavis has not, does not, and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '532, '117, '049, '474 and '872 patents.

**THIRD DEFENSE**
**(No Indirect Infringement)**

Actavis has not, does not, and will not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the '532, '117, '049, '474 and '872 patents.

**FOURTH DEFENSE**

Plaintiffs are barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

**FIFTH DEFENSE**

The Complaint fails to state a claim for relief against Actavis.

**SIXTH DEFENSE**

The Complaint fails to state a claim for relief against Actavis for exceptional case under 35 U.S.C. § 285.

**SEVENTH DEFENSE**

Any additional defenses that discovery may reveal.

WHEREFORE, Actavis respectfully requests that Plaintiffs take nothing by way of their Complaint, that judgment be entered in favor of Actavis, and that Actavis be awarded its attorneys' fees and costs, and all other just and proper relief.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff Actavis Elizabeth LLC for its counterclaims against Counterclaim Defendants and Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd. ("AICL"), and Astellas Pharma Global Development, Inc. ("APGD") (collectively "Counterclaim Defendants" or "Astellas") allege as follows:

1.       Actavis Elizabeth LLC repeats and realleges by reference each of the foregoing paragraphs of Actavis' Answer and Affirmative Defenses to the Complaint.

2.       This is an action for declaratory judgment of noninfringement and invalidity of one or more claim of U.S. Patent No. 6,346,532 ("the '532 patent") under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

3.       This is an action for declaratory judgment of noninfringement and invalidity, of one or more claim of U.S. Patent No. 7,342,117 ("the '117 patent"), under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4.       This is an action for declaratory judgment of noninfringement and invalidity, of one or more claim of U.S. Patent No. 7,982,049 ("the '049 patent"), under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5.       This is an action for declaratory judgment of noninfringement and invalidity, of one or more claim of U.S. Patent No. 8,835,474 ("the '474 patent"), under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

6.      This is an action for declaratory judgment of noninfringement and invalidity, of one or more claim of U.S. Patent No. RE44,872 ("the '872 patent"), under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

### Parties and Acts Leading to These Counterclaims

7.      Actavis Elizabeth LLC is a limited liability company organized under the laws of the State of Delaware.  Actavis Elizabeth LLC's principal place of business is at 200 Elmora Avenue, Elizabeth, New Jersey 07202.

8.      On information and belief, Counterclaim Defendant Astellas Pharma Inc. is a corporation organized and existing under the laws of Japan, having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku Tokyo 103-8411, Japan.

9.      On information and belief, Counterclaim Defendant Astellas Ireland Co, Ltd. ("AICL") is a corporation organized and existing under the laws of Ireland, having its principal place of business at Damastown Road, Damastown Industrial Park, Mulhuddart, Dublin 15, Ireland.  On information and belief, AICL is a subsidiary of Astellas Pharma Inc.

10.     On information and belief, Counterclaim Defendant Astellas Pharma Global Development, Inc. ("APGD") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062. On information and belief, APGD is a subsidiary of Plaintiff Astellas Pharma Inc.

11.     APGD alleges that it is the holder of approved New Drug Application ("NDA") No. 202611 for Myrbetriq® (mirabegron) extended-release tablets in 25 mg and 50 mg dosage forms.

12.     AICL alleges that it is the exclusive licensee of the '532, '117, '049, '474, and '872 patents, which are assigned to Astellas Pharma Inc.

13.     Actavis Elizabeth LLC holds Abbreviated New Drug Application ("ANDA") No. 209368 for mirabegron extended-release tablets in 25 and 50 mg dosage forms ("the Actavis ANDA Product").

14.     Actavis LLC had no involvement in the development of the Actavis ANDA Product or the filing of ANDA No. 209368, and Actavis LLC has no role with regard to the Actavis ANDA Product today.

15.     On October 24, 2016, Actavis Elizabeth LLC sent Counterclaim Defendants Astellas Pharma Global Development Inc. and Astellas Pharma, Inc. a letter ("Actavis's Notice Letter") pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95 advising them of the filing of ANDA No. 209368 for Mirabegron Extended-Release Tablets, 25 mg and 50 mg containing Paragraph IV certifications to obtain approval to engage in the commercial manufacture, use or sale of Mirabegron Extended-Release Tablets, 25 mg and 50 mg, before the expiration of the '532, '117, '049, '474, and '872 patents.

16.     Counterclaim Defendants have alleged in the present action that Actavis Elizabeth LLC has infringed and will infringe the '532, '117, '049, '474, and '872 patents by filing ANDA No. 209368 with the FDA and/or by manufacturing, using, offering for sale, selling or importing the products described in the ANDA.

17.     As a consequence of the foregoing, there is an actual and justiciable controversy between Actavis Elizabeth LLC and Counterclaim Defendants as to whether the claims of the '532, '117, '049, '474, and '872 patents are invalid and/or unenforceable, and whether those claims are being infringed or will be infringed by Actavis's ANDA No. 209368.

**Jurisdiction and Venue**

18.    This court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 based on an actual controversy between Actavis Elizabeth LLC, on one hand, and Counterclaim Defendants, on the other hand, arising under the Patent Laws of the United States, Title 35, United States Code.

19.    This court has personal jurisdiction over Counterclaim Defendant Astellas Pharma Inc. based, *inter alia*, on the filing by Counterclaim Defendant Astellas Pharma Inc. of this lawsuit in this jurisdiction and because Counterclaim Defendant Astellas Pharma Inc. is doing business in this jurisdiction.

20.    This court has personal jurisdiction over Counterclaim Defendant AICL based, *inter alia*, on the filing by Counterclaim Defendant AICL of this lawsuit in this jurisdiction and because Counterclaim Defendant AICL is doing business in this jurisdiction.

21.    This court has personal jurisdiction over Counterclaim Defendant APGD based, *inter alia*, on the filing by Counterclaim Defendant APGD of this lawsuit in this jurisdiction and because Counterclaim Defendant APGD is doing business in this jurisdiction.

22.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

**Exceptional Case**

23.    This case is an exceptional one, and Actavis Elizabeth LLC is entitled to an award of its reasonable attorneys' fees and costs under 35 U.S.C. § 285.

**FIRST COUNT**
**(Declaratory Judgment of Noninfringement of the '532 Patent)**

24.    Actavis Elizabeth LLC repeats and incorporates by reference each of the foregoing paragraphs of Actavis's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

25. This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis Elizabeth LLC and Counterclaim Defendants concerning the infringement of the claims of the '532 patent.

26. Counterclaim Defendants assert that the commercial manufacture, use, sale and/or offer for sale of the Actavis ANDA Product would infringe the '532 patent.

27. Actavis Elizabeth LLC asserts that no valid claim of the '532 patent will be infringed by the manufacture, use, offer for sale, or sale of the Actavis ANDA Product described in ANDA No. 209368 for at least the reasons set forth in Actavis's Notice Letter.

28. Actavis Elizabeth LLC is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Actavis ANDA Product described in ANDA No. 209368 does not and will not infringe any valid claim of the '532 patent.

## SECOND COUNT
### (Declaratory Judgment of Invalidity of the '532 Patent)

29. Actavis Elizabeth LLC repeats and incorporates by reference each of the foregoing paragraphs of Actavis's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

30. This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists

between Actavis Elizabeth LLC and Counterclaim Defendants concerning the infringement of the claims of the '532 patent.

31.     Counterclaim Defendants assert that the commercial manufacture, use, sale and/or offer for sale of the Actavis ANDA Product would infringe the '532 patent.

32.     Actavis Elizabeth LLC asserts that the manufacture, use, offer for sale, or sale of the Actavis ANDA Product does not and will not infringe any valid claim of the '532 patent and that the claims of the '532 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation for at least the reasons set forth in Actavis's Notice Letter.

33.     Actavis Elizabeth LLC is entitled to a declaration that the claims of the '532 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation.

## THIRD COUNT
### (Declaratory Judgment of Noninfringement of the '117 Patent)

34.     Actavis Elizabeth LLC repeats and incorporates by reference each of the foregoing paragraphs of Actavis' Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

35.     This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.  A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis Elizabeth LLC and Counterclaim Defendants concerning the infringement of the claims of the '117 patent.

36.     Counterclaim Defendants assert that the commercial manufacture, use, sale and/or offer for sale of the Actavis ANDA Product would infringe the '117 patent.

37.     Actavis Elizabeth LLC asserts that no valid claim of the '117 patent will be infringed by the manufacture, use, offer for sale, or sale of the Actavis ANDA Product described in ANDA No. 209368 for at least the reasons set forth in Actavis's Notice Letter.

38.     Actavis Elizabeth LLC is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Actavis ANDA Product described in ANDA No. 209368 does not and will not infringe any valid claim of the '117 patent.

**FOURTH COUNT**
**(Declaratory Judgment of Invalidity of the '117 Patent)**

39.     Actavis Elizabeth LLC repeats and incorporates by reference each of the foregoing paragraphs of Actavis's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

40.     This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.  A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis Elizabeth LLC and Counterclaim Defendants concerning the infringement of the claims of the '117 patent.

41.     Counterclaim Defendants assert that the commercial manufacture, use, sale and/or offer for sale of the Actavis ANDA Product would infringe the '117 patent.

42.     Actavis Elizabeth LLC asserts that the manufacture, use, offer for sale, or sale of the Actavis ANDA Product does not and will not infringe any valid claim of the '117 patent and that the claims of the '117 patent are invalid under one or more provisions of 35 U.S.C. §§ 101,

22

102, 103, or 112, or other judicially-created bases for invalidation for at least the reasons set forth in Actavis's Notice Letter.

43.     Actavis Elizabeth LLC is entitled to a declaration that the claims of the '117 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation.

**FIFTH COUNT**
**(Declaratory Judgment of Noninfringement of the '049 Patent)**

44.     Actavis Elizabeth LLC repeats and incorporates by reference each of the foregoing paragraphs of Actavis' Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

45.     This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis Elizabeth LLC and Counterclaim Defendants concerning the infringement of the claims of the '049 patent.

46.     Counterclaim Defendants assert that the commercial manufacture, use, sale and/or offer for sale of the Actavis ANDA Product would infringe the '049 patent.

47.     Actavis Elizabeth LLC asserts that no valid claim of the '049 patent will be infringed by the manufacture, use, offer for sale, or sale of the Actavis ANDA Product described in ANDA No. 209368 for at least the reasons set forth in Actavis's Notice Letter.

48.     Actavis Elizabeth LLC is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Actavis ANDA Product described in ANDA No. 209368 does not and will not infringe any valid claim of the '049 patent.

## SIXTH COUNT
### (Declaratory Judgment of Invalidity of the '049 Patent)

49. Actavis Elizabeth LLC repeats and incorporates by reference each of the foregoing paragraphs of Actavis's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

50. This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis Elizabeth LLC and Counterclaim Defendants concerning the infringement of the claims of the '049 patent.

51. Counterclaim Defendants assert that the commercial manufacture, use, sale and/or offer for sale of the Actavis ANDA Product would infringe the '049 patent.

52. Actavis Elizabeth LLC asserts that the manufacture, use, offer for sale, or sale of the Actavis ANDA Product does not and will not infringe any valid claim of the '049 patent and that the claims of the '049 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation for at least the reasons set forth in Actavis's Notice Letter.

53. Actavis Elizabeth LLC is entitled to a declaration that the claims of the '049 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation.

**SEVENTH COUNT**
**(Declaratory Judgment of Noninfringement of the '474 Patent)**

54.     Actavis Elizabeth LLC repeats and incorporates by reference each of the foregoing paragraphs of Actavis's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

55.     This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.  A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis Elizabeth LLC and Counterclaim Defendants concerning the infringement of the claims of the '474 patent.

56.     Counterclaim Defendants assert that the commercial manufacture, use, sale and/or offer for sale of the Actavis ANDA Product would infringe, contribute to the infringement of, and/or induce the infringement of the '474 patent for at least the reasons set forth in Actavis's Notice Letter.

57.     Actavis Elizabeth LLC asserts that no valid claim of the '474 patent will be infringed by the manufacture, use, offer for sale, or sale of the Actavis ANDA Product described in ANDA No. 209368.

58.     Actavis Elizabeth LLC is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Actavis ANDA Product described in ANDA No. 209368 does not and will not infringe any valid claim of the '474 patent.

## EIGHTH COUNT
### (Declaratory Judgment of Invalidity of the '474 Patent)

59.     Actavis Elizabeth LLC repeats and incorporates by reference each of the foregoing paragraphs of Actavis's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

60.     This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*  A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis Elizabeth LLC and Counterclaim Defendants concerning the infringement of the claims of the '474 patent.

61.     Counterclaim Defendants assert that the commercial manufacture, use, sale and/or offer for sale of the Actavis ANDA Product would infringe, contribute to the infringement of, and/or induce the infringement of the '474 patent.

62.     Actavis Elizabeth LLC asserts that the manufacture, use, offer for sale, or sale of the Actavis ANDA Product does not and will not infringe any valid claim of the '474 patent and that the claims of the '474 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation for at least the reasons set forth in Actavis's Notice Letter.

63.     Actavis Elizabeth LLC is entitled to a declaration that the claims of the '474 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation.

26

## NINTH COUNT
### (Declaratory Judgment of Noninfringement of the '872 Patent)

64. Actavis Elizabeth LLC repeats and incorporates by reference each of the foregoing paragraphs of Actavis's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

65. This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis Elizabeth LLC and Counterclaim Defendants concerning the infringement of the claims of the '872 patent.

66. Counterclaim Defendants assert that the commercial manufacture, use, sale and/or offer for sale of the Actavis ANDA Product would infringe, contribute to the infringement of, and/or induce the infringement of the '872 patent.

67. Actavis Elizabeth LLC asserts that no valid claim of the '872 patent will be infringed by the manufacture, use, offer for sale, or sale of the Actavis ANDA Product described in ANDA No. 209368 for at least the reasons set forth in Actavis's Notice Letter.

68. Actavis Elizabeth LLC is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Actavis ANDA Product described in ANDA No. 209368 does not and will not infringe any valid claim of the '872 patent.

## TENTH COUNT
### (Declaratory Judgment of Invalidity of the '872 Patent)

69.     Actavis Elizabeth LLC repeats and incorporates by reference each of the foregoing paragraphs of Actavis's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

70.     This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.  A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis Elizabeth LLC and Counterclaim Defendants concerning the infringement of the claims of the '872 patent.

71.     Counterclaim Defendants assert that the commercial manufacture, use, sale and/or offer for sale of the Actavis ANDA Product would infringe, contribute to the infringement of, and/or induce the infringement of the '872 patent.

72.     Actavis Elizabeth LLC asserts that the manufacture, use, offer for sale, or sale of the Actavis ANDA Product does not and will not infringe any valid claim of the '872 patent, and that the claims of the '872 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation for at least the reasons set forth in Actavis's Notice Letter.

73.     Actavis Elizabeth LLC is entitled to a declaration that the claims of the '872 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation.

28

## **PRAYER FOR RELIEF**

WHEREFORE, Actavis Elizabeth LLC prays that the Court enter a judgment in its favor and against Counterclaim Defendants as follows:

(a)     declaring that Actavis Elizabeth LLC has not infringed any valid and enforceable claim of U.S. Patent No. 6,346,532;

(b)     declaring that the claims of U.S. Patent No. 6,346,532 are invalid;

(c)     declaring that Actavis Elizabeth LLC has not infringed any valid and enforceable claim of the U.S. Patent No. 7,342,117;

(d)     declaring that the claims of U.S. Patent No. 7,342,117 are invalid;

(e)     declaring that Actavis Elizabeth LLC has not infringed any valid and enforceable claim of the U.S. Patent No. 7,982,049;

(f)     declaring that the claims of U.S. Patent No. 7,982,049 are invalid;

(g)     declaring that Actavis Elizabeth LLC has not infringed any valid and enforceable claim of U.S. Patent No. 8,835,474;

(h)     declaring that the claims of U.S. Patent No. 8,835,474 are invalid;

(i)     declaring that Actavis Elizabeth LLC has not infringed any valid and enforceable claim of the U.S. Patent No. RE44,872;

(j)     declaring that the claims of U.S. Patent No. RE44,872 are invalid;

(k)     declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Actavis Elizabeth LLC its attorneys' fees, costs, and expenses in this action; and

(l)     awarding Actavis Elizabeth LLC any further and additional relief as the Court deems just and proper.

/s/ Andrew E. Russell

OF COUNSEL:                          John W. Shaw (No. 3362)

George C. Lombardi              Karen E. Keller (No. 4489)

Samantha M. Lerner             Andrew E. Russell (No. 5382)

Erin Solomon                     SHAW KELLER LLP

WINSTON & STRAWN LLP      300 Delaware Avenue, Suite 1120

35 W. Wacker Drive             Wilmington, DE 19801

Chicago, IL  60657             (302) 298-0700

(312) 558-5600                jshaw@shawkeller.com

                               kkeller@shawkeller.com

                               arussell@shawkeller.com

                               *Attorneys for Defendants Actavis Elizabeth*

Dated:  December 16, 2016      *LLC and Actavis LLC*