IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD. and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS ELIZABETH LLC and ACTAVIS LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) C.A. No. 16-905 (SLR) ) ) ) ) ) ) |

**PLAINTIFFS' ANSWER TO DEFENDANTS
ACTAVIS'S AMENDED COUNTERCLAIMS**

Plaintiffs/Counterclaim-Defendants Astellas Pharma Inc., Astellas Ireland Co., Ltd. ("AICL"), and Astellas Pharma Global Development, Inc. ("APGD") (collectively, "Astellas"), by their undersigned attorneys, hereby answer the numbered paragraphs of the January 17, 2017 Amended Counterclaims (D.I. 21 at 16-40) of Defendants/Counterclaim-Plaintiffs Actavis Elizabeth LLC and Actavis LLC (collectively, "Actavis") as follows:

**GENERAL DENIAL**

Any allegation in Actavis's Amended Counterclaims not expressly admitted by Astellas is hereby denied. Astellas denies that Actavis is entitled to the relief requested in Actavis's Prayer for Relief or to any relief whatsoever.

**Response to Allegations**

1. Paragraph No. 1 contains statements to which no answer is required.

2. Astellas admits that Actavis seeks a declaratory judgment that its ANDA Product does not infringe one or more claims of the '532 patent and/or that one or more claims of the '532 patent are invalid.

3. Astellas admits that Actavis seeks a declaratory judgment that its ANDA Product does not infringe one or more claims of the '117 patent and/or that one or more claims of the '117 patent are invalid.

4. Astellas admits that Actavis seeks a declaratory judgment that its ANDA Product does not infringe one or more claims of the '049 patent and/or that one or more claims of the '049 patent are invalid.

5. Astellas admits that Actavis seeks a declaratory judgment that its ANDA Product does not infringe one or more claims of the '474 patent and/or that one or more claims of the '474 patent are invalid.

6. Astellas admits that Actavis seeks a declaratory judgment that its ANDA Product does not infringe one or more claims of the '872 patent and/or that one or more claims of the '872 patent are invalid.

**Parties and Acts Leading to These Counterclaims**

7. Upon information and belief, admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Astellas admits that on February 12, 2002 the PTO issued the '532 patent entitled, "Amid Derivatives or Salts Thereof," listing on its face Tatsuya Maruyama, Takayuki Suzuki, Kenichi Onda, Masahiko Hayakawa, Hiroyuki Moritomo, Tetsuya Kimizuka, and Tetsuo Matsui

as inventors, and admits that the Orange Book lists the expiration date of the '532 patent as March 27, 2002.

     12.    Admitted.

     13.    Admitted.

     14.    Admitted.

     15.    Admitted.

     16.    Admitted.

     17.    Admitted.

     18.    Admitted.

     19.    Astellas admits that it received a letter from Actavis dated August 24, 2016 purporting to be a "Notification of Certification for U.S. Patent Nos. 6,346,532; 6,562,375; 7,342,117; 7,982,049; 8,835,474; and RE44,872 Pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act" ("Notice Letter").  Astellas admits that the Notice Letter claims that ANDA No. 209368 was submitted by Actavis and relates to mirabegron extended-release tablets in 25 and 50 mg dosage forms; otherwise, Astellas does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 19, and therefore denies them.

     20.    Upon information and belief, denied.

     21.    Astellas admits that it received a purported Notice Letter from Actavis dated August 24, 2016.  Astellas admits that the Notice Letter claims that ANDA No. 209368 contains Paragraph IV certifications with respect to the '532, '117, '049, '474, and '872 patents, and Actavis seeks approval to market generic versions of mirabegron extended-release tablets in 25 mg and 50 mg strengths; otherwise, Astellas does not have knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph No. 21, and therefore denies them.

22. Astellas admits that its Complaint for Patent Infringement (D.I. 1) contains infringement allegations against Actavis Elizabeth LLC and Actavis LLC for the '532, '117, '049, '474, and '872 patents related to and concerning activities surrounding Actavis's ANDA No. 209368.

23. Paragraph No. 23 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning Actavis's infringement of the '532, '117, '049, '474, and '872 patents with respect to ANDA No. 209368, and the validity of those patents; otherwise denied.

## Jurisdiction and Venue

24. Paragraph No. 24 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that the Court has subject matter jurisdiction over this action.

25. Paragraph No. 25 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that the Court has personal jurisdiction over this action.

26. Paragraph No. 26 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that the Court has personal jurisdiction over this action.

27. Paragraph No. 27 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that the Court has personal jurisdiction over this action.

28. Paragraph No. 28 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that venue is proper in this jurisdiction for this action.

## Exceptional Case

29. Denied.

## FIRST COUNT
### (Declaratory Judgment of Non-Infringement of the '532 Patent)

30. Paragraph No. 30 contains statements to which no answer is required.

31. Paragraph No. 31 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning Actavis's infringement of the '532 patent with respect to ANDA No. 209368.

32. Astellas admits that it is the owner of all right, title, and interest in the '532 patent, Actavis's submission of ANDA No. 209368 to the FDA infringes at least claims 1, 4, 5, 11, and 15 of the '532 patent, and Actavis's ANDA product and the use thereof would infringe at least claims 1, 4, 5, 11, and 15 of the '532 patent.

33. Denied.

34. Paragraph No. 34 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that it bears the burden of proof on infringement of the claims of the '532 patent; otherwise denied.

35. Paragraph No. 35 contains statements to which no answer is required. To the extent an answer may be required, denied.

36. Paragraph No. 36 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning Actavis's infringement of the '532 patent with respect to ANDA No. 209368.

37. Denied.

## SECOND COUNT
### (Declaratory Judgment of Invalidity of the '532 Patent)

38. Paragraph No. 38 contains statements to which no answer is required.

39. Paragraph No. 39 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning the validity of the claims of the '532 patent.

40. Astellas admits that it is the owner of all right, title, and interest in the '532 patent, Actavis's submission of ANDA No. 209368 to the FDA is an act of infringement of least claims 1, 4, 5, 11, and 15 of the '532 patent, and that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe at least claims 1, 4, 5, 11, and 15 of the '532 patent.

41. Upon information and belief, Astellas admits that Actavis asserts that its ANDA Product does not and will not infringe any valid claim of the '532 patent and that the '532 patent is invalid; otherwise denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Paragraph No. 46 contains statements to which no answer is required. To the extent an answer may be required, denied.

47. Denied.

## THIRD COUNT
### (Declaratory Judgment of Non-Infringement of the '117 Patent)

48. Paragraph No. 48 contains statements to which no answer is required.

6

49. Paragraph No. 49 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning Actavis's infringement of the '117 patent with respect to ANDA No. 209368.

50. Astellas admits that it is the owner of all right, title, and interest in the '117 patent, Actavis's submission of ANDA No. 209368 to the FDA infringes at least claim 1 of the '117 patent, and that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe at least claim 1 of the '117 patent.

51. Denied.

52. Paragraph No. 52 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that it bears the burden of proof on infringement of the '117 patent; otherwise denied.

53. Paragraph No. 53 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning Actavis's infringement of the '117 patent with respect to ANDA No. 209368.

54. Paragraph No. 54 contains statements to which no answer is required. To the extent an answer may be required, denied.

55. Denied.

### FOURTH COUNT
**(Declaratory Judgment of Invalidity of the '117 Patent)**

56. Paragraph No. 56 contains statements to which no answer is required.

57. Paragraph No. 57 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning the validity of the claims of the '117 patent.

58. Astellas admits that it is the owner of all right, title, and interest in the '117 patent, Actavis's submission of ANDA No. 209368 to the FDA infringes at least claim 1 of the '117 patent, and that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe at least claim 1 of the '117 patent.

59. Upon information and belief, Astellas admits that Actavis asserts that its ANDA Product does not and will not infringe any valid claim of the '117 patent and that the '117 patent is invalid; otherwise denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Paragraph No. 64 contains statements to which no answer is required. To the extent an answer may be required, denied.

65. Denied.

## FIFTH COUNT
### (Declaratory Judgment of Non-Infringement of the '049 Patent)

66. Paragraph No. 66 contains statements to which no answer is required.

67. Paragraph No. 67 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning Actavis's infringement of the '049 patent with respect to ANDA No. 209368.

68. Astellas admits that it is the owner of all right, title, and interest in the '049 patent, Actavis's submission of ANDA No. 209368 to the FDA infringes at least claims 1, 5, 9, and 13 of the '049 patent, and that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe at least claims 1, 5, 9, and 13 of the '049 patent.

69. Denied.

70. Paragraph No. 70 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that it bears the burden of proof on infringement of the '049 patent; otherwise denied.

71. Paragraph No. 71 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning Actavis's infringement of the '049 patent with respect to ANDA No. 209368.

72. Paragraph No. 72 contains statements to which no answer is required. To the extent an answer may be required, denied.

73. Denied.

## SIXTH COUNT
### (Declaratory Judgment of Invalidity of the '049 Patent)

74. Paragraph No. 74 contains statements to which no answer is required.

75. Paragraph No. 75 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning the validity of the claims of the '049 patent.

76. Astellas admits that it is the owner of all right, title, and interest in the '049 patent, Actavis's submission of ANDA No. 209368 to the FDA infringes at least claims 1, 5, 9, and 13 of the '049 patent, and that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe at least claims 1, 5, 9, and 13 of the '049 patent.

77. Upon information and belief, Astellas admits that Actavis asserts that its ANDA Product does not and will not infringe any valid claim of the '049 patent and that the '049 patent is invalid; otherwise denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Paragraph No. 82 contains statements to which no answer is required. To the extent an answer may be required, denied.

83. Denied.

### SEVENTH COUNT
### (Declaratory Judgment of Non-Infringement of the '474 Patent)

84. Paragraph No. 84 contains statements to which no answer is required.

85. Paragraph No. 85 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning Actavis's infringement of the '474 patent with respect to ANDA No. 209368.

86. Astellas admits that it is the owner of all right, title, and interest in the '474 patent, Actavis's submission of ANDA No. 209368 to the FDA infringes at least claims 1, 3-4, 6-7, 9-10, and 12 of the '474 patent, and that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe at least claims 1, 3-4, 6-7, 9-10, and 12 of the '474 patent.

87. Denied.

88. Paragraph No. 88 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that it bears the burden of proof on infringement of the '474 patent; otherwise denied.

89. Paragraph No. 89 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning Actavis's infringement of the '474 patent with respect to ANDA No. 209368.

90. Paragraph No. 90 contains statements to which no answer is required. To the extent an answer may be required, denied.

91. Denied.

### EIGHTH COUNT
### (Declaratory Judgment of Invalidity of the '474 Patent)

92. Paragraph No. 92 contains statements to which no answer is required.

93. Paragraph No. 93 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning the validity of the claims of the '474 patent.

94. Astellas admits that it is the owner of all right, title, and interest in the '474 patent, Actavis's submission of ANDA No. 209368 to the FDA infringes at least claims 1, 3-4, 6-7, 9-10, and 12 of the '474 patent, and that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe at least claims 1, 3-4, 6-7, 9-10, and 12 of the '474 patent.

95. Upon information and belief, Astellas admits that Actavis asserts that its ANDA Product does not and will not infringe any valid claim of the '474 patent and that the '474 patent is invalid; otherwise denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Paragraph No. 100 contains statements to which no answer is required. To the extent an answer may be required, denied.

101. Denied.

11

## NINTH COUNT
### (Declaratory Judgment of Non-Infringement of the '872 Patent)

102. Paragraph No. 102 contains statements to which no answer is required.

103. Paragraph No. 103 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning Actavis's infringement of the '872 patent with respect to ANDA No. 209368.

104. Astellas admits that it is the owner of all right, title, and interest in the '872 patent, Actavis's submission of ANDA No. 209368 to the FDA infringes at least claims 1, 3-4, 6, 8-9, and 11-14 of the '872 patent, and that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe at least claims 1, 3-4, 6, 8-9, and 11-14 of the '872 patent.

105. Denied.

106. Paragraph No. 106 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that it bears the burden of proof on infringement of the '872 patent; otherwise denied.

107. Paragraph No. 107 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning Actavis's infringement of the '872 patent with respect to ANDA No. 209368.

108. Paragraph No. 108 contains statements to which no answer is required. To the extent an answer may be required, denied.

109. Denied.

## TENTH COUNT
### (Declaratory Judgment of Invalidity of the '872 Patent)

110. Paragraph No. 110 contains statements to which no answer is required.

111. Paragraph No. 111 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Astellas admits that a case or controversy exists concerning the validity of the claims of the '872 patent.

112. Astellas admits that it is the owner of all right, title, and interest in the '872 patent, Actavis's submission of ANDA No. 209368 to the FDA infringes at least claims 1, 3-4, 6, 8-9, and 11-14 of the '872 patent, and that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe at least claims 1, 3-4, 6, 8-9, and 11-14 of the '872 patent.

113. Upon information and belief, Astellas admits that Actavis asserts that its ANDA Product does not and will not infringe any valid claim of the '872 patent and that the '872 patent is invalid; otherwise denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Paragraph No. 118 contains statements to which no answer is required. To the extent an answer may be required, denied.

119. Denied.

### PRAYER FOR RELIEF

Astellas denies that Actavis is entitled to any relief, either as prayed for in the Amended Counterclaims or otherwise.

                                                                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                                                        */s/ Maryellen Noreika*

                                                                        Jack B. Blumenfeld (#1014)
                                                                        Maryellen Noreika (#3208)
                                                                        1201 North Market Street
                                                                        P.O. Box 1347
                                                                        Wilmington, DE 19899
                                                                        (302) 658-9200
                                                                        jblumenfeld@mnat.com
                                                                        mnoreika@mnat.com

                                                                        *Attorneys for Plaintiffs Astellas Pharma Inc.,*
                                                                        *Astellas Ireland Co., Ltd., and Astellas Pharma*
OF COUNSEL:                                               *Global Development, Inc.*

Robert L. Baechtold
John D. Murnane
Simon D. Roberts
Christopher P. Borello
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

February 21, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 21, 2017, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>SHAW KELLER LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE  19801<br>*Attorneys for Defendants Actavis Elizabeth LLC*<br>*and Actavis LLC* | *VIA ELECTRONIC MAIL* |
| George C. Lombardi, Esquire<br>Samantha M. Lerner, Esquire<br>Erin R. Solomon, Esquire<br>Christopher P. Wilson, Esquire<br>Bryce A. Cooper, Esquire<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL  60601<br>*Attorneys for Defendants Actavis Elizabeth LLC*<br>*and Actavis LLC* | *VIA ELECTRONIC MAIL* |

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)