IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS ELIZABETH LLC and ACTAVIS LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 16-905-SLR |
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LTD. and LUPIN PHARMACEUTICALS, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 16-908-SLR |
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ZYDUS PHARMACEUTICALS (USA), INC. and CADILA HEALTHCARE LTD. (d/b/a ZYDUS CADILA), <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 16-924-SLR |

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WINDLAS HEALTHCARE, PVT. LTD. and WINDLAS BIOTECH LTD., <br><br> Defendants. | C.A. No. 16-930-SLR |
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AUROBINDO PHARMA LTD., AUROBINDO PHARMA USA, INC. and AUROLIFE PHARMA LLC, <br><br> Defendants. | C.A. No. 16-942-SLR |
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PRINSTON PHARMACEUTICAL INC., <br><br> Defendant. | C.A. No. 16-943-SLR |

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SANDOZ INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 16-952-SLR |
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SAWAI PHARMACEUTICAL CO., LTD. and SAWAI USA, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 16-954-SLR |
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 16-976-SLR |

## **PATENT CASE SCHEDULING ORDER**

At Wilmington this _____ day of _____, 2017, the parties having satisfied their

obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling

- 3 -

conference; and the court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1. **Consolidation.**

    (a) These actions are consolidated for all purposes relating to United States Patent Nos. 6,346,532, 7,342,117, 7,982,049, 8,835,474, and RE44,872, and all papers shall be filed in Civil Action No. 16-905-SLR.

2. **Fact Discovery.**

    (a) All fact discovery shall be commenced in time to be completed by **July 13, 2018**.

    (b) **Management.** Consistent with this order and the court's order for a scheduling conference, all discovery disputes, and the overall management of discovery, are referred to a Magistrate Judge ("Assigned Magistrate Judge") other than Magistrate Judge Fallon to be assigned by the Chief Magistrate Judge,[1] pursuant to 28 U.S.C. § 636.

    (c) **Initial Disclosures.**[2] Absent agreement among the parties:

    (1) The parties shall exchange the following information by **March 24, 2017**:

    - Rule 26(a) Initial Disclosures
    - Initial Disclosures pursuant to paragraph 3 of the Default Standard for Discovery

---

[1] As Morris James is counsel to Aurobindo, we note a potential conflict with assignment of this matter to Magistrate Judge Fallon.

[2] The court recognizes that the initial disclosure process contemplated herein has already taken place, in large measure, through the contents of the Paragraph IV letter in ANDA cases.

(2) On or before **March 24, 2017**, Plaintiffs shall identify the accused product(s)[3] as well as the asserted patent(s) the accused product(s) allegedly infringe(s). Plaintiffs shall produce the file history for each asserted patent.

(3) On or before **April 24, 2017**, Defendants shall produce to Plaintiffs the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including relevant portions of their ANDAs as filed.

(4) The Assigned Magistrate Judge shall thereafter conduct a status conference to ensure that the initial exchanges have been meaningful.

(5) On or before **June 23, 2017**, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(6) On or before **August 25, 2017**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(d) **Document production.**

(1) Plaintiffs may serve a maximum of 50 requests for production on each "Defendant Group."[4] Defendants, collectively, may serve a maximum of 45 common requests for production on Plaintiffs, and each Defendant Group may serve up to an additional 10 individual requests for production on Plaintiffs.

(2) Discovery of paper and electronic documents shall be completed on or before **February 9, 2018**.

(e) **Depositions.**

---

[3] Including accused methods and systems.

[4] "Defendant Group" shall mean the related defendants named in an individual case.

(1) No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(2) Plaintiffs shall be limited to 5 fact witness depositions per Defendant Group. Defendants, collectively, shall be limited to 5 fact witness depositions in addition to any depositions of the inventors. The parties shall coordinate depositions to facilitate convenience for witnesses. Depositions shall be limited to 7 hours per deposition, except where a witness requires an interpreter, in which case the deposition will be extended by a number of hours not to exceed 5 to 7 hours, unless extended by agreement of the parties or leave of the Court. All depositions conducted pursuant to a notice under Fed. R. Civ. P. 30(b)(6) shall count as a single deposition, regardless of the number of witnesses presented to testify concerning the notice. The number of permitted inventor depositions, the number of hours a deposition will be extended where a witness requires an interpreter, and any other issues related to depositions shall be addressed by the Assigned Magistrate Judge after the completion of document production.

(f) **Written Discovery.**

(1) Plaintiffs may serve a maximum of 25 interrogatories on each Defendant Group. Defendants, collectively, may serve a maximum of 25 common interrogatories on Plaintiffs, and each Defendant Group may serve up to an additional 10 individual interrogatories on Plaintiffs.

(2) Final infringement contentions[5] shall be due on or before **September 18, 2018**.

(3) Final invalidity contentions shall be due on or before **September 18, 2018**.

---

[5] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Plaintiffs may serve a maximum of 50 requests for admission, not including admissions directed towards the authentication of documents, on each Defendant Group. Defendants, collectively, may serve a maximum of 50 common requests for admission, not including admissions directed towards the authentication of documents, on Plaintiffs, and each Defendant Group may serve up to an additional 10 individual requests for admission, not including admissions directed towards the authentication of documents, on Plaintiffs.

(g) **Supplementation.** No later than **September 18, 2018**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

3. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties shall be filed on or before **February 2, 2018**. All motions to amend pleadings shall be filed on or before **June 8, 2018**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the Assigned Magistrate Judge[6] for the purposes of exploring ADR.

5. **Claim Construction.**[7]

(a) The parties shall exchange lists of those claim terms in need of construction (along with their respective proposed constructions) on or before **September 8, 2017**.

---

[6] The court may also refer ADR to a Special Master.

[7] The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

      (b)      The parties shall agree upon and file a Joint Claim Construction Statement on **October 6, 2017**. For any contested claim limitation, each party must submit a proposed construction.[8]

      (c)      Plaintiffs shall serve and file their opening brief on claim construction on or before **November 10, 2017**.

      (d)      Defendants shall serve and file a joint answering claim construction brief on or before **December 15, 2017**.[9]

      (e)      Plaintiffs shall serve and file their reply brief on or before **January 19, 2018**.

      (f)      Defendants shall serve and file a joint surreply brief on or before **February 16, 2018**.

      (g)      The court shall conduct a hearing on claim construction on **March 23, 2018 at 9:00 am**.[10]

---

[8] Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

[9] To clarify, any Defendants that propose the same claim constructions shall collectively serve and file joint claim construction briefs for those claim terms. If any individual Defendant Group(s) seeks construction of a term that other Defendant(s) do not or has a need to assert a construction that is different from the other Defendants, that Defendant Group may file a brief, not to exceed five pages, in addition to the collective joint answering claim construction brief, and Plaintiffs will then have the right to file separate reply briefs to those individual briefs, each additional brief not to exceed five pages.

[10] Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware. The parties have not agreed whether, or to what extent, the seven Defendant Groups that filed Paragraph III certifications with respect to the 6,346,532 patent, and therefore have not been sued for infringing it, will be allowed to participate in claim construction relating to that patent. If the parties are unable to reach agreement on those issues, they will be resolved by the Assigned Magistrate Judge.

(h) The court shall issue its decision on claim construction on or before **June 20, 2018**.

(i) The court shall thereafter conduct a status conference on **July 11, 2018 at 4:30 pm**, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

6. **Expert Discovery.**

(a) All expert discovery shall be commenced in time to be completed by **March 29, 2019**.

(b) Expert reports on issues for which the parties have the burden of proof shall be served on or before **October 5, 2018**. Rebuttal expert reports shall be served on or before **December 7, 2018**. Supplemental reports (on, e.g., objective indicia) shall be served on or before **February 1, 2019**.[11]

(c) Expert depositions are limited to a maximum of 7 hours, absent agreement of the parties or order of the court. The parties shall coordinate depositions to facilitate convenience for witnesses.

(d) The court shall conduct an in-person status conference on **March 13, 2019 at 4:30 pm**, if the parties have any issues regarding expert discovery. No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

---

[11] The parties have not agreed whether, or to what extent, the seven Defendant Groups that filed Paragraph III certifications with respect to the 6,346,532 patent, and therefore have not been sued for infringing it, will be allowed to participate in expert reports relating to that patent. If the parties are unable to reach agreement on those issues, they will be resolved by the Assigned Magistrate Judge.

7.      **Fact Witnesses to be Called at Trial.**  By **April 15, 2019**, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial.  By **April 29, 2019**, each party shall serve a list of each rebuttal fact witness (including any expert witness who is also expected to give fact testimony) disclosed during fact discovery that it intends to call at trial.  It is expected that all such witnesses have been vetted during the fact discovery process.

8.      **Motion Practice.**

(a)     All motions to dismiss, to amend, and to transfer (and any discovery motions permitted by a Magistrate Judge) shall be resolved by the Assigned Magistrate Judge, pursuant to 28 U.S.C. § 636.

(b)     All other motions, including motions to stay and for summary judgment, shall be referred, if at all, on an individualized basis.[12]

(1)     Absent an order of the Court, no summary judgment motions may be filed.

9.      **Communications with the Court.**

(a)     Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk.  The court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)     No telephone calls shall be made to chambers.

(c)     Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing

---

[12] Plaintiffs' do not consent to any dispositive motions, including motions for summary judgement to be referred to any Magistrate Judge or Special Master.

Counsel's Response" forms posted on the court's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

(d) To be considered timely filed, all papers shall be electronically filed on or before 6:00 p.m. Eastern Time.

10. **Motions *in Limine*.** No motions *in limine* shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

11. **Pretrial Conference.** A pretrial conference shall be held on **May 15, 2019 at 3:00 pm**. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

12. **Trial.** This matter is scheduled for an **8-day bench** trial commencing on **June 3, 2019**. The parties agree to meet-and-confer on a suitable trial format no later than **14 days** before the Pretrial Conference, and at least 1 day before the Pretrial Conference the parties will submit a joint proposal to the Court.[13]

13. **Post-Trial Briefing.** The parties agree to meet-and-confer on a post-trial briefing schedule no later than **30 days** before Trial commences.

_____
Senior United States District Judge

---

[13] The parties have not agreed whether, or to what extent, the seven Defendant Groups that filed Paragraph III certifications with respect to the 6,346,532 patent, and therefore have not been sued for infringing it, will be allowed to participate in the portions of the trial relating to that patent. If the parties are unable to reach agreement on those issues, they will be resolved by the Assigned Magistrate Judge.