IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD. and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br>      Plaintiffs, <br><br> v. <br><br> ACTAVIS ELIZABETH LLC and ACTAVIS LLC, *et al.*, <br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 16-905 (JFB) (CJB) <br> CONSOLIDATED |

**STIPULATION AND [PROPOSED] ORDER TO STAY CLAIMS
AND BE BOUND BY RESULT IN LITIGATION**

WHEREAS, on October 6, 2016, Plaintiffs filed a complaint against Actavis Elizabeth LLC, et al., Astellas Pharma Inc., et al. v. Actavis Elizabeth LLC, et al., C.A. No. 16-905-JFB-CJB, alleging infringement of U.S. Patent No. 6,346,532 , U.S. Patent No. 7,342,117, U.S. Patent No. 7,982,049, U.S. Patent No. 8,835,474 and U.S. Patent No. RE44,872 (" the Patents-In-Suit") based on the defendants' submission of ANDA No. 209368 which seeks approval to market a generic version of Plaintiffs' Myrbetriq® products ("the Actavis ANDA Product") prior to the expiration of the Patents-In-Suit  ("the Actavis Litigation");

WHEREAS, Plaintiffs filed suit against other defendants for submitting ANDAs seeking to market generic versions of Plaintiffs' Myrbetriq® products prior to the expiration of the Patents-In-Suit.  Plaintiffs filed suit against a number of defendants, alleging, at least, infringement of U.S. Patent No. 7,342,117, U.S. Patent No. 7,982,049, U.S. Patent No. 8,835,474 and U.S. Patent No. RE44,872 based on the defendants' submission of ANDAs seeking approval

to market generic versions of Plaintiffs' Myrbetriq® products prior to the expiration of one or more of the Patents-In-Suit, collectively, ("the Co-Defendant Cases");

WHEREAS, on October 7, 2016 Plaintiffs filed a complaint against Lupin Ltd., et al., Astellas Pharma Inc., et al v. Lupin Ltd., et al., C.A. No. 16-908-JFB-CJB, alleging infringement of U.S. Patent No. 7,342,117, U.S. Patent No. 7,982,049, U.S. Patent No. 8,835,474 and U.S. Patent No. RE44,872 based on the defendants' submission of ANDA No. 209485 ("the Lupin Action");

WHEREAS, on October 11, 2016 Plaintiffs filed a complaint against Zydus Pharmaceuticals USA, Inc. et al., Astellas Pharma Inc., et al. v. Zydus Pharmaceuticals USA, Inc. et al., C.A. No. 16-924-JFB-CJB, also alleging infringement of U.S. Patent No. 7,342,117, U.S. Patent No. 7,982,049, U.S. Patent No. 8,835,474 and U.S. Patent No. RE44,872 based on the defendants' submission of ANDA No. 209488 ("the Zydus Action");

WHEREAS, on October 13, 2016 Plaintiffs filed a complaint against Auribindo Pharma Ltd., et al., Astellas Pharma Inc., et al. v. Aurobindo Pharma Ltd., et al., C.A. No. 16-00942-JFB-CJB, also alleging infringement of U.S. Patent No. 7,342,117, U.S. Patent No. 7,982,049, U.S. Patent No. 8,835,474 and U.S. Patent No. RE44,872 based on the defendants' submission of ANDA No. 209413 ("the Aurobindo Action");

WHEREAS, on October 13, 2016 Plaintiffs filed a complaint against Prinston Pharmaceuticals Inc., et al., Astellas Pharma Inc., et al. v. Prinston Pharmaceuticals Inc., et al., No. 16-943-JFB-CJB, also alleging infringement of U.S. Patent No. 7,342,117, U.S. Patent No. 7,982,049, U.S. Patent No. 8,835,474 and U.S. Patent No. RE44,872 based on the defendants' submission of ANDA No. 209475 ("the Prinston Action");

WHEREAS, Plaintiffs brought suit against Sandoz Inc. ("Sandoz") on October 14, 2016, C.A. No. 16-952-JFB-CJB. Plaintiffs alleged infringement of U.S. Patent No. 7,342,117, U.S. Patent No. 7,982,049, U.S. Patent No. 8,835,474 and U.S. Patent No. RE44,872 (the "Patents-In-Suit"), based on the Sandoz's submission of Abbreviated New Drug Application ("ANDA") No. 209441 (the "Sandoz Action");

WHEREAS, on October 12, 2016 Plaintiffs filed a complaint against Windlas Healthcare PVT. LTD. ("Windlas"), Astellas Pharma Inc., et al. v. Windlas, C.A. No. 16-930-JFB-CJB, also alleging infringement of U.S. Patent No. 7,342,117, U.S. Patent No. 7,982,049, U.S. Patent No. 8,835,474 and U.S. Patent No. RE44,872 based on the defendants' submission of ANDA No. 209428, ("the Windlas Action"). On July 11, 2017, the Court granted a stipulation to stay claims and be bound by the result in the litigation between Plaintiffs and Windlas. *See* Stipulation and [Proposed] Order to Stay Claims and be Bound by Result in Litigation by Windlas Healthcare Pvt. Ltd., (D.I. 60);

WHEREAS, on October 17, 2016 Plaintiffs filed a complaint against Sawai Pharmaceutical Co., Ltd., et al., Astellas Pharma Inc., et al. v. Sawai Pharmaceutical Co., Ltd. ., et al., C.A. No. 16-954-JFB-CJB, alleging infringement of U.S. Patent No. 6,346,532, U.S. Patent No. 7,342,117, U.S. Patent No. 7,982,049, U.S. Patent No. 8,835,474 and U.S. Patent No. RE44,872 based on the defendants' submission of ANDA No. 209446 ("the Sawai Action");

WHEREAS, on October 21, 2016 Plaintiffs filed a complaint against Apotex Inc., et al., Astellas Pharma Inc., et al. v. Apotex Inc., et al., C.A. No. 16-976-JFB-CJB,alleging infringement of U.S. Patent No. 7,342,117, U.S. Patent No. 7,982,049, U.S. Patent No. 8,835,474 and U.S. Patent No. RE44,872 based on the defendants' submission of ANDA No. 209434 ("the Apotex Action");

WHEREAS, as used herein, "the Action" refers to the consolidated action, C.A. No. 16-905-JFB-CJB, and/or any other civil action in which any of the Patents-In-Suit have been asserted by Plaintiffs;

WHEREAS, Plaintiffs and Actavis have agreed to a procedure to streamline and expedite resolution of disputed issues and to conserve party and judicial resources by agreeing that Plaintiffs and Actavis shall be bound, in accordance with the terms explained in paragraph 2 hereafter, by any judgment of the District Court concerning any or all of the Patents-In-Suit entered in the Action following actual litigation on the merits (*i.e.*, excluding judgment that is entered as a result of settlement, consent judgment, stipulated judgment, sanctions, procedural default, or other judgment or disposition that is not an actual contested decision on the merits of the litigation);

WHEREAS, Plaintiffs and Actavis agree that by making this joint stipulation, neither Plaintiffs nor Actavis shall be deemed to have delayed and/or to have failed to reasonably cooperate in expediting the Action or the Actavis Litigation;

NOW THEREFORE, the parties hereby stipulate and agree as follows, subject to approval by the Court:

1. All claims between Plaintiffs and Actavis and all proceedings and acts involving Actavis in this Action shall be stayed in their entirety pending the conclusion of the Action, with the exception that Actavis will confirm that it has produced all communications to date between Actavis and the U.S. Food & Drug Administration relating to the Actavis ANDA Product.

2. If judgment of the District Court regarding the validity and infringement of the asserted claims of the Patents-In-Suit (which does not include a judgment that is entered as a

result of settlement, consent judgment, stipulated judgment, sanctions, procedural default, or other judgment or disposition that is not an actual contested decision on the merits of the case) as to at least one defendant is entered, then Plaintiffs and Actavis agree as follows:

      a.      Subject to subparagraph 2 d., Plaintiffs and Actavis will be bound by the judgment of the District Court.

      b.      Following the judgment of the District Court, a judgment will be entered in favor of either Plaintiffs or Actavis. That is, if judgment of the District Court is entered in Plaintiffs' favor, then a judgment shall be entered for Plaintiffs and against Actavis with respect to infringement and validity of the asserted claims of the Patents-In-Suit. On the other hand, if judgment of the District Court is entered against Plaintiffs, then a judgment shall be entered for Actavis and against Plaintiffs with the exception that Actavis will not be entitled to a judgement holding the Actavis ANDA Product does not infringe any of the asserted claims of U.S. Patent Nos. 7,342,117 and 7,982,049 based upon a judgment that a product of any other defendant party does not infringe any valid claim of U.S. Patent Nos. 7,342,117 and 7,982,049.

      c.      Notwithstanding the above, any judgment of the District Court entered in the Action concerning the issues of willful infringement and/or exceptional case under 35 U.S.C. § 285, or costs under 28 U.S.C. § 1920, or any other decision or ruling on fees or costs, shall not be entered against Plaintiffs or Actavis as it pertains to the Actavis Litigation. Plaintiffs and Actavis agree to waive any claim for attorneys' fees and/or costs against the other.

      d.      Notwithstanding the above, nothing in this agreement will prevent Plaintiffs or Actavis from appealing or participating in the appeal of any judgment of the District Court that is referenced in subparagraph 2 a. above. Moreover, Plaintiffs and Actavis will be

bound by any Final Judgement[1] that results from such an appeal.  To the extent Actavis imports, sells, offers for sale, or manufactures in the United States the Actavis ANDA Product prior to both the expiration of the Patents-In-Suit and entry of any such Final Judgement, Plaintiffs retain their right to seek relief, including injunctive relief, damages and any other equitable relief, and nothing in this agreement in any way limits the relief that may be sought by Plaintiffs.

3. In the event of any settlement with any defendant of the Action, or any subsequent patent infringement litigation involving the Patents-In-Suit and/or an ANDA for a generic version of Myrbetriq®, whereby any defendant therein, or any affiliate of a defendant therein, receives a license, covenant, or other authorization to market a generic equivalent of Myrbetriq ® in the United States under the Patents-In-Suit, Plaintiffs shall inform Actavis of the effective date of such license, covenant, or other authorization, and will agree to engage in good-faith negotiations for a period of 90 days with Actavis to reach a settlement of its claims with Actavis.  During the aforementioned 90 day period, Plaintiffs agree to negotiate in good faith a settlement of the Actavis Action under terms that are not less favorable than those already granted to any other defendant in the Action, or in a subsequent patent infringement litigation involving only the Patents-In-Suit and an ANDA for a generic version of Myrbetriq ®, including without limitation the most favorable launch date granted to any other defendant in the Action or in a subsequent patent infringement litigation involving only the Patents-In-Suit and an ANDA for a generic version of Myrbetriq ®.

---

[1] Final Judgment shall mean a judgment on the merits on validity and infringement of the asserted claims from which no appeal is taken or in which all proceedings on appeal and remand, if applicable have been finally concluded. With respect to a decision on appeal, it will be considered final when the Federal Circuit Court of Appeals issues its mandate and no further proceedings on remand are required or have been completed, including any further appeal.

4.    If the Action is resolved as to all of the other defendants (except any other defendants who have agreed to stay their case pending resolution of the Action) by settlement or any other type of stipulated, consent or otherwise agreed final judgment or dismissal (such as a dismissal that results from the withdrawal of a defendant's ANDA or conversion to a Paragraph III certification) prior to the entry of a judgment by the District Court, then Plaintiffs and Actavis agree that the stay of the Actavis Litigation shall be lifted upon the request and motion of Plaintiffs or Actavis. If Actavis imports, sells, offers for sale, or manufactures in the United States the Actavis ANDA Product prior to both the expiration of the Patents-In-Suit and entry of a judgment of the District Court, then Plaintiffs and Actavis agree that the stay of the Actavis Litigation shall be lifted upon the request and motion of Plaintiffs. Plaintiffs and Actavis further agree that either Plaintiffs or Actavis may move to lift the stay for good cause shown under any other circumstance which, in the District Court's judgment, taking into account Plaintiffs and Actavis's agreements as stated herein and without relieving Plaintiffs or Actavis of the spirit of the obligations entered into herein, renders enforcement of Plaintiffs and Actavis's agreed stay unjust or inequitable. In the event the stay is lifted pursuant to this paragraph, Plaintiffs and Actavis further agree to meet and confer regarding an appropriate schedule for the remainder of the litigation and Actavis agrees that it will not import, sell, offer for sale, or manufacture in the United States the Actavis ANDA Product prior to the earliest of (1) the expiration of all the Patents-In-Suit including any marketing exclusivities associated with the Patents-In-Suit; (2) the entry of a District Court decision in this Action holding all the asserted claims of the Patents-In-Suit not-infringed and/or invalid, with the exception of the entry of a District Court decision holding the ANDA Product of a defendant in this Action other than Actavis does not infringe any of the asserted claims of U.S. Patent Nos. 7,342,117 and

7,982,049; or (3) the entry of a judgment of the District Court in the Actavis Litigation holding all the asserted claims of the Patents-In-Suit not-infringed and/or invalid or pursuant to any other type of stipulated, consent or otherwise agreed judgment or dismissal in the Actavis Litigation.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
|---|---|
| */s/ Jack B. Blumenfeld* | */s/ Karen E. Keller* |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mnoreika@mnat.com<br><br>*Attorneys for Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc.*<br><br>OF COUNSEL:<br><br>Robert L. Baechtold<br>John D. Murnane<br>Simon D. Roberts<br>Christopher P. Borello<br>FITZPATRICK, CELLA, HARPER & SCINTO<br>1290 Avenue of the Americas<br>New York, NY 10104-3800<br>(212) 218-2100 | John W. Shaw (#3362)<br>Karen E. Keller (#4489)<br>Andrew E. Russell (#5382)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br><br>*Attorneys for Defendant Actavis Elizabeth LLC*<br><br>OF COUNSEL:<br><br>George C. Lombardi<br>Samantha M. Lerner<br>Bryce A. Cooper<br>Christopher P. Wilson<br>Erin R. Solomon<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601<br>(312) 558-5600 |

SO ORDERED this _____ day of January 2018.

_____
J.