# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-905-JFB-CJB |
| | ) | Consolidated |
| ACTAVIS ELIZABETH LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM ORDER

At Wilmington, Delaware this **27th day of February, 2018**.

1. On February 13, 2018, Defendants in these consolidated actions filed a Motion for Teleconference to Resolve Discovery Dispute ("Motion"), regarding Plaintiffs' objection to Defendants' Notice of Deposition of Dr. Allen Myerson. (D.I. 128) Plaintiffs had previously submitted a declaration from Dr. Myerson along with their opening claim construction brief. (D.I. 77; D.I. 78) In his declaration, Dr. Myerson, *inter alia*, addresses issues of claim construction and indefiniteness. (D.I. 78) Defendants now seek to depose Dr. Myerson before they are required to submit their joint sur-reply claim construction brief. (D.I. 134 at 4) A *Markman* hearing is scheduled for March 23, 2018.

2. The Court agrees with Plaintiffs that Defendants should have raised their request to depose Dr. Myerson earlier in the case. (D.I. 136 at 1) Dr. Myerson's declaration was submitted on November 13, 2017. (*Id.*) Had Defendants started discussing a deposition request then, the parties might have resolved this issue without Court involvement.

3. With that said, the Court finds that Defendants should get to depose Dr. Myerson prior to submitting their sur-reply claim construction brief. After all, it is Plaintiffs who pressed

to have the issue of definiteness addressed at the *Markman* stage (as opposed to later in the proceeding). (D.I. 134 at 1 & ex. 1) And Plaintiffs then submitted an 87-paragraph declaration from Dr. Myerson in support of their argument that the asserted claims at issue are not indefinite. (D.I. 78) With definiteness being an issue that is so closely bound up with the perspective of a person of ordinary skill in the art, it seems both prudent and fair to allow Defendants to make a complete record on this issue, before the issue is submitted to the Court for resolution. *Cf. Mycone Dental Supply Co., Inc. v. Creative Nail Design, Inc.*, Civil Action No. 11-4380 (JBS/KMW), 2014 WL 3362364, at *3-4 (D.N.J. July 9, 2014); *Eon Corp IP Holdings LLC v. Aruba Networks Inc.*, 62 F. Supp. 3d 942, 947 n.1 (N.D. Cal. 2014); *see also Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014) (noting that "a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention").

4. Finally, the Court agrees with Plaintiffs that, prior to the *Markman* hearing, they should get to respond in some way (if they choose) to what Defendants have to say about Dr. Myerson's deposition. (D.I. 136 at 3) If Defendants had requested Dr. Myerson's deposition back in November, that deposition likely would have been completed in time for Plaintiffs to respond to it in writing (e.g., by way of their reply claim construction brief). That did not happen here, and so Plaintiffs should get this opportunity now.

5. The Motion is thus GRANTED as follows: (1) By no later than March 9, 2018, Plaintiffs shall present Dr. Myerson for deposition. The deposition will be limited in scope to

addressing the contents of Dr. Myerson's declaration (and any exhibits relied upon therein)[1] and shall last no more than four hours.; (2) Defendants may file their sur-reply claim construction brief by no later than March 13, 2018.; and (3) Plaintiffs may file a sur-sur-reply brief, limited solely to addressing material regarding Dr. Myerson's deposition that is raised in Defendants' sur-reply brief, by no later than March 21, 2018.

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that Defendants wish to show Dr. Myerson other documents in an attempt to impeach him regarding the content of his declaration, they may do so and need not provide those documents to Plaintiffs' counsel in advance.