# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ASTELLAS PHARMA INC., ASTELLAS          )
IRELAND CO., LTD. and ASTELLAS          )
PHARMA GLOBAL DEVELOPMENT,              )
INC.,                                   )
                                        )
        *Plaintiffs*,                   )
                                        )   C.A. No. 1:16-905 (JFB) (CJB)
        v.                              )   (CONSOLIDATED)
                                        )
ACTAVIS ELIZABETH LLC, *et al.*,        )   ██████████████████
                                        )
        *Defendants*.                   )   Public Version Filed 4/23/18
                                        )
                                        )
                                        )
_____       )

## SAWAI DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Dominick T. Gattuso                     Brian J. Sodikoff
**HEYMAN ENERIO**                       Martin S. Masar III
**GATTUSO & HIRZEL LLP**                Matthew M. Holub
300 Delaware Avenue, Suite 200          **KATTEN MUCHIN**
Wilmington, DE 19801                    **ROSENMAN LLP**
(302) 472-7300                          525 West Monroe Street
dgattuso@heghlaw.com                    Chicago, IL 60661-3693
                                        (312) 902-5200


                                        Christopher B. Ferenc
                                        **KATTEN MUCHIN**
                                        **ROSENMAN LLP**
                                        2900 K Street NW
                                        North Tower - Suite 200
                                        Washington, DC 20007-5188
                                        (202) 625-3500


*Attorneys for Defendants Sawai Pharmaceutical Co., Ltd. and Sawai USA, Inc.*

## **TABLE OF CONTENTS**

I.    There is no need to add Strides as a party............................................................... 1

II.   Plaintiffs' motion is futile because there is no adequate basis to add Strides as a party. ....... 2

    A.    Declaratory judgment jurisdiction does not exist over Strides because all of its actions to date are (1) outside the territorial scope of the patents-at-issue and, more critically, (2) protected by the safe harbor................................................................................................ 3

    B.    There is no basis for a declaratory judgment as to speculative future infringement........ 6

    C.    Plaintiffs' Counts Against Strides Fail to State a Claim for Contributory or Induced Infringement.................................................................................................................. 9

        1.    Counts II, V, and VIII Fail to State a Claim for Contributory Infringement............. 10

        2.    Counts III, VI, and IX Fail to State a Claim for Induced Infringement. ................. 10

        3.    Plaintiffs' Inducement and Contributory Infringement Claims Fail Because They Have Not Plausibly Alleged Strides' Knowledge of Infringement By Sawai. ..................... 11

III.   Plaintiffs' Unexplained Delay is Likely to Prejudice Sawai. ........................................... 13

IV.   Conclusion ....................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Gould Inc.*,
 739 F.2d 858 (3d Cir.1984)...................................................................................13, 16

*AstraZeneca AB v. Mylan Labs., Inc.*,
 265 F. Supp. 2d 213 (S.D.N.Y. 2003)..............................................................................4

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
 495 F.3d 1340 (Fed. Cir. 2007)........................................................................................6

*Bonutti Skeletal Innovations, LLC v. Globus Med. Inc.*,
 No. 14-cv-6650, 2015 WL 3755223 (E.D. Pa. June 15, 2015).....................................9, 11, 12

*Cat Tech LLC v. TubeMaster, Inc.*,
 528 F.3d 871 (Fed. Cir. 2008)......................................................................................7, 9

*Cephalon, Inc. v. Watson Pharms., Inc.*,
 629 F. Supp. 2d 338 (D. Del. 2009).................................................................................8

*Clarus Therapeutics*,
 Case No. 15-cv-1004-RGA-MPT, 2016 WL 5868065 (D. Del. Oct. 6, 2016)..............5, 6, 7, 8

*Commil USA, LLC v. Cisco Systems, Inc.*,
 135 S. Ct. 1920 (2015)..............................................................................................9, 10, 12

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
 252 F.3d 267 (3d Cir. 2001).......................................................................................13, 16

*DSU Med. Corp. v. JMS Co., Ltd.*,
 471 F.3d 1293 (Fed. Cir. 2006)......................................................................................11

*Eisai Co. v. Mut. Pharm. Co.*,
 No. 06-cv-3613, 2007 WL 4556958 (D.N.J. Dec. 20, 2007)..............................................5

*Fieni v. Townsend*,
 221 F. Supp. 3d 528 (D. Del. 2016).................................................................................12

*Global–Tech Appliances, Inc. v. SEB S.A.*,
 131 S. Ct. 2060 (2011)..............................................................................................9, 12

*Hoffmann–La Roche Inc. v. Apotex Inc.*,
 No. 07-1417, 2010 WL 3522786 (D.N.J. Sept. 2, 2010).....................................................11

ii

*In re Bill of Lading Transmission and Processing System Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012)......................................................................................9, 10

*In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*,
  693 F. Supp. 2d 409 (D. Del. 2010)......................................................................................8

*In re Rosuvastatin Calcium Patent Litigation*,
  No. 07-cv-805-JJF-LPS, *et al.*, 2008 WL 5046424 (D. Del. Nov. 24, 2008)..........................7

*Intermedics, Inc. v. Ventritex Co.*,
  1993 WL 87405 (Fed. Cir. 1993)..........................................................................................5

*IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*,
  No. 16-cv-134-GMS, 2017 WL 1312942 (D. Del. Apr. 5, 2017) ..........................................11

*Lang v. Pac. Marine & Supply Co.*,
  895 F.2d 761 (Fed. Cir. 1990)..............................................................................................7

*Leo Pharma A/S v. Tolmar Inc.*,
  Case No. 10-cv-269-SLR, 2011 BL 277900 (D. Del. Oct. 28, 2011)..................................4, 5

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*,
  312 U.S. 270 (1941)............................................................................................................6

*Medlmmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007)............................................................................................................6

*MGM Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005)..........................................................................................................11

*Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc.*,
  267 F. Supp. 2d 545 (N. D. W. Va. 2003) ............................................................................4

*Otsuka Pharm Co. v. Sandoz Inc.*,
  Case No. 3-07-cv-01000 (MLC), Dkt. 491 (D.N.J. Oct. 9, 2015) ..........................................14

*Otsuka Pharm. Co. v. Torrent Pharm. Ltd., Inc.*,
  99 F. Supp. 3d 461 (D.N.J. 2015) ......................................................................................11

*Shire LLC v. Amneal Pharms., LLC*,
  802 F.3d 1301 (Fed. Cir. 2015)............................................................................................3

*Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc.*,
  363 F.3d 1361 (Fed. Cir. 2004)............................................................................................7

*Superior Indus., LLC v. Thor Glob. Enterprises Ltd.*,
  700 F.3d 1287 (Fed. Cir. 2012)..........................................................................................12

*United Therapeutics Corp. v. Sandoz, Inc.*,
   Case No. 12-cv-1617, Dkt. No. 88 (D.N.J. March 31, 2014) ............................................4, 5, 8

*Valeant Int'l Bermuda v. Spear Pharms., Inc.*,
   No. 2:12-cv-43, 2012 WL 4513046 (M. D. Fla. Sept. 30, 2012) ...............................................8

*Ziemba v. Incipio Techs., Inc.*,
   No. 13-cv-5590, 2014 WL 7051782 (D.N.J. Dec. 12, 2014) .............................................11, 12

**Statutes**

35 U.S.C. § 271(b) ...............................................................................................................3, 9

35 U.S.C. § 271(c) ............................................................................................................3, 9, 10

35 U.S.C. § 271(e)(1) .......................................................................................................2, 3, 4

The proper parties are already in this case.  Sawai Pharmaceutical Co., Ltd. is the ANDA holder and Sawai USA, Inc. (collectively "Sawai") is its designated agent.  There is no need to add the non-affiliated Strides Shasun, Ltd. ("Strides") because this is an ANDA case where the ANDA controls and Sawai has already produced documents from its files originating from Strides.  There is also no basis to add Strides because any past Strides activity is covered by the Hatch-Waxman safe harbor provisions, and the pled allegations do not support a declaratory judgment claim for potential future indirect (contributory or induced) infringement.  Thus, Plaintiffs' motion should be denied because their amendments are futile.

Adding Strides as a party to this litigation at this phase could only prejudice Sawai and the other defendants through potential impact to the schedule.  Plaintiffs knew they might seek discovery from Strides for nearly a year, yet failed to initiate the proper third-party discovery mechanisms to do so.  Instead, Plaintiffs waited to *add Strides as a party* in apparent attempt replace the third-party discovery mechanisms.[1]  It would be prejudicial to try to add Strides at this time, and so Plaintiffs' motion should be denied.  In the alternative, if the Court is inclined to grant Plaintiffs' request, Sawai respectfully requests such grant maintains the current schedule.

## I.    There is no need to add Strides as a party.

This dispute really stems from Plaintiffs' desire to seek unspecified discovery from Strides.[2]  Plaintiffs have not shown any specific discovery is necessary.[3]  This is a Hatch-Waxman litigation, which means *Sawai's* ANDA controls the infringement inquiry.  Sawai's ANDA defines

---

[1] As detailed below, Sawai has repeatedly compromised and agreed to extensions to the deadline to add new parties at Plaintiffs' requests, conditioned specifically on the basis that they would not affect the overall scheduling order.

[2] *See, e.g.*, Dkt. 161, Plaintiffs' Br. at 3 (stating Strides should be added because ███████████ ████████ "as to which discovery is needed in this action"); *id.* at 4 (again referring to attempts to "get discovery" including a 30(b)(6) witness).

[3] Plaintiffs misstate Sawai's positions on discovery, which we clarify *infra* in Section III.

a mirabegron product that is critically different from Plaintiffs' product.  Sawai uses ████

████████████████████████████████████████████████████████████████

████████   Sawai's product thus will not infringe the two "polymorph" patents (the '117 and

'049) being asserted by Plaintiffs against Sawai.

Further, even if some future discovery was warranted, there is no need to add Strides as a

*party*.  As detailed below, Plaintiffs did not fully describe the history of discovery in this action or

Sawai's positions regarding such discovery.  But more importantly, they do not show why any

additional discovery was not or could not be handled via normal third party discovery and do not

establish a need to name Strides as a party.

**II.    Plaintiffs' motion is futile because there is no adequate basis to add Strides as a party.**

Plaintiffs have failed to plead an adequate basis to add Strides as a party for at least three

reasons.  *First*, to date, the only potential act of patent infringement was the filing of Sawai's

ANDA by Sawai.  Strides did not commit that act.  What Strides ████████████████████

████████████████████████████████████████████████████████████████

████████   Such activity is explicitly protected by the "safe harbor" provisions of the Hatch-

Waxman Act.  *See* 35 U.S.C. §271(e)(1).

*Second*, Plaintiffs stretch to seek declaratory jurisdiction over *potential* future indirect

acts of infringement.  These potential future acts are too tenuous and speculative to establish

declaratory judgment jurisdiction now.  They also fail on their merits because Strides is an

independent third party supplier in India, which even in an assumed future commits no acts in the

United States.

2

*Third*, even if declaratory judgment jurisdiction here is assumed, Plaintiffs' amended complaint fails to meet the *Twombly/Iqbal* standards for patent infringement under 35 U.S.C. §§ 271(b) or (c).

### A.   Declaratory judgment jurisdiction does not exist over Strides because all of its actions to date are (1) outside the territorial scope of the patents-at-issue and, more critically, (2) protected by the safe harbor.

Plaintiffs make few factually supported allegations in their amended complaint. A good number of those minimal allegations are related to Strides' conduct related to the development of Sawai's ANDA product and information related to the ANDA being submitted to the FDA.[4] But those allegations are insufficient to state a claim for patent infringement.

*First*, it is Sawai's ANDA. Strides is an independent Indian company that has committed no acts related to the mirabegron product in the United States.

*Second*, the Hatch-Waxman safe harbor protects all of Strides' actions to date from any claim of patent infringement. The Federal Circuit recently clarified that a third party supplier, like Strides, cannot be liable for inducing infringement by providing material for use by an ANDA defendant (like Sawai) in obtaining FDA approval because they are protected by the safe harbor provision of Hatch-Waxman (35 U.S.C. § 271(e)(1)). *See Shire LLC v. Amneal Pharms., LLC*, 802 F.3d 1301, 1309-10 (Fed. Cir. 2015) (clarifying a third party supplier cannot be liable because of the safe-harbor provision). Under *Shire*, Plaintiffs' allegations based on any acts by Strides'

---

[4] *See, e.g.*, Dkt. 161-1 at ¶¶ 22 ("the infringing acts of Sawai complained of herein have been done … by and with the cooperation, participation, and assistance of, and at least in part for the benefit of Strides.");

prior to FDA approval of Sawai's ANDA cannot be used to form the basis of an indirect infringement claim against Strides.

Recognizing this principle, a number of courts have denied brand drug plaintiffs' motions to amend to add third-party suppliers under similar factual circumstances. *See, e.g., AstraZeneca AB v. Mylan Labs., Inc.*, 265 F. Supp. 2d 213, 217-18 (S.D.N.Y. 2003) (finding amendment futile because, *inter alia*, "an action for inducement for aiding and abetting the filing of an ANDA is unavailable" and would be contrary "to the policies underlying the Hatch-Waxman Act."); *Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc.*, 267 F. Supp. 2d 545, (N. D. W. Va. 2003) (finding amendment futile); *Leo Pharma A/S v. Tolmar Inc.*, Case No. 10-cv-269-SLR, 2011 BL 277900, at 3 (D. Del. Oct. 28, 2011) (denying motion to amend to add supplier to the extent it was based on past activities related to the filing of the ANDAs because "it is apparent that an API manufacturer like Teva cannot be held liable for 'inducing' the submission of the ANDAs"); *cf. United Therapeutics Corp. v. Sandoz, Inc.*, Case No. 12-cv-1617, Dkt. No. 88 at 8-9 (D.N.J. March 31, 2014) (granting motion to dismiss, in part, because "[i]t is not an act of infringement to manufacture, use, or sell a patented invention 'solely for uses reasonably related to the development and submission of [an ANDA].") (citations omitted) (attached hereto as Exhibit G).

*Third*, Plaintiffs cannot do an end-run around Strides' safe harbor protection by pressing claims of contribution or inducement of potential future infringement. That is because acts protected from direct infringement charges cannot be used as the basis of future potential infringement. Accordingly, Courts have struck allegations that are not separate and distinct from the safe-harbor activities. *See Leo Pharma* at 3, n.1 (striking paragraphs regarding future sale of the ANDA products that were not separate and distinct from the fact that Teva engaged in a

cooperative venture with Tolmar to submit the ANDA).[5]   An example of an allegation that should be struck is paragraph 22, "the infringing acts of Sawai complained of herein have been done and will be done by and with the cooperation, participation, and assistance of, and at least in part for the benefit of Strides."  Dkt. 161-1 at ¶ 22.

Courts have also applied the Hatch-Waxman safe harbor provision to dismiss declaratory judgment claims of indirect infringement like those asserted by Plaintiffs here. *See United Therapeutics Corp.*, Dkt. 88 at 11 (granting motion to dismiss declaratory judgment claims based on allegations of indirect infringement against a third-party manufacturer); *see also Clarus Therapeutics*, Case No. 15-cv-1004-RGA-MPT, 2016 WL 5868065 at *4 (D. Del. Oct. 6, 2016) ("To allow a declaratory judgment action to proceed in a case such as this one where Defendant is not currently infringing, has not engaged in any product marketing, and has not solicited orders, would be to allow Plaintiff to circumvent the Safe Harbor Provision."); *Eisai Co. v. Mut. Pharm. Co.*, No. 06-cv-3613, 2007 WL 4556958, *18 (D.N.J. Dec. 20, 2007) ("[a]ctivities protected by the safe harbor provision cannot serve as the basis for a declaratory judgment of actual future infringement.").  As Judge Andrews held "'[t]o permit [Defendant] to be protected from direct suit for infringement and <u>yet allow the same activities to be subject to suit in a declaratory judgment action would be nonsensical.</u>'" *Clarus Therapeutics* at *4 (quoting *Intermedics, Inc. v. Ventritex Co.*, 1993 WL 87405 at *4 (Fed. Cir. 1993)) (emphasis added).

---

[5] Judge Robinson also noted that "except to pursue discovery more easily, [she was] not sure why it makes sense to join the API manufacturers or similarly situated third parties at this juncture since, if the ANDA products are deemed to infringe the patents-in-suit, no third party may make, use, sell, or offer to sell such products without similarly infringing the patents-in-suit."  *Id.* at 4, n.3.  As detailed below, to the extent Plaintiffs thought it necessary, they should have sought third-party discovery against Strides months ago.

Because Plaintiffs' allegations regarding Strides' supposed inducement of or contribution to Sawai's future sale of the ANDA products are not separate and distinct from their underlying allegations that Strides' past activities related to Sawai's ANDA filing that is protected by Hatch-Waxman's safe harbor provision, Plaintiffs' motion to amend should be denied because it is futile.

**B.      There is no basis for a declaratory judgment as to speculative future infringement.**

The only claims Plaintiffs assert against Strides are being brought under the Declaratory Judgment Act. *See* Dkt. 161-1, Proposed Am. Cmplt. at Counts II, III, V, VI, VIII, and IX. "For a court properly to exercise declaratory judgment jurisdiction, there must exist 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Clarus Therapeutics*, 2016 WL 5868065, at *2 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "Determining whether immediacy and reality are present is fact specific and must be determined on a case-by-case basis by considering the totality of the circumstances." *Id.* (citing *Medlmmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Id.* (citing *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007)).

Especially after excluding Strides' past acts protected by the safe harbor provision, there is no declaratory judgment jurisdiction over Strides for at least two reasons: any potential controversy between Plaintiffs and Strides specifically is neither (1) sufficiently immediate nor (2) sufficiently "real" to provide declaratory judgment jurisdiction under *MedImmune*.

6

In order to meet the "immediacy" prong, "there must be a showing of 'meaningful preparation' for making or using that product." *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 881 (Fed. Cir. 2008) (quotation omitted). "Timing is important for a showing of immediacy. The longer the time between when suit is initiated and when potential infringement may occur, 'the more likely the case lacks the requisite immediacy.'" *Clarus Therapeutics*, 2016 WL 5868065 at *3 (quoting *Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1379 (Fed. Cir. 2004)). For example, immediacy was not found where an accused infringer's product "would not be finished until at least 9 months after the complaint was filed" and the accused infringer had not engaged in any marketing activities. *Lang v. Pac. Marine & Supply Co.*, 895 F.2d 761, 764 (Fed. Cir. 1990).

Courts in this district have found no declaratory judgment jurisdiction where, as here, FDA approval of the ANDA is substantially in the future. For example, in *Clarus*, Judge Andrews reversed Magistrate Judge Thynge's recommendation that jurisdiction existed because the defendant had engaged in "meaningful preparation for the making, launch, and use of the accused product" including "market research, hiring of new sales and marketing personnel, saving for manufacture of commercial quantities of its product, manufacture of launch supplies, and anticipation of the manufacturing agreements" because "[n]one of these activities constitute infringement." 2016 WL 5868065 at *3. Judge Andrews further held that "on the facts alleged, there is no potential for actionable infringement until after Defendant both achieves FDA approval and enters the market," even though the plaintiff speculatively alleged that the defendant expected FDA approval within seven months or so. *Id.; see also In re Rosuvastatin Calcium Patent Litigation*, No. 07-cv-805-JJF-LPS, *et al.*, 2008 WL 5046424, *12 (D. Del. Nov. 24, 2008) (then-M.J. Stark finding no "sufficient immediacy" where "FDA approval cannot come until the earlier

7

of the expiration of the [automatic 30 month] stay or the conclusion of this litigation" which was around a year and a half away).[6],[7]

Here, Plaintiffs have not even alleged that Strides or Sawai expects FDA approval, let alone that there would be a commercial launch any time soon.  Nor could they as Plaintiffs are entitled to FDA data exclusivity until December 2019, around twenty months from now.  At this point, FDA approval is not guaranteed; as in *Clarus*, "when, and even whether, the FDA will approve [Sawai's ANDA] is still speculative."  *Id.* at *3.  Thus, immediacy is lacking as there is no indication that either FDA approval or Sawai's entry into the market is imminent.  Because the declaratory judgment complaint is based on speculative future events that lack immediacy, the Court does not have jurisdiction to hear this case.

As to the "reality" requirement, the Federal Circuit has stated:

> In the context of patent litigation, the reality requirement is often related to the extent to which the technology in question is "substantially fixed" as opposed to "fluid and indeterminate" at the time declaratory relief is sought.  Accordingly,

---

[6] Other district courts have come to similar conclusions as Judges Andrews and Stark.  *See Valeant Int'l Bermuda v. Spear Pharms., Inc.*, No. 2:12-cv-43, 2012 WL 4513046, *5 (M. D. Fla. Sept. 30, 2012) ("The FDA may not approve the ANDA until the resolution of this action or June 12, 2014 (30 months from the date the notice was received), and there are no specifically alleged facts which would allow a court to plausibly infer 'meaningful preparation' in order to satisfy the immediacy prong.");  *United Therapeutics Corp.*, Dkt. 88 at 10 (dismissing declaratory judgment counts against third-party supplier for lack of immediacy because "whether XYZ Corp. actually manufactures the generic REMODULIN® is speculative because the FDA has not approved the ANDA product; and secondly, the Court may rule in [the brand company] UTC's favor in this case.").

[7] Judge Robinson has previously held that a defendants' filing of an ANDA and declaration of "intent to manufacture, market, and sell potentially infringing products in the event that the FDA approves the ANDA" is sufficient to make the controversy real and immediate.  *See Cephalon, Inc. v. Watson Pharms., Inc.*, 629 F. Supp. 2d 338, 350–51 (D. Del. 2009); *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 693 F. Supp. 2d 409, 418–19 (D. Del. 2010).  Here, Plaintiffs make no allegations of either Strides' or Sawai's intent to bring the ANDA product to market or the likelihood of FDA approval, instead relying entirely on the fact that Sawai filed an ANDA.

> "[t]he greater the variability of the subject of a declaratory-judgment suit, particularly as to its potentially infringing features, the greater the chance that the court's judgment will be purely advisory, detached from the eventual, actual content of that subject-in short, detached from eventual reality."

*Cat Tech,* 528 F.3d at 882 (citations omitted).  Here, Sawai ████████████████████████

████████████████████

Thus, Plaintiffs' motion is futile because they have failed to state a single claim against Strides that has sufficient immediacy and/or reality to impart declaratory judgment jurisdiction at this time.  This is yet another reason why Plaintiffs' motion should be denied.

### C.     Plaintiffs' Counts Against Strides Fail to State a Claim for Contributory or Induced Infringement.

None of Plaintiffs' six declaratory judgment claims against Strides allege that Strides will directly infringe any of the Asserted Patents.  Rather, Plaintiffs' theories against Strides are based on each of the two types of indirect infringement – inducement[8] and contributory[9] infringement.

---

[8] For inducement, "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b).  "[T]o state a claim for induced infringement, a plaintiff must show that:  (1) with knowledge of or willful blindness to the existence of the patent-in-suit; (2) the defendant engaged in affirmative acts to induce (*e.g.*, by persuading, leading, or influencing) a third party to perform acts that; (3) the defendant knew constituted infringement of the patent-in-suit (or was willfully blind to that fact); (4) with the specific intent to cause such infringement; and which (5) resulted in the third party directly infringing the patent-at-issue." *Bonutti Skeletal Innovations, LLC v. Globus Med. Inc.*, No. 14-cv-6650, 2015 WL 3755223, *5 (E.D. Pa. June 15, 2015) (citing *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1928 (2015); *Global–Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2065–68 (2011)).

[9] As for contributory infringement, "[w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c). As with induced infringement, "[i]t is axiomatic that [t]here can be no ... contributory infringement without an underlying act of direct infringement."  *In re Bill of Lading Transmission and Processing System Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) (citation and internal

Even if declaratory judgment jurisdiction existed (it does not), Plaintiffs' motion to amend is still futile because they fail to state a claim of either form of indirect infringement, even if all allegations are taken as true.

      **1.     Counts II, V, and VIII Fail to State a Claim for Contributory Infringement.**

Plaintiffs' allegations on contributory infringement are futile because they fail to allege that Strides committed any of the three acts that may constitute contributory infringement.  Under 35 U.S.C. 271(c), "[w]hoever [1] *offers to sell or* [2] *sells within the United States* or [3] *imports into the United States* a component of a patented … composition … constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."  However, Plaintiffs do not allege that Strides does any of these three proscribed acts.  Rather, each of Counts II, V, and VIII state "If ANDA No. 209446 is approved by the FDA, Strides *will manufacture* the API and the ANDA Product, and will, without authority, *induce or cause others to import* the ANDA Product into the United States."  *See* Dkt. 161-1 at ¶¶ 65, 87, 109.  Thus, Plaintiffs' contributory infringement counts fail on their face and, thus, their motion to add them to the complaint is futile.

      **2.     Counts III, VI, and IX Fail to State a Claim for Induced Infringement.**

Plaintiffs' inducement counts are futile because there are no factually supported allegations that Strides "specifically intended for the induced acts to infringe the patent[s]." *Ziemba v. Incipio*

---

quotation marks omitted).  Also "like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926.  Finally, to state a claim for contributory infringement, a plaintiff must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Bill of Lading*, 681 F.3d at 1337.

*Techs., Inc.*, No. 13-cv-5590, 2014 WL 7051782, at *5 (D.N.J. Dec. 12, 2014) (citing *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006); *Hoffmann–La Roche Inc. v. Apotex Inc.*, No. 07-1417, 2010 WL 3522786, at *2 (D.N.J. Sept. 2, 2010)).

Instead, Plaintiffs simply repeat the statutory requirement with no facts at all, despite having Sawai's documents related to Strides. *See* Dkt. 161-1 at ¶¶ 78, 100, 122 ("On information and belief, Strides specifically intends to induce infringement of the '532 [or '117 or '049] patent."). Plaintiffs' generalized and non-specific statements are not sufficient to allege intent. "Rather, the patentee must produce evidence of *active steps* 'taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use.'" *Otsuka Pharm. Co. v. Torrent Pharm. Ltd., Inc.*, 99 F. Supp. 3d 461, 484 (D.N.J. 2015) (quoting *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (citation omitted)). No such intent can be inferred from Plaintiffs' conclusory allegations. As such, Plaintiffs' claims of future induced infringement are futile.

### 3. Plaintiffs' Inducement and Contributory Infringement Claims Fail Because They Have Not Plausibly Alleged Strides' Knowledge of Infringement By Sawai.

Plaintiffs' inducement and contributory infringement claims are both futile for another independent reason. Under either infringement theory, Plaintiffs must plausibly allege "that the defendant had knowledge not only of the existence of the patent-in-suit, but also, that the acts it induced [or contributed to] would infringe that patent." *IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*, No. 16-cv-134-GMS, 2017 WL 1312942, *4 (D. Del. Apr. 5, 2017); *Bonutti Skeletal*, 2015 WL 3755223 at *7, *10.

However, Plaintiffs allege no facts that plausibly support their conclusory allegations that Strides had or currently has knowledge that Sawai's ANDA Product and the use thereof would

11

directly infringe any of the three patents asserted against Strides.  *See generally* Dkt. 161-1.

Rather, Plaintiffs' allegations contain only conclusory statements that Strides supposedly knew

that Sawai's ANDA product would infringe the asserted claims.  *See, e.g.*, Dkt. 161-1 at ¶ 76 ("On

information and belief, Strides has had and continues to have knowledge that the ANDA Product

and the use thereof would directly infringe the '532 patent."); ¶ 98 (same for '117 patent); ¶ 120

(same for '049 patent).  These conclusory allegations do not meet the *Twombly/Iqbal* plausibility

standard.  *See, e.g.*, *Ziemba v. Incipio Techs., Inc.*, No. 13-cv-5590, 2014 WL 7051782, *5 (D.N.J.

Dec. 12, 2014) ("Plaintiff fails to plead sufficient facts to state a viable claim for induced

infringement as to either Defendant because it relies on threadbare recitals of the elements of the

cause of action.").  This is especially true here because "on information and belief" allegations are

permissible where factual information is exclusively in the hands of the defendants, but here

Plaintiffs already have discovery from Sawai on Strides' involvement.  *See Fieni v. Townsend*,

221 F. Supp. 3d 528, 533 (D. Del. 2016) (recognizing Third Circuit precedent that allows pleadings

"on information and belief" only where the requisite factual information is peculiarly within the

defendant's knowledge or control, plaintiffs do not use "boilerplate and conclusory allegations,"

and plaintiffs "accompany their legal theory with factual allegations").

Plaintiffs "must allege facts from which the Court could reasonably infer that [the

defendant] *actually knew* that it was inducing acts that would constitute direct infringement of the

Asserted Patents or was willfully blind to that fact."  *Bonutti Skeletal*, 2015 WL 3755223 at *6

(inducement, citing *Commil*, 135 S. Ct. at 1928 and *Global–Tech Appliances*, 131 S. Ct. at 2065–

68); *id.* at *10 (contributory infringement, citing, *inter alia*, *Commil*, 135 S. Ct. at 1926).  Because

Plaintiffs do "not allege any facts to support a reasonable inference that [Strides] … knew it had

induced [or contributed to] acts that constitute infringement," *Superior Indus., LLC v. Thor Glob.*

12

*Enterprises Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012), its claims of inducement and contributory infringement are insufficiently plead and therefore futile.

### III.     Plaintiffs' Unexplained Delay is Likely to Prejudice Sawai.

Beyond futility, Plaintiffs' motion should be denied because Plaintiffs have delayed adding Strides as a party or timely seeking whatever discovery they now claim they need and this delay will likely prejudice Sawai (and the other defendants in this consolidated case).

"[A]t some point, ... delay will become 'undue,' placing an unwarranted burden on the court ... [and] an unfair burden on the opposing party." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984); *see also Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied. *Id.*; *see also Cureton*, 252 F.3d at 273 ("[T]he question of undue delay requires that we focus on the movant's reasons for not amending sooner."). As detailed below, Plaintiffs have no adequate explanation for failing to add Strides as a party (or seek third party discovery from them) before this motion, filed barely three months before fact discovery is set to close in all of the consolidated cases.

Before this case began, in October 2016, Sawai offered its ANDA to Plaintiffs.  The ANDA disclosed Strides' ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  In July 2017, a full nine months ago, Sawai explained that Plaintiffs should seek third-party discovery from Strides if they wanted information that Sawai cannot provide.  Thus, Plaintiffs are responsible for any lack of discovery from Strides.  Because Plaintiffs misconstrue Sawai's positions on Strides-related discovery, we recount some of that history here.

- September 2016.  Sawai made an offer of confidential access ("OCA") of its mirabegron ANDA, which identified and outlined Strides' ▬▬▬▬▬▬▬▬▬ along with its Paragraph IV notice letter.  Plaintiffs did not even respond, instead electing to bring suit in October 2016.

13

- April 20, 2017.  Sawai produced its ANDA to Plaintiffs, ███████████
███████████████

- July 13, 2017.  In response to a request from Plaintiffs regarding Strides, Sawai notified Plaintiffs that Strides was an independent third party and Plaintiffs should seek any discovery they need from Strides via 3rd party procedures (including the Hague).[10]

- August 9, 2017.  Plaintiffs requested Sawai expedite production of the agreements between Sawai and Strides relating ████████████████████████████ "to enable Plaintiffs to evaluate whether third party discovery may be required from those entities, and to move for third party discovery in a timely manner …."[11]  Within ten days, Sawai made this expedited production.

- January 30, 2018.  Just three days before the original deadline to add a party, Plaintiffs raise concerns about discovery from Strides and asked Sawai to agree to a two-week extension of this deadline during a meet-and-confer.[12]

- February 5, 2018.  Sawai's counsel told Plaintiffs' counsel that (a) Strides was unlikely to have a significant number of non-privileged, responsive documents that were not duplicative of the documents that Plaintiffs would receive in Sawai's production, and (b) Plaintiffs' concerns regarding Strides' discovery will likely be alleviated after they reviewed Sawai's production.[13]  The parties then agreed to a week extension to the deadline to add Strides as a party – until March 16, 2018 – so Plaintiffs could review Sawai's production.  Over the next four weeks, Sawai fulfilled its earlier promise and made its production of over 850,000 pages, including many documents originating from Strides.[14]

- March 14, 2018.  Two days before the now twice-extended deadline, Plaintiffs did not serve any specific discovery, but now asked Sawai to agree to two additional, new conditions: (1) put forth a 30(b)(6) witness as to Strides' (and its predecessor entities') "involvement," and (2) make "no admissibility objection at trial based on any document in whole or part

---

[10] *See* Ex. A, 7/13/17 Email from Masar to Roberts et al.

[11] *See id.* at 8/9/17 Email from Roberts to Masar et al.

[12] *See* Ex. B, 1/31/18 Email from Atton to Masar et al. (summarizing previous day's meet and confer)

[13] *See* Ex. C, 2/6/18 Email from Atton to Masar (summarizing previous day's meet and confer).

[14] In fact, to date, Sawai has produced substantially more documents than Plaintiffs.  This is unusual, because brands typically have significantly more relevant documents.  *See Otsuka Pharm Co. v. Sandoz Inc.*, Case No. 3-07-cv-01000 (MLC), Dkt. 491 (D.N.J. Oct. 9, 2015) ("the [800,000 pages of] discovery requested here was typical of any Hatch–Waxman case in which 'an NDA holder possesses voluminous relevant evidence concerning its NDA and related research and development, whereas the ANDA filers possess[ ] only minimal relevant discovery'.").

originating from Strides (or any of Strides' predecessor entities)," and requested a response from Sawai in less than 17 hours.[15]  That would not work for several reasons, so Plaintiff asked for another extension, until March 20, 2018.

- March 16, 2018.  Contrary to Plaintiffs' assertion, Sawai did not refuse to have a Sawai 30(b)(6) witness speak to documents originating from Strides.  Rather, Sawai stated that (a) the documents Sawai had produced included substantial materials from Strides, and (b) those Strides materials would be part of the universe of materials used to prepare a Sawai 30(b)(6) witness.  But, Sawai could not agree to Plaintiffs' proposals because they had not served a specific 30(b)(6) deposition notice and the subject "Stride's and its predecessor entities involvement" was too vague for Sawai to agree to at this point.  As for Plaintiffs' request to stipulate to admissibility (not just authenticity) of each and every document originating in whole or in part from Strides or its predecessors, Sawai stated it does "not know what document(s) you are referring to, much less the issues that will be raised at trial, or for what purpose you are planning on using any document" and therefore was unwilling to agree to waive any trial based admissibility objection at this time, although Sawai agreed to consider future stipulations to authenticity and the like.[16]

- March 20-29, 2018.  Additional meet and confers and correspondence were not fruitful.[17]

     As described above, in July 2017 (one year prior to the scheduled close of fact discovery), Sawai's counsel notified Plaintiffs that they should seek discovery from Strides via third-party discovery proceedings.  By August 2017, Sawai had produced the agreements between Sawai and Strides which were "to enable Plaintiffs to evaluate whether third party discovery may be required from those entities, and to move for third party discovery in a timely manner …."  For almost six months, Plaintiffs did not follow up on this issue either by seeking additional information about Strides, serving third party discovery on them, or adding them as a party.[18]  Plaintiffs have not explained why they waited until January 30, 2018 (only three days before the original deadline to

---

[15] Ex. D, 3/14/18 Email from Atton.
[16] Ex. D, 3/16/18 Email from Sodikoff to Atton.
[17] *See generally* Exs. E and F.
[18] In this time frame, Sawai, in a good faith effort to help Plaintiffs with their discovery, asked Strides to voluntarily produce certain ████████████████████████████████████
████████████████████████████████████████

add parties) to raise the prospect of adding Strides as a party to this litigation. Plaintiffs' delay and failure to seek third party discovery from Strides or add it as a party prior to April 2, 2017 has no adequately justifiable explanation which provides separate grounds for denial of Plaintiffs' motion under *Adams* and *Cureton*.

This is especially true because Sawai (and the other defendants) are likely to be prejudiced by Plaintiffs' unjustified delay. Fact discovery is currently set to close on July 13, 2018. Even if this Court immediately granted Plaintiffs' motion for leave after it files its reply brief on April 23, Plaintiffs would have to serve the complaint on Strides in India (potentially through Article 5 of the Hague Convention, which can be a slow process), to which Strides would have the right to respond. Plaintiffs would still need to serve discovery (presumably a limited 30(b)(6) request), to which Strides would still have the right to respond, and also schedule and prepare a witness. In short, adding Strides at this late juncture is likely to have major repercussions on this Court's schedule, which would unfairly delay trail and the potentially favorable resolution of this lawsuit that would allow Sawai to bring its generic mirabegron product to market sooner. Apart from the futility of the amended complaint, this high likelihood of prejudice to Sawai is another reason why Plaintiffs' motion should be denied.

## IV.   Conclusion

Plaintiffs' motion to amend their complaint to add Strides to this litigation with only three months left to go in fact discovery should be denied because their claims against Strides are (a) futile and/or (b) likely to prejudice Sawai. Either one of these faults is sufficient grounds to deny Plaintiffs' motion.

OF COUNSEL:

Brian Sodikoff
Martin S. Masar III, PhD
Matthew M. Holub
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois  60661
Tel: (312) 902-5462
        (312) 902-5616
brian.sodikoff@kattenlaw.com
martin.masar@kattenlaw.com
matthew.holub@kattenlaw.com

Christopher B. Ferenc
KATTEN MUCHIN ROSENMAN LLP
2900 K Street NW
North Tower - Suite 200
Washington, DC 20007-5118
Tel:  (202) 625-3647
christopher.ferenc@kattenlaw.com

Dated:  April 16, 2018

HEYMAN ENERIO
GATTUSO & HIRZEL LLP


*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (#3630)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
dgattuso@hegh.law
Tel.: (302) 472-7300

*Attorneys for Defendants Sawai Pharmaceutical Co., Ltd. and Sawai USA, Inc.*

17