Daniel M. Silver
Partner
405 N. King Street, 8th Floor
Wilmington, DE 19801
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com



April 2, 2019
**VIA CM/ECF AND HAND DELIVERY**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3555

PUBLIC VERSION FILED:
APRIL 17, 2019

RE:   *Astellas Pharma Inc., et al.* v. *Actavis Elizabeth LLC, et al.,* C.A. No. 16-905-JFB CJB

Dear Judge Burke:

We along with Hogan Lovells US LLP represent Plaintiffs in this consolidated case. We respectfully submit this opening letter brief concerning significant discovery failures by Defendant Sawai, failures which first manifested themselves in the rebuttal report of Prof. Cima, served Feb. 22, 2019.[1] (D.I. 369.) In his rebuttal report (attached as Ex. 16), Prof. Cima raises— for the first time in this case—new claim constructions and non-infringement theories for the two polymorph patents at issue here, *i.e.*, U.S. Patent Nos. 7,342,117 & 7,982,049. Prof. Cima's new arguments were never disclosed by Sawai at any point in the litigation, despite Plaintiffs' discovery requests for this information. Due to this improper conduct by Sawai, Plaintiffs have been significantly prejudiced.

1. **Sawai raises new claim constructions for the polymorph patents to argue non-infringement by Sawai.**

As part of his rebuttal report, Prof. Cima provided three new claim constructions for the polymorph patents. Prof. Cima opines that:

1.     The term "characteristic peaks" as part of the Court's claim construction of the α-form crystal (D.I. 259), should be tied to a specific PXRD method: "[T]he [patent] specification identifies *a specific PXRD method* used to determine if a form has the eight 'characteristic' peaks . . . ."[2] (Ex. 16 at ¶ 205; *see also id.* at ¶¶ 206-208) (emphasis added.)

---

[1]     It was Plaintiffs' understanding that the Court desired all motions concerning expert discovery be raised by way of letter after the close of expert discovery, on May 23, 2019. (D.I. 25.) As Defendants insisted their purported disputes be raised before that date, Plaintiffs provide these disputes regarding Prof. Cima together with Defendants' disputes.

[2]     Prof. Cima also argues that without his newly-minted construction, the claims would be invalid as "indefinite" (Ex. 16 at ¶ 208), but did <u>not</u> raise this issue in his opening invalidity report, served Nov. 21, 2018.

The Honorable Christopher J. Burke
April 2, 2019
Page 2

2.      The "plain and ordinary meaning" of the claim term "DSC Analysis" "requir[es] the [DSC] peak *at* the full range of 142 to 146°C." (*Id.* at ¶ 218.) (emphasis in original.) But in his opening expert report, Prof. Cima described the term as requiring "a DSC peak *between* 142 and 146°C," despite taking issue with Plaintiffs' experts' use of "between" in their opening reports. (*Compare* Ex. 11 at ¶ 157, *with* Ex. 16 at ¶ 218) (emphasis in original.) Prof. Cima also opines that "the DSC analysis should be done on a sample that is representative of what is in the final dosage form as a whole."[3] (Ex. 16 at ¶ 218.)

3.      The claim term "peak," as related to the PXRD measurements, requires a peak to have "a signal that is substantially larger than the background noise" (Ex. 16 at ¶ 191; *id.* at ¶¶ 188-204.)

For all three of these new claim constructions, Prof. Cima argues they are based on the claims and patent specification. Thus, there can be no excuse for withholding these constructions until now, as they could have and should have been raised during the *Markman* process. Tellingly, Prof. Cima did not provide any of these constructions during the first round of expert reports.[4] These claim constructions should be excluded as improper attempts to modify the Court's claim construction ruling, and as untimely given Sawai's failure to disclose these contentions.

Courts in the Third Circuit consider the four "*Pennypack*" factors to determine whether a failure to disclose was harmless: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the potential disruption of an orderly and efficient trial; and (4) the presence of bad faith or willfulness. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977). Plaintiffs were prejudiced by Sawai's intentional withholding of the proposed constructions, as Plaintiffs were denied the opportunity to consider such constructions during fact discovery and *Markman*, as well as in their expert reports. And the Court has set a trial date in August. Plaintiffs respectfully request that the Court alleviate this prejudice by striking Prof. Cima's new claim constructions and precluding Defendants from relying on them at trial.[5] There will be no prejudice to Sawai, as Prof. Cima did not provide these constructions in his opening invalidity report and argues that the new constructions are unnecessary for his non-infringement positions. (Ex. 16 at ¶ 479.)

Moreover, Prof. Cima also relies upon a claim construction of the term "main peaks," which was expressly rejected by this Court. (Ex. 16 at ¶¶ 170; *see also id.* at ¶¶ 169-187; D.I. 259 at 38-39).[6]

---

[3]      The Court has already considered the possibility of interferences in DSC measurements on the pharmaceutical compositions themselves. (D.I. 259 at n.15.)

[4]      Defendants' other expert, Prof. Eckhardt, also did not raise these claim constructions in his opening invalidity report. (D.I. 357.)

[5]      To assist the Court, Plaintiffs have provided a draft form of order identifying the specific relief requested, including the proposed sections to be stricken. (*See* Ex. 1.)

[6]      While Sawai apparently complains that Profs. Myerson and Atwood opine that both PXRD and DSC are not needed to identify the α-form crystals within Sawai's ANDA product (Ex. 8 at 1), neither argues a construction expressly rejected by the Court during *Markman*.

The Honorable Christopher J. Burke
April 2, 2019
Page 3

As Plaintiffs should not be required to show infringement under this rejected construction, Plaintiffs request the Court also strike these paragraphs as improper non-infringement grounds.

> **2. Sawai relies on its testing of a ███████████ used to make its proposed ANDA product despite intentionally withholding ███████████ samples from Plaintiffs.**

As part of discovery, Plaintiffs requested samples of Sawai's proposed ANDA product and any components used to prepare the ANDA Product. (Ex. 2 at 4 (Definitions ¶ 18), 15 (May 23, 2017 Plaintiffs' RFP No. 26).) Sawai disputed the relevance of the requested samples and refused to provide them (Ex. 3; Ex. 4), albeit incorrectly. (*See, e.g.*, *Smithkline Beecham Corp. v. Apotex Corp.*, 1999 WL 311697, at * 6 (N.D. Ill. May 13, 1999) (Plaintiffs are entitled to review and analyze representative samples from each stage of the Defendants' development)). Plaintiffs persisted in their requests, and while Sawai provided samples of its API and finished ANDA product from ███████████████████████████████████████████████████ ██████████████.[7] (Ex. 5; Ex. 15.) While Plaintiffs continued to press for the SDP samples, Sawai told Plaintiffs in January 2018 that ████████████████████████████████████ ██████████ (Ex. 6 at 1.) Given Sawai's representation, Plaintiffs did not further pursue samples that Sawai represented no longer existed.[8]

Sawai's January 2018 representation—which Plaintiffs relied on—was false. ████████████ ███████████ tested them after January 2018 as part of an ongoing stability program for Sawai, and Sawai only disclosed that data to Plaintiffs ***after*** the close of fact discovery in September 2018 at the 30(b)(6) deposition of Strides.[9] (Ex. 7.) ████████████████████████████ ██████████████████████████, many months before Plaintiffs were provided documents revealing Sawai's misrepresentation. Thus, Plaintiffs were deprived of the opportunity to consider their own testing on █████████████████████████ before the close of fact discovery and service of their opening expert reports.[10]

Sawai argues that Plaintiffs have sufficient discovery—through its documents and witnesses—so this failure does "no[t] prejudice [] Plaintiffs." (Ex. 8 at 2-3.) However, Sawai's data is not

---

[7]     There is no dispute that the Sawai API contains the claimed mirabegron crystals, ███ ████████████████████████████████████████████

[8]     ██████████████████████████████████████████████████████████████████████

[9]     Sawai refused to provide any discovery from █████████ until Plaintiffs filed a motion to amend the pleadings to ██████████████████████ While Sawai agreed to provide some ████████████████ to settle that dispute, it is apparent that, had Plaintiffs not moved to █████████, no discovery ████████████ would have been obtained at all.

[10]     Any suggestion by Sawai that it could not require ███████████████████████ when Sawai requested it to do so. (Ex. 13 at SAW-MIR 0216404-405.)

3

The Honorable Christopher J. Burke
April 2, 2019
Page 4

sufficient to cure this prejudice as Prof. Myerson opines that ███████████ is inadequate. (Ex. 15 at ¶¶ 22-43.) Moreover, ██████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ Finally, Sawai's failure to provide this key intermediate before the close of fact discovery and service of opening expert reports has prejudiced Plaintiffs by denying them of additional probative evidence of infringement.

Shockingly, Prof. Cima now relies on the ███████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████ Under the federal rules, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (Fed. R. Civ. P. 37(c)(1)). Here, again, the "*Pennypack*" factors are considered to determine whether Sawai's withholding of samples was harmless.

First, Plaintiffs were clearly harmed, as they were unable to conduct their own testing on the ██████████████████████. This prejudice cannot be cured now by receiving ████████████████ ████████████████████████ At a minimum, the Court should strike all references in Prof. Cima's rebuttal report discussing ██████████████████. The Court should also require Sawai to turn over any work-product testing it may have conducted on ████████, as there is a substantial need to provide all testing of ███████████████████ to Plaintiffs. (*See, e.g.*, *Sandvik Intellectual Prop. AB v. Kennametal, Inc.*, 2011 WL 466696, at *4 (W.D. Pa. Feb. 4, 2011) (ordering Defendant to produce internal work-product testing documents as Plaintiff had demonstrated substantial need)). Further, fact discovery ended, and Plaintiffs' experts already submitted their reports, and a trial date has been set. Sawai's intentional withholding of ██████████████████████████, along with their misrepresentations to Plaintiffs, demonstrate that Sawai acted in bad faith.

Further, given that Sawai let ███████████████, the Court should also consider this spoliation of evidence, which occurs when a party "fail[s] to preserve property for another's use as evidence in pending or reasonably for[e]seeable litigation." (*See MOSAID Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004)). A duty to preserve and maintain unexpired samples arises at least when one files a Paragraph IV certification asserting non-infringement based on its dosage form. (*See Medeva Pharma Suisse A.G. v. Roxane Labs., Inc.*, 2011 WL 310697, at *15 (D.N.J., Jan. 28, 2011)). "The elements of spoliation include: (1) pending or probable litigation involving the plaintiff; (2) knowledge on the part of the defendant that litigation exists or is probable; (3) willful or, possibly, negligent destruction of evidence by the defendant designed to disrupt the plaintiff's case; (4) disruption of the plaintiff's case; and (5) damages proximately caused by the defendant's acts." (*Curtis v. Besam Grp.*, 2008 WL 1732956, at *7-8 (D.N.J. Apr. 10, 2008)). As discussed above, each of these elements is met by Sawai's conduct with respect to ██████████████

4

The Honorable Christopher J. Burke
April 2, 2019
Page 5

Evidence of spoliation may give rise to sanctions, which include granting judgment in favor of a prejudiced party, suppression of evidence, an adverse inference, fines, and attorneys' fees and costs. (*MOSAID*, 348 F. Supp. at 335). Sanctions serve to "level[] the playing field or restor[e] the prejudiced party to the position it would have been in without spoliation." (*Id.*) Three considerations for sanctions are: "(1) the degree of fault of the [offending] party . . . ; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." (*Id.* (quoting *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994))). As Sawai deliberately failed to turn over ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and Plaintiffs suffer as a result, Plaintiffs request an adverse inference for use at trial that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ An adverse inference is appropriate here, because merely striking portions of Prof. Cima's report (while a good start) or assessing Sawai with a monetary penalty will not put Plaintiffs back in the same position as having ▮▮▮▮▮▮▮▮▮ when requested during discovery.

### 3. Sawai relies on non-infringement theories not previously disclosed to Plaintiffs.

Not only did Sawai withhold important samples, but it also raised—for the first time through Prof. Cima's 250+ page rebuttal report—several arguments that its ANDA product ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ But Sawai failed to provide <u>any</u> notice of these arguments in response to Plaintiffs interrogatories. (Ex. 10 at 15-56.) In particular, Prof. Cima argues that a property of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ supports Sawai's non-infringement of the polymorph patents. (*E.g.*, Ex. 16 at ¶¶ 33, 235.) In fact, Prof. Cima opines that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Thus, Plaintiffs had no notice (let alone fair notice) of this argument by Sawai. Worse yet, without being provided ▮▮▮▮▮▮▮▮▮▮ as discussed above, Plaintiffs were denied the opportunity to even consider testing ▮▮▮▮▮▮▮▮▮.

Prof. Cima also points to never-disclosed references concerning the properties of *other* ▮▮▮▮▮▮▮▮▮▮▮▮▮ to argue non-infringement. In particular, Prof. Cima points to several ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ He also points to formulations that do <u>not</u> contain mirabegron as supporting Sawai's non-infringement. (*E.g.*, *id.* at ¶¶ 42, 237, 323.) None of these arguments (or underlying references) were provided by Sawai as part of its interrogatory responses to Plaintiffs. (Ex. 10 at 15-56.) As a result, Plaintiffs had no notice that Sawai would rely on them, and therefore could not seek fact discovery or address them in their expert reports.

Moreover, an expert may not raise new theories on rebuttal. (*See HSM Portfolio LLC v. Elpida Memory Inc.*, No. 11-770, D.I. 1207 at 5-6 (D. Del., February 11, 2016)). As the *HSM* case demonstrates, this is true even if the other parties are afforded an opportunity to respond to the

The Honorable Christopher J. Burke
April 2, 2019
Page 6

new theories, as the chance to respond may not be enough to cure the prejudice. (*Id.*) As Plaintiffs were deprived of the opportunity to consider Sawai's new theories (and underlying references) prior to the close of fact discovery and service of their expert reports, the Court should strike such information and issue an order preventing Sawai from relying on it at trial.

**4. Sawai relies on analyses of its formulation development it refused to provide to Plaintiffs during discovery.**

Another issue with Prof. Cima's rebuttal report concerns two analyses he performed that rely on discovery Sawai would not provide to Plaintiffs. The first analysis involves Prof. Cima's Appendix C, which includes a summary of Sawai's formulation development experiments with references to the underlying analytical data. These experiments are described in Sawai's ANDA, but the ANDA itself does not point to the PXRD data for each formulation. By way of interrogatory, Plaintiffs had requested an explanation of the underlying data for these formulations, but Sawai provided this analysis for only two of the multiple tables included in the ANDA. (Ex. 10 at 25-26; Ex. 14.) Thus, Prof. Cima had the benefit of the full data analysis while Plaintiffs and their experts did not. Accordingly, the Court should strike Appendix C in its entirety and enter an order preventing Sawai from relying on this analysis.

The second issue involves Prof. Cima's analysis of Prof. Atwood's .RAW PXRD data files. These data files were generated as part of Prof. Atwood's testing of Sawai's ANDA product. While Sawai demanded access to the .RAW data files generated during PXRD measurements, it failed to provide the same data files during discovery for its own samples. (Ex. 12.) As a result, Plaintiffs could only rely on printouts of Sawai's PXRD data for their infringement analysis, which Sawai now says on rebuttal is inadequate. In fact, Prof. Cima provides extensive criticism of Prof. Atwood's data solely based upon the .RAW data files and not the printouts. As a result, the Court should strike Prof. Cima's analysis of the .RAW data files and require Prof. Cima to rely on the PXRD printouts only, as that was the only data source provided to Plaintiffs.

\*     \*     \*

As discussed above, Plaintiffs seek the requested relief concerning Prof. Cima's rebuttal report. To the extent the Court declines to strike any sections of Prof. Cima's report, Plaintiffs request the Court grant leave to allow Plaintiffs' experts, Profs. Myerson and/or Atwood, to file short reply expert reports in response.

Respectfully submitted,

/s/ Daniel M. Silver

Daniel M. Silver (#4758)

cc: All counsel of record (via CM/ECF)

**Exhibits 1 through 2 Remain Under Seal In Their Entirety**

# Exhibit 3

Excerpt from 2017-07-06 Sawai
Response to Plaintiffs' RFP (1-32)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTELLAS PHARMA, INC., ASTELLAS IRELAND CO., LTD. and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., | ) ) ) ) |
| | ) C.A. No. 16-905 (SLR) |
| Plaintiffs, | ) CONSOLIDATED ) |
| | ) |
| v. | ) ) ████████████████ |
| ACTAVIS ELIZABETH LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**SAWAI DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS TO SAWAI
<u>FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-32)</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, Sawai Pharmaceutical Co., Ltd. and Sawai USA, Inc. (collectively, "Sawai Defendants"), by and through its undersigned counsel, hereby object and respond to Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Plaintiffs" or "Astellas") First Set of Requests for Production of Documents and Things (Nos. 1-32), served on May 23, 2017.

**GENERAL OBJECTIONS**

1.     The General Objections set forth in Sawai Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories to Sawai (Nos. 1−11) are incorporated by reference as if set forth herein and should be applied to these discovery requests.

2.     Sawai Defendants further object to the production of document and things within thirty (30) days.  Copies of documents will be produced on a rolling basis.



and seeking irrelevant information to the extent it seeks "all documents and things" and "any hearing or trial" regardless of whether they are duplicative, cumulative, not relevant, or not identified after a reasonable search.  Sawai Defendants further object to this Request to the extent it prematurely seeks expert testimony, evidence, argument, contentions, or any other disclosure inconsistent with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders in this case.  Sawai Defendants further object to this Request to the extent it prematurely seeks a trial witness or exhibit list.

***Responses to Request No. 25:***

Subject to the General Objections and the foregoing specific objections, Sawai Defendants will conduct a reasonable search for and produce the documents and things upon which Sawai Defendants intend to rely, or use an exhibit, at any hearing or trial in the Action, with respect to any claim by Plaintiffs against Sawai Defendants or any claim or defense of Sawai Defendants against Plaintiffs within their possession, custody, and control, to the extent any exist and are not privileged or otherwise immune from discovery or exempted from discovery by any order in this case.

**REQUEST NO. 26**

At least:  (a) fifty (50) grams of Sawai's ANDA Product, ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (c) fifty (50) grams of Mirabegron API for use in Sawai's ANDA Product, (d) fifty (50) uncoated tablets of Sawai's ANDA Product, and (e) fifty (50) coated tablets of Sawai's ANDA Product, each being representative of Sawai's ANDA Product and that have not passed their respective expiration dates (to the extent the requested amount of an unexpired sample(s) is not available, then in addition to the requested sample(s), the requested amount of the sample(s) that is representative of, or meets the specifications for use in, Sawai's ANDA Product).

***Objections to Request No. 26:***

Sawai Defendants object to this Request to the extent it seeks discovery of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest



doctrine, or any other applicable privilege or protection.  Sawai Defendants further object to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information to the extent it seeks ███████████ regardless of whether they are duplicative, cumulative, not relevant, or not identified after a reasonable search. Sawai Defendants further object to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information for the reasons stated in Paragraph 13 of the General Objections in Sawai Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories regarding ██████████ incorporate those objections by reference as if set forth herein, and will interpret this term as described in Paragraph 13 of the General Objections.  Sawai Defendants further object to this Request as unduly burdensome and not proportional to the needs of this case, to the extent it seeks samples in amounts larger than Sawai Defendants currently have in their possession, custody, or control and/or that would leave Sawai Defendants with insufficient amounts of samples for regulatory purposes in connection with Sawai's ANDA Product.  Sawai Defendants further object to this Request to the extent it seeks production of things outside their possession, custody, or control.  Sawai Defendants further object to this Request because it seeks the production of things that are irrelevant and not proportional to the needs of this case because Sawai Defendants have produced ANDA No. 209446 and related documents that sufficiently describe Sawai Defendants' ANDA Mirabegron Products that will used, sold, or offered for sale in the United States.

***Responses to Request No. 26:***

Subject to the General Objections and the foregoing specific objections, Sawai Defendants do not have any of the above samples in their possession or custody currently.  Sawai Defendants have produced ANDA No. 209446 and related documents that sufficiently describe Sawai



Defendants' ANDA Mirabegron Products that will used, sold, or offered for sale in the United States.

**REQUEST NO. 27**

All documents and things concerning:  (a) batch records, (b) certificates of analysis of, (c) chain of custody, shipping and handling of, and (d) standard operating procedures for storing and maintaining, any samples produced in response to Request No. 26.

*Objections to Request No. 27:*

Sawai Defendants incorporate by reference their objections and response to Request No. 26 as if fully set forth herein.  Sawai Defendants object to this Request to the extent it seeks discovery of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or protection.  Sawai Defendants further object to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information to the extent it seeks "all documents and things" regardless of whether they are duplicative, cumulative, not relevant, or not identified after a reasonable search.  Sawai Defendants further object to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information to the extent it seeks documents and things "considered for" but not actually referenced or used in Sawai's ANDA and will not search for or produce such documents or things.

*Responses to Request No. 27:*

Subject to the General Objections and the foregoing specific objections, Sawai Defendants do not have any of the above samples in their possession or custody currently.  Sawai Defendants have produced ANDA No. 209446 and related documents that sufficiently describe Sawai Defendants' ANDA Mirabegron Products that will used, sold, or offered for sale in the United States.

**Exhibit 4 Remains Under Seal In Its Entirety**

# Exhibit 5

Sample-related correspondence between
August 2017 and January 2018

**Seidel, Chika**

| | |
|---|---|
| **From:** | Atton, Corinne <catton@fchs.com> |
| **Sent:** | Tuesday, January 23, 2018 11:27 PM |
| **To:** | #Mirabegron Litigation |
| **Subject:** | FW: Mirabegron ANDA Litigation - C.A. No. 16-905-JFB-CJB (Consolidated) |

**Corinne Atton**

**FITZPATRICK, CELLA, HARPER & SCINTO**

1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2212
F 212-218-2200
catton@fchs.com
http://www.fitzpatrickcella.com

**From:** Masar, Martin S. [mailto:martin.masar@kattenlaw.com]
**Sent:** Tuesday, January 23, 2018 6:21 PM
**To:** Atton, Corinne
**Cc:** USR-Mirabegron; dgattuso@hegh.law; Reed, Scott; Baechtold,Robert; Roberts, Simon
**Subject:** RE: Mirabegron ANDA Litigation - C.A. No. 16-905-JFB-CJB (Consolidated)

Corinne-

Thanks for your email.  We have confirmed that Sawai does not have ██████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████ we will likely not be ready for a meet-
and-confer tomorrow, if Plaintiffs are still seeking one.

Best,
Marty

**MARTIN S. MASAR III, Ph.D.**
Registered Patent Attorney
**Katten Muchin Rosenman LLP**
525 W. Monroe Street / Chicago, IL 60661-3693
p / (312) 902-5616 f / (312) 902-1061
martin.masar@kattenlaw.com / www.kattenlaw.com

**From:** Atton, Corinne [mailto:catton@fchs.com]
**Sent:** Monday, January 22, 2018 9:48 PM
**To:** Masar, Martin S.
**Cc:** USR-Mirabegron; dgattuso@hegh.law; Reed, Scott; Baechtold,Robert; Roberts, Simon
**Subject:** RE: Mirabegron ANDA Litigation - C.A. No. 16-905-JFB-CJB (Consolidated)

Marty,

Further to Plaintiffs' RFP No. 26 and our email exchange below, Plaintiffs request that Sawai produce ███████████ ████ and fifty (50) uncoated, unexpired, tablets of Sawai's ANDA Product.  Please confirm Sawai will ship these samples to Plaintiffs via Dr. Atwood within the next seven (7) days.

If a meet and confer is necessary, Plaintiffs are generally available this Wednesday (January 24).

Kind regards,
Corinne

**Corinne Atton**
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2212
F 212-218-2200
catton@fchs.com
http://www.fitzpatrickcella.com
Bio

---

**From:** Masar, Martin S. [mailto:martin.masar@kattenlaw.com]
**Sent:** Friday, September 22, 2017 9:10 PM
**To:** Roberts, Simon; Atton, Corinne
**Cc:** USR-Mirabegron; dgattuso@hegh.law; Reed, Scott; Baechtold,Robert
**Subject:** RE: Mirabegron ANDA Litigation - C.A. No. 16-905-JFB-CJB (Consolidated)

Hi Simon-

Thanks for your email below. ███████████████████████████████████ ██████████████ However, you failed to provide us with the license under the Orange Book patents to import the samples into the United States for purposes of this litigation as requested in Brian's 9/13/17 email. ██████████████████████████████████ into the United States without such a license and thus, Astellas should provide such a license as soon as possible in order to avoid any delay. Also, we will work with ██████ to provide you with the appropriate storage conditions for the samples and their expirations dates, but we (Katten) currently do not have that information.

Also, please note that, by providing the 30 ct bottle and 1 g of API samples, ██████████████████ are not waiving nor intending to waive (1) the ability to object to any Astellas' request(s) for additional samples for the reasons stated in Sawai's response to the RFPs and (2) the ability to challenge any testing done by Astellas based on whether the samples are representative or not.

Please feel free to contact me if you'd like to discuss this further.

Best,
Marty

**MARTIN S. MASAR III, Ph.D.**
Registered Patent Attorney
**Katten Muchin Rosenman LLP**
525 W. Monroe Street / Chicago, IL 60661-3693

p / (312) 902-5616 f / (312) 902-1061
martin.masar@kattenlaw.com / www.kattenlaw.com

---

**From:** Roberts, Simon [mailto:SRoberts@fchs.com]
**Sent:** Friday, September 15, 2017 4:25 PM
**To:** Sodikoff, Brian; Atton, Corinne
**Cc:** Masar, Martin S.; USR-Mirabegron; dgattuso@hegh.law; Reed, Scott; Baechtold,Robert
**Subject:** RE: Mirabegron ANDA Litigation - C.A. No. 16-905-JFB-CJB (Consolidated)

Brian,

Thank you for getting back to me regarding the Sawai samples. I believe Plaintiffs RFP No. 26 sets out the types and amounts of samples being requested. That said, to avoid further delay, Plaintiffs are willing to accept 50 final tablets and 1 gram of the API on the understanding that: (1) Plaintiffs may seek additional samples, including, e.g., uncoated tablets and ███████████████████ up to the amounts requested in RFP No. 26 should the amounts being produced be insufficient to conduct ███████████████; and (2) the expiration dates of the samples are such that testing may be conducted by Plaintiffs in the future such that Sawai will not argue that the samples are no longer representative of Sawai's unexpired API and/or ANDA product.

Please immediately provide the following information: (1) the appropriate storage conditions for the samples; (2) the expiration dates of the requested samples; and (3) when Sawai would be in a position to provide the samples.

Best regards,
Simon

**Simon D. Roberts**
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2547
F 212-218-2200
SRoberts@fchs.com
http://www.fitzpatrickcella.com
Bio

---

**From:** Sodikoff, Brian [mailto:brian.sodikoff@kattenlaw.com]
**Sent:** Wednesday, September 13, 2017 4:17 PM
**To:** Roberts, Simon; Atton, Corinne
**Cc:** Masar, Martin S.; USR-Mirabegron; dgattuso@hegh.law; Reed, Scott; Baechtold,Robert
**Subject:** RE: Mirabegron ANDA Litigation - C.A. No. 16-905-JFB-CJB (Consolidated)

Simon,

Thanks for the follow up. The line was a little fuzzy on my end as well. I don't think we got to specifically how much you would require. My understanding is that 30 final tablets and 1 gram of the API would be sufficient for ██████████████. Please let me know if you disagree.

Also, it is likely a given, but please confirm that we may have a license under the Orange Book patents to import the samples into the United States for purposes of this litigation.

Sincerely,

Brian

**BRIAN SODIKOFF**
Partner, National Head of Patent Litigation
**Katten Muchin Rosenman LLP**
525 W. Monroe Street / Chicago, IL 60661-3693
p / (312) 902-5462 f / (312) 902-1061
brian.sodikoff@kattenlaw.com / www.kattenlaw.com

---

**From:** Roberts, Simon [mailto:SRoberts@fchs.com]
**Sent:** Wednesday, September 06, 2017 4:24 PM
**To:** Sodikoff, Brian; Atton, Corinne
**Cc:** Masar, Martin S.; USR-Mirabegron; dgattuso@hegh.law; Reed, Scott; Baechtold,Robert
**Subject:** RE: Mirabegron ANDA Litigation - C.A. No. 16-905-JFB-CJB (Consolidated)

Brian,

Thank you for making yourself available for the meet and confer today. Unfortunately, the line was a little fuzzy at the end of our call so I'm not sure if I caught what you said in the last few minutes of the call. As I mentioned on our call, we need to resolve this sample issue quickly. I understand that we will speak sometime before early next week once you have had an opportunity to look into whether Sawai is able to provide the requested samples. I am generally available so please let me know once you're ready to speak.

Best regards,
Simon

Simon D. Roberts
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2547
F 212-218-2200
SRoberts@fchs.com
http://www.fitzpatrickcella.com
Bio

-----Original Message-----
From: Sodikoff, Brian [mailto:brian.sodikoff@kattenlaw.com]
Sent: Wednesday, September 06, 2017 10:43 AM
To: Atton, Corinne
Cc: Masar, Martin S.; USR-Mirabegron; dgattuso@hegh.law; Roberts, Simon; Reed, Scott; Baechtold,Robert
Subject: Re: Mirabegron ANDA Litigation - C.A. No. 16-905-JFB-CJB (Consolidated)

Corinne,

Marty is in St Thomas dealing with hurricane Irma and I am in meetings all day. The meeting might wrap a little early, and I may be able to talk this afternoon at 4:30 Est. Are you tentatively able then? I will be able to confirm later today, and apologize that I do not have a hard availability yet.

Sincerely,

Brian

Sent from my iPhone

On Sep 2, 2017, at 6:04 PM, Atton, Corinne <catton@fchs.com<mailto:catton@fchs.com>> wrote:

Counsel,

Please see attached correspondence.

Regards,
Corinne

Corinne Atton
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2212
F 212-218-2200
catton@fchs.com<mailto:catton@fchs.com>
http://www.fitzpatrickcella.com<http://www.fitzpatrickcella.com/>

From: Masar, Martin S. [mailto:martin.masar@kattenlaw.com]
Sent: Friday, September 01, 2017 3:25 PM
To: Roberts, Simon
Cc: Baechtold,Robert; Reed, Scott; USR-Mirabegron; Atton, Corinne;
dgattuso@hegh.law<mailto:dgattuso@hegh.law>
Subject: RE: Mirabegron ANDA Litigation - C.A. No. 16-905-JFB-CJB (Consolidated)

Counsel,

Please see attached correspondence.

Best,
Marty


MARTIN S. MASAR III, Ph.D.
Registered Patent Attorney
Katten Muchin Rosenman LLP
525 W. Monroe Street / Chicago, IL 60661-3693 p / (312) 902-5616 f / (312) 902-1061
martin.masar@kattenlaw.com<mailto:martin.masar@kattenlaw.com> /
www.kattenlaw.com<http://www.kattenlaw.com/>

From: Atton, Corinne [mailto:catton@fchs.com]

Sent: Tuesday, August 29, 2017 4:58 PM
To: Masar, Martin S.; Sodikoff, Brian; Holub, Matthew M.; Ferenc, Christopher B.; dgattuso@hegh.law<mailto:dgattuso@hegh.law>
Cc: Baechtold,Robert; Roberts, Simon; Reed, Scott
Subject: Mirabegron ANDA Litigation - C.A. No. 16-905-JFB-CJB (Consolidated)


Counsel,

Please see attached correspondence.

Kind regards,
Corinne

Corinne Atton
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2212
F 212-218-2200
catton@fchs.com<mailto:catton@fchs.com>
http://www.fitzpatrickcella.com<http://www.fitzpatrickcella.com/>


_____

This email message and any attachments are intended for the use of the addressee(s) indicated above. Information that is privileged or otherwise confidential may be contained therein. If you are not the intended recipient(s), you are hereby notified that any dissemination, review or use of this message, documents or information contained therein is strictly prohibited. If you have received this message in error, please immediately delete it and notify us by telephone at (212) 218-2100. Thank you.

============================================================

CONFIDENTIALITY NOTICE:

This electronic mail message and any attached files contain information intended for the exclusive

use of the individual or entity to whom it is addressed and may contain information that is

proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you

are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or

distribution of this information may be subject to legal restriction or sanction. Please notify

the sender, by electronic mail or telephone, of any unintended recipients and delete the original

message without making any copies.

============================================================

NOTIFICATION: Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has

elected to be governed by the Illinois Uniform Partnership Act (1997).

==============================================================

# **Exhibit 6**

January 2018 Emails between Masar and Atton

**Seidel, Chika**

---

| | |
|---|---|
| **From:** | Atton, Corinne <catton@fchs.com> |
| **Sent:** | Monday, January 29, 2018 11:37 AM |
| **To:** | #Mirabegron Litigation |
| **Subject:** | FW: Astellas Pharma Inc., et al. v. Actavis Elizabeth LLC, et al. |
| **Attachments:** | image001.jpg; image002.jpg |

Corinne Atton
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2212
F 212-218-2200
catton@fchs.com
http://www.fitzpatrickcella.com
Bio

-----Original Message-----
From: Masar, Martin S. [mailto:martin.masar@kattenlaw.com]
Sent: Monday, January 29, 2018 11:34 AM
To: Atton, Corinne
Cc: USR-Mirabegron; Jack Blumenfeld; mnoreika@mnat.com; Baechtold,Robert; Murnane, John D.; Borello, Christopher; Dwyer, Anna E.; Seidel, Chika; Reed, Scott; Roberts, Simon; Norey, Erica
Subject: Re: Astellas Pharma Inc., et al. v. Actavis Elizabeth LLC, et al.

Hi Corinne-

We heard from ███████████████████████████████████████ you requested.

Best,
Marty

Sent from my iPhone

On Jan 26, 2018, at 5:47 PM, Masar, Martin S. <martin.masar@kattenlaw.com<mailto:martin.masar@kattenlaw.com>> wrote:

Hi Corinne-

We still have not heard back from ████████ . I will continue to follow up with them and are trying to get a definitive answer to you as soon as possible, but I cannot promise to have one by Monday COB.

Regarding samples, can you please let me know when the Astellas Myrbetriq API and tablet samples are shipped?  Also, please see the attached letter regarding Plaintiffs' responses to Sawai's RFP and interrogatories, which provides a brief explanation of why we believe the samples in RFP No. 5 are relevant.  We are happy to have a meet-and-confer on Tuesday, Jan. 30 at 2 pm CST to discuss this sample request and the additional issues raised in the attachment.  We can use the following dial-in:

1-866-200-9051
PIN 654859#

Please let me know if that time works for you.

Best,
Marty


MARTIN S. MASAR III, Ph.D.
Registered Patent Attorney
Katten Muchin Rosenman LLP
525 W. Monroe Street / Chicago, IL 60661-3693 p / (312) 902-5616 f / (312) 902-1061
martin.masar@kattenlaw.com<mailto:martin.masar@kattenlaw.com> /
www.kattenlaw.com<http://www.kattenlaw.com/>

From: Atton, Corinne [mailto:catton@fchs.com]
Sent: Friday, January 26, 2018 2:28 PM
To: Masar, Martin S.
Cc: USR-Mirabegron; Jack Blumenfeld; mnoreika@mnat.com<mailto:mnoreika@mnat.com>; Baechtold,Robert;
Murnane, John D.; Borello, Christopher; Dwyer, Anna E.; Seidel, Chika; Reed, Scott; Roberts, Simon; Norey, Erica
Subject: RE: Astellas Pharma Inc., et al. v. Actavis Elizabeth LLC, et al.


Marty,

Further to your email of Tuesday of this week, do you have an update for us as to whether ████████████
████████████████████████? If no, will you be able to give us a definitive answer to this by COB on Monday
(January 29)?

Further to your email below, concerning Sawai's RFP No. 5, we have questions as to what exactly it is you seek and why
you claim such samples are relevant in this litigation.  We are available to meet and confer on your request on Tuesday
January 30.  Please propose a time, and send dial in details.

Kind regards,
Corinne

Corinne Atton
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2212
F 212-218-2200
catton@fchs.com<mailto:catton@fchs.com>
http://www.fitzpatrickcella.com<http://www.fitzpatrickcella.com/>
Bio<http://www.fitzpatrickcella.com/attorneys/corine-e-atton/>

From: Masar, Martin S. [mailto:martin.masar@kattenlaw.com]
Sent: Wednesday, January 24, 2018 12:07 PM
To: Atton, Corinne; Roberts, Simon; Norey, Erica
Cc: USR-Mirabegron; Jack Blumenfeld; mnoreika@mnat.com<mailto:mnoreika@mnat.com>; Baechtold,Robert;
Murnane, John D.; Borello, Christopher; Dwyer, Anna E.; Seidel, Chika; Reed, Scott

**Exhibits 7 through 8 Remain Under Seal In Their Entirety**

# Exhibit 9

April 2018 Emails between Masar and Atton

**Seidel, Chika**

---

| | |
|---|---|
| **From:** | Atton, Corinne <catton@fchs.com> |
| **Sent:** | Wednesday, April 25, 2018 7:48 PM |
| **To:** | OTCORR.02213.006800; Perlman, Jason |
| **Subject:** | FW: Astellas / Myrbetriq (16-905 CONS) - Ps RFP Nos. 33-34 |

**Corinne Atton**

**FITZPATRICK, CELLA, HARPER & SCINTO**

1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2212
F 212-218-2200
catton@fchs.com
http://www.fitzpatrickcella.com
Bio

---

**From:** Masar, Martin S. [mailto:martin.masar@kattenlaw.com]
**Sent:** Wednesday, April 25, 2018 7:42 PM
**To:** Atton, Corinne
**Cc:** Roberts, Simon; Leonard, Jason; Jack Blumenfeld; 'Noreika, Maryellen'; kjacobs@mnat.com; USR-Mirabegron; dgattuso@hegh.law; 'anelson@hegh.law'; Adams, Katherine
**Subject:** RE: Astellas / Myrbetriq (16-905 CONS) - Ps RFP Nos. 33-34

Dear Corinne and Katie-

I believe you received the additional samples from ▮▮▮▮ on April 24, 2018.  I understand it was signed for by B. Benjamin.  Please confirm your receipt of these samples.

Also, ▮▮▮▮ and their shipper are seeking to coordinate retrieval of their data logger.  Please provide me with the name, phone number, and email address of the appropriate person on your end and I will pass it along.  Like before, we will produce any data we receive from the logger.

Best,
Marty

---

**From:** Masar, Martin S.
**Sent:** Monday, April 16, 2018 10:14 AM
**To:** Atton, Corinne <catton@fchs.com>
**Cc:** Roberts, Simon <SRoberts@fchs.com>; Leonard, Jason <Jleonard@fchs.com>; Jack Blumenfeld <jblumenfeld@mnat.com>; 'Noreika, Maryellen' <MNoreika@mnat.com>; kjacobs@mnat.com; USR-Mirabegron <USR-Mirabegron@kattenlaw.com>; dgattuso@hegh.law; 'anelson@hegh.law' <anelson@hegh.law>
**Subject:** RE: Astellas / Myrbetriq (16-905 CONS) - Ps RFP Nos. 33-34

Corinne-

Thank you for your email.  To be clear, the offer during the meet-and-confer was for ███████████████████ in exchange for Plaintiffs not seeking additional discovery from them.  Given Plaintiffs' motion to ██████████████████, it appears that Plaintiffs are attempting to seek additional discovery.  However, in an effort of good faith and cooperation, we have worked with ███████████████████████████████████████████ addressed to you at your NY office.  We expect to let you know when ████████████████████ ████████████████████████████████████████

Sawai will not be producing any of the samples Plaintiffs have requested because they do not have any such samples in their possession, custody, or control.  It is our understanding from ████████████████████████ ██████████████████████████

As for supplementing Sawai's responses, we are willing to do so if Plaintiffs are willing to do the same in their responses to all of Sawai's and the joint defendants' discovery requests.  We have requested such supplementation from Plaintiffs, but have yet to see such statements in any supplemental responses from Plaintiffs.  We are willing to discuss supplementation further with you.

Best,
Marty

**Martin S. Masar III**
Registered Patent Attorney
Katten Muchin Rosenman LLP
525 W. Monroe Street / Chicago, IL 60661-3693
p / +1.312.902.5616 f / +1.312.902.1061
martin.masar@kattenlaw.com / www.kattenlaw.com

**From:** Atton, Corinne <catton@fchs.com>
**Sent:** Wednesday, April 4, 2018 11:26 AM
**To:** dgattuso@hegh.law; 'anelson@hegh.law' <anelson@hegh.law>; Sodikoff, Brian <brian.sodikoff@kattenlaw.com>; Masar, Martin S. <martin.masar@kattenlaw.com>; Holub, Matthew M. <matthew.holub@kattenlaw.com>; USR-Mirabegron <USR-Mirabegron@kattenlaw.com>; Ferenc, Christopher B. <christopher.ferenc@kattenlaw.com>
**Cc:** Roberts, Simon <SRoberts@fchs.com>; Leonard, Jason <Jleonard@fchs.com>; Atton, Corinne <catton@fchs.com>; Jack Blumenfeld <jblumenfeld@mnat.com>; 'Noreika, Maryellen' <MNoreika@mnat.com>; kjacobs@mnat.com
**Subject:** Astellas / Myrbetriq (16-905 CONS) - Ps RFP Nos. 33-34

Counsel,

During our meet and confer on March 20, you indicated that pursuant to Plaintiffs' RFP No. 33, Sawai will produce one gram samples ████████████████████████.  Please can you confirm the identity of ██████████████ and also arrange for shipment of the same, to me, at the below address.  We expect delivery of these samples within 7 days of the date of this email.  If this is not possible, please let us know asap, your expected delivery date.  We also trust that Sawai will produce the documents requested in Plaintiffs' RFP No. 34 that relate to these ██████████████.  Please also produce these documents within 7 days.

Our understanding is that Sawai will not be producing the ██████████████ requested in Plaintiffs' RFP No. 33.  If this understanding is incorrect, please clarify.

Please also supplement Sawai's Responses to Plaintiffs' RFP Nos. 33 and 34 accordingly.

Kind regards,
Corinne

**Exhibits 10 through 11 Remain Under Seal In Their Entirety**

# Exhibit 12

October 17, 2017 Letter from Roberts to Masar



# Fitzpatrick

FITZPATRICK, CELLA, HARPER & SCINTO

SIMON D. ROBERTS
sroberts@fchs.com
212-218-2547
www.fitzpatrickcella.com

NEW YORK
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2100
F 212-218-2200

October 17, 2017

**By Email**

Martin S. Masar III
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693

Re:   *Astellas Pharma Inc. et al. v. Sawai Pharmaceutical Co., Ltd. and Sawai USA, Inc. et al.*, **C.A. No. 16-905-JFB-CJB (Consolidated)**

Dear Counsel,

   Plaintiffs write regarding the continuing obligation of Sawai Pharmaceutical Co., Ltd. and Sawai USA, Inc. (collectively, "Sawai") to produce correspondence with the FDA concerning Sawai's ANDA; and regarding Sawai's production of core technical documents relating to their accused product(s), pursuant to Delaware Local Rule 4(b) (the "Local Rule").

   It is Plaintiffs' understanding that whenever a compound is known to exist in polymorphic form, it is the FDA's practice to require ANDA Applicants to provide information that is sufficient to establish the crystalline form of that compound in the Applicant's ANDA product. Clearly, any and all such information provided by Sawai to the FDA is highly relevant to infringement of both U.S. Patent Nos. 7,342,117 and 7,982,049. Therefore, Plaintiffs request that you confirm, on behalf of Sawai, whether all communications to or from the FDA in connection with ANDA No. 209446 and all other information provided to the FDA that concerns the crystalline nature or identity of the mirabegron in Sawai's ANDA product has already been produced to Plaintiffs. In addition, if there is any such communication or information that Sawai has not already produced, Plaintiffs request that it be produced immediately.

   Additionally, the Local Rule obliges Sawai to produce, among other things,

███████████████████████████████████████████████████████

---

[1]   Plaintiffs additionally sought this discovery in, at least, Plaintiffs' Requests For Production Nos. 5, 8, 9, 11, and 12, served on May 23, 2017; and Plaintiffs wrote to Sawai concerning the same in a letter dated August 15, 2017.

████████████████████████████████

October 17, 2017
Page 2

example, at SAW-MIR 0002343-344, SAW-MIR 0016717-718, SAW-MIR 0016727-728, SAW-MIR 0019315-316, SAW-MIR 0019514-564, SAW-MIR 0019794-808, but it appears that Sawai has not produced the original electronic files for these spectra.  Please redress this deficiency by immediately producing original electronic files for all XRPD spectra Sawai has submitted to the FDA, both in its initial ANDA filing, and subsequently.

Sincerely,

Simon D. Roberts

Cc:

      Martin S. Masar III (Martin.masar@kattenlaw.com)
      Brian J. Sodikoff  (Brian.Sodikoff@kattenlaw.com)
      Matthew M. Holub (Matthew.holub@kattenlaw.com)
      Christopher B. Ferenc (Christopher.ferenc@kattenlaw.com)
      Dominick T. Gattuso (dgattuso@hegh.law)

**Exhibit 13 Remains Under Seal In Its Entirety**

# Exhibit 14

August 29, 2018 Email from Leonard to Masar

## Seidel, Chika

| | |
|---|---|
| **From:** | Leonard, Jason <Jleonard@fchs.com> |
| **Sent:** | Wednesday, August 29, 2018 9:49 AM |
| **To:** | Masar, Martin S. (martin.masar@kattenlaw.com); Sodikoff, Brian (brian.sodikoff@kattenlaw.com); Holub, Matthew M. (matthew.holub@kattenlaw.com); dgattuso@hegh.law |
| **Cc:** | kjacobs@mnat.com; Cucuzzella, Cindy (ccucuzzella@MNAT.com); Roberts, Simon; Reed, Scott; Baechtold,Robert; Atton, Corinne; Norey, Erica; Seidel, Chika; Adams, Katherine |
| **Subject:** | Astellas v. Actavis et al (Case No. 16-0905)(D.Del.) [Mirabegron] |

CONFIDENTIAL – CONTAINS SAWAI CONFIDENTIAL INFORMATION

Dear Marty,

To follow up on our meet and confer held 8/24, please find below a list of topics we believe Sawai has not fully addressed in its 6/27/2018 supplements to Plaintiffs' Interrogatory Nos. 5-10 and revised No. 11:



Please let us know if you agree to supplement Sawai's interrogatory responses with this information.

Best regards,

Jason

**Jason A. Leonard**
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2223
F 212-218-2200
Jleonard@fchs.com
http://www.fitzpatrickcella.com
Bio

**Exhibits 15 through 16 Remain Under Seal In Their Entirety**