Daniel M. Silver
Partner
405 N. King Street, 8th Floor
Wilmington, DE 19801
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com



April 4, 2019
**VIA CM/ECF AND HAND DELIVERY**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3555



PUBLIC VERSION FILED:
APRIL 17, 2019

**RE:**   *Astellas Pharma Inc., et al.* **v.** *Actavis Elizabeth LLC, et al.,* **C.A. No. 16-905-JFB CJB**

Dear Judge Burke:

Plaintiffs respectfully submit this letter brief responding to Defendants' April 2, 2019 request to strike Astellas' rebuttal expert reports. (D.I. 392.) We disagree that Defendants have been surprised or prejudiced in any way by the rebuttal expert reports. The opinions offered by Astellas' experts are a direct response to issues raised in Defendants' own invalidity expert reports and thus, are proper rebuttal of those reports. The Court should deny Defendants' motion.

## 1. Astellas has complied with Rule 26 and this Court's Orders

Defendants argue that Astellas failed to comply with this Court's orders, thus exclusion of evidence is proper. (D.I. 392 at 1-4.) To prevail, Defendants must show that Astellas failed to provide information as required by Rule 26(a) or (e), and the failure was not substantially justified or harmless. Fed. R. Civ. 37(c)(1). In making this determination, courts in the Third Circuit consider: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified or the excluded evidence would have been offered; (2) the ability of that party to cure the prejudice; (3) the extent to which allowing such witnesses or evidence would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) any bad faith or willfulness in failing to comply with the court's order; and (5) the importance of the excluded evidence. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977). Defendants fail to meet this high burden.

There is no dispute that (1) Astellas' experts disclosed all of their opinions in their rebuttal expert reports as scheduled by the Court, including on secondary considerations; (2) Defendants had the opportunity to submit reply reports on secondary considerations; and (3) Defendants will have the opportunity to depose Astellas' experts on the contents of their rebuttal reports. Astellas has fully complied with the ordered schedule for expert discovery (D.I. 372) and Defendants were provided with the full substance of Astellas' expert opinions in accordance with that schedule.

### a.   Astellas complied with this Court's Order on secondary considerations

Defendants allege that Astellas has violated this Court's Order by deviating from the content of its third supplemental interrogatory responses on secondary considerations ("third supplement") in its rebuttal expert reports. (D.I. 392 at 1-2, identifying alleged objectionable paragraphs.) Defendants' allegation is without merit and is another attempt to seek reconsideration of issues on secondary considerations that have been addressed by this Court. (D.I. 342, 346, 385, 388.) Defendants acknowledge that the Court made clear that in making its secondary considerations

The Honorable Christopher J. Burke
April 4, 2019
Page 2

case at trial, Astellas and its experts "may rely on *any evidence/argument fairly raised* in the [Third] Supplement." (D.I. 346 at 5.) Consistent with that Order, Astellas' experts offered opinions on secondary considerations consistent with what was fairly raised in the third supplement (Ex. H), including:[1]

- Teaching away: Ex. C, Michel ¶¶19, 24, 190-194 (explaining side effects of β adrenergic receptor agonists, which stimulate heart rate, cardiac function, contractility); Ex. B, Nitti ¶8 (same); Ex. H (stimulation of β adrenergic receptors increases heart rate, contractility).

- Failure of others: Ex. C, Michel ¶231 (explaining mirabegron was first-in-class); Ex. B, Nitti ¶¶8, 123, 127, 129, 193 (same); Ex. H (mirabegron is a first-in-class drug).

- Industry praise: Ex. B, Nitti ¶¶8, 134, 193 (discussing awards received for mirabegron); Ex. H (mirabegron received several awards).

- Commercial success: Ex. B, Nitti ¶¶124-126 (explaining Astellas' Myrbetriq® is the commercial embodiment of MOT patents, consistent with opening report); Ex. D, Velluro ¶¶8-10, 15-23, 25, 27, 30, 36, 39, 45-50, 52-55, 60-65 (providing economic analysis on commercial success, based on US sales data); Ex. H (Myrbetriq®, the commercial embodiment, was commercially successful based on October 2012-June 2018 US sales data).

- Long-felt need: Ex. C, Michel ¶¶8, 232, 233, 333, 389-394 (explaining side effects with available OAB treatments and mirabegron was first β3 agonist to be FDA-approved for OAB due to its tolerability profile; Ex. B, Nitti ¶¶75-92, 123, 132, 133 (same and explaining why clinical data in NDA supports opinion); Ex. H (available OAB treatments were not well tolerated; mirabegron was the only FDA-approved β3 agonist for OAB); Ex. A, Myerson ¶215 (explaining FDA found Myrbetriq® containing claimed α-form crystals safe and effective); Ex. H (no other crystalline or other form of mirabegron has been FDA approved).[2]

- Unexpected results: Ex. C, Michel ¶¶8, 195, 234, 333 (explaining mirabegron was unexpectedly well tolerated); Ex. B, Nitti ¶¶124, 130-132 (same); Ex. H (mirabegron's unexpected selectivity, safety, and efficacy).

Defendants' argument that Astellas violated Rule 33(d) by relying on thousands of pages of previously undisclosed documents and failed to identify, *e.g.*, NDA records with "particularity" lacks merit. (D.I. 392 at 2, n.12, 13.) Rule 33(d) only requires that Astellas identify records in sufficient detail to enable Defendants to locate and identify them. Moreover, the documents cited by Astellas' experts were produced to Defendants during discovery. Defendants had no trouble locating those very same documents or identifying their relevance in their discovery motions. (*See* D.I. 346 at 5, noting Sawai had "sufficiently explained the relevance of [Astellas' original

---

[1]   "Ex." refers to exhibits submitted with Defendants' April 2, 2019 letter motion; "Exh." refers to exhibits submitted herewith. As to the highlighted expert reports served by Defendants (Exs. A-D), there seems to be inconsistencies between the cited paragraphs in the letter motion and the corresponding highlighted paragraphs. Astellas' responses are based on alleged objections to the paragraphs cited in the letter motion and the subject matter identified as being objectionable in Defendants' letter motion.

[2]   Astellas submits that it does not intend to rely on long-felt unmet need as to the polymorph patents at trial and is willing to withdraw the single paragraph (¶ 215) addressing it.

The Honorable Christopher J. Burke
April 4, 2019
Page 3

NDA]"; D.I. 342 at 4, arguing relevance of the NDA for objective indicia and enablement.)

**b. This Court's Order does not preclude Astellas' experts from rebutting opinions raised in Defendants' opening expert reports on invalidity**

As Defendants cannot hide from the fact that Astellas has complied with this Court's Order, they instead mischaracterize Astellas' experts' opinions to create a false impression of misconduct. But here, there is none. They also ignore that many of the opinions and evidence, including post-filing evidence, in the objected to paragraphs of Astellas' expert reports were not limited to objective indicia; rather as their context makes clear, they were in direct response to Defendants' experts' alleged *prima facie* obviousness or nonenablement analyses, including:

- Anticipation: Ex. A, Myerson ¶¶88-89, 93.

- State of the prior art, differences between the prior art and the claimed inventions, and relative skill of those in the art: Ex. A, Myerson ¶¶40-58, 162, 165-168, 222, 226, 228; Ex. C, Michel ¶¶9-15, 17, 64-86, 96-99, 185-194, 196-201, 207, 217-220, 233, 331; Ex. B, Nitti ¶¶4, 5, 7, 62-66, 68-69, 118, 121, 127-129, 160, 178; Ex. D, Vellturo ¶10.

- Problem to be solved: Ex. C, Michel ¶¶8, 195; Ex. B, Nitti ¶¶56-74, 83-84.

- Motivation: Ex. A, Myerson ¶¶150-151, 154, 162, 165-168, 170, 222, 238; Ex. C, Michel ¶¶207, 208, 217-220, 225-226, 228, 235, 237-239, 257, 258, 272, 331, 332; Ex. B, Nitti ¶¶4, 5, 7, 117, 118, 122, 130, 138-145, 150, 152, 157, 160, 165-168, 174, 175, 178, 179-180.

- Reasonable expectation of success: Ex. C, Michel ¶¶21, 23, 195, 331; Ex. B, Nitti ¶¶74, 130, 171, 186, 191, 192.

- Enablement: Ex. C, Michel ¶¶389-394; Ex. B, Nitti ¶¶79-92, 203.

Although the Court ordered that Astellas could not rely on evidence/arguments that were not "fairly raised" in its third supplement on secondary considerations, it did **not** preclude Astellas' experts from **rebutting** opinions and evidence raised in defendants' opening invalidity expert reports. In fact, numerous courts in the Third Circuit have held that "[r]ebuttal evidence is properly admissible when it will 'explain, repel, counteract or disprove the evidence of the adverse party.'") *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004) (citing *United States v. Chrzanowski*, 502 F.2d 573, 576 (3d Cir. 1974); *see also Vectura Ltd. V. Glaxosmithkline, LLC*, No. 16-638, Order (D. Del. April 1, 2019); *Masimo Corp. v. Philips Elec. N. Am. Corp,* 2016 WL 4394359 (D. Del. Aug. 15, 2016). Courts have also held that post-filing evidence is permissible in an obviousness analysis. *Novartis, v. Westward*, No. 15-474, Order at 2-3 (D. Del. June 30, 2017) (denying motion to exclude post-filing evidence for considering the state of the art for obviousness analysis and acknowledging the permissive use of post-filing evidence for various purposes); *see also Eli Lilly and Co., v. Teva Pharm. USA*, 619 F.3d 1329, 1333 (Fed. Cir. 2010) (plaintiff's internal documents and results were consistent with widely reported results, which would have precluded POSAs from having a reasonable expectation of success).

Thus, contrary to Defendants' allegations, the opinions and evidence offered in Astellas' rebuttal expert reports on "secondary considerations" were proper under this Court's Order, the Federal

The Honorable Christopher J. Burke
April 4, 2019
Page 4

Rules, and this jurisdiction's precedent and should not be excluded from this case. This case does not involve the kind of "flagrant disregard of a court order" as to warrant exclusion of evidence.[3]

## 2. The "new, unexpected validity theories and evidence" offered by Astellas' experts directly rebut Defendants' experts' obviousness theories

Defendants also take issue with two topics in Astellas' experts' rebuttal reports as being "new." (D.I. 392 at 3-6.) But, the topics are not "new." Rather, they directly respond to Defendants' experts opinions on (1) obviousness that a POSA would have been motivated to select mirabegron from the prior art disclosures, and would have a reasonable expectation of success; and (2) their analysis of Astellas' internal documents on the development of mirabegron.

### a. There is no basis to strike Astellas' experts' opinions on the "'selection' of mirabegron" from the prior art to rebut Defendants' experts' opinions

First, Defendants complain that Astellas' experts' theory on the "selection of mirabegron" from the prior art was not disclosed prior to serving the expert reports. (D.I. 392 at 4, *see also* n.18, identifying the alleged objectionable paragraphs.) But, as Astellas' expert reports make clear, these opinions were provided to expose the flaws and hindsight bias in Defendants' experts' opinions. (*See also* Section 1.b above.) For example, Dr. Chancellor offered the opinion that a POSA would have been motivated to select mirabegron from the prior art and would have had a reasonable expectation of success. Prof. Michel pointed out the flaws in Dr. Chancellor's analysis, including for example, that he failed to provide any rationale for why a POSA would start with mirabegron in the first place. (*See, e.g.*, Ex. C, Michel ¶¶215, 217, 239.) Prof. Myerson pointed out flaws in Profs. Cima and Eckhardt's obviousness analysis, including for example, that they failed to consider the full scope and content of the prior art, of which mirabegron free base was but one of many. (*See, e.g.*, Ex. A, Myerson ¶¶150, 151.) Defendants allege that they were blindsided by these "new" opinions and thus, the opinions should be stricken. But, Astellas' experts' analysis of Defendants' opening expert opinions is exactly the type of opinion that "directly contradict[s] or rebut[s] the opposing party's expert" and is permissible in a rebuttal report. *Haskins v. First Am. Title Ins. Co.*, 2013 WL 5410531, at *2 (D.N.J. Sept. 26, 2013).

### b. There is no basis to strike Prof. Myerson's criticisms of Prof. Cima's flawed analysis of Astellas' development of the crystal forms of mirabegron

Second, defendants request that the Court strike Prof. Myerson's rebuttal analysis on "inventorship," because he "tells a very different story" than one disclosed in Astellas' interrogatory responses or developed by Defendants during fact discovery, but they fail to articulate how his opinions are "different." (D.I. 392 at 5-6.) Plaintiffs first learned of Defendants' improper inventorship claim *after* the close of fact discovery in October 2018, when

---

[3]        The cases cited by Defendants are readily distinguishable: *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710 (3d Cir. 1997) (excluding expert testimony because of a party's "flagrant disregard" for a court order by disclosing the expert over a year and a half after the close of expert discovery and three weeks before trial); *In re Armodafinil Pat. Litig.*, No. 1:10-md-02200-GMS (D. Del.) (Nov. 28, 2011 hearing) (precluding plaintiffs from relying on secondary considerations due to a late production of over 50,000 documents without warning or explanation on the day of a court-ordered Rule 30(b)(6) deposition on secondary considerations).

The Honorable Christopher J. Burke
April 4, 2019
Page 5

Defendants' final invalidity contentions were served. (D.I. 338.) Moreover, Prof. Myerson's opinion was in direct rebuttal to Prof. Cima's theory of improper inventorship. (Ex. A, Myerson Section IX.F.) Defendants argue that Astellas did not provide the specific analysis and documents provided in Prof. Myerson's rebuttal report in its interrogatory responses, but Astellas could not have done so without first knowing Defendants' arguments. Defendants also cannot claim credibly that they were "surprised" by the documents cited by Prof. Myerson. (D.I. 392 at 6.) Most of these documents were either cited in Prof. Cima's opening report or marked as exhibits in the polymorph inventor depositions. (*See, e.g.*, Ex. A, Myerson n.297, 307, 329.) To the extent there were any "surprises," it was due to Defendants' failure to "thoroughly review the documents to understand all of the relevant work that went into discovering and enabling" the claimed polymorph inventions.[4] (Ex. A, Myerson at ¶273.) Prof. Myerson merely pointed out the flaws in Prof. Cima's analysis and thus, was a proper rebuttal of that report. Any prejudice was caused by Defendants holding back their inventorship contentions until after the close of fact discovery, and then springing them on Plaintiffs by way of Prof. Cima's expert report.

### 3. There is no showing of bad faith by Astellas

Defendants have also not made any showing of bad faith by Astellas regarding its rebuttal expert reports. The rebuttal opinions were properly and timely disclosed per the Court's scheduling order, and Defendants have a full and fair opportunity to cross-examine Astellas' experts during depositions. Defendants are essentially raising discovery issues that have been decided by the Court, and for which they have received the requested relief. (D.I. 346.) Defendants also heavily rely on Astellas' alleged deficiencies with additional discovery requests, but then concede that Defendants *agreed* to resolve those issues, with Astellas supplementing its disclosures, including providing additional depositions and documents. (*See, e.g.,* D.I. 331; Exh. 1.)

Defendants allege that Astellas failed to disclose its "selection" and "inventorship" theories in response to discovery requests, but that misstates the factual record. (D.I. 392 at 4-6.) Defendants served their initial invalidity contentions in August 2017; Astellas served its final interrogatory responses on October 11, 2018; Defendants provided their final invalidity contentions on October 12, 2018, after Astellas had provided its interrogatory responses; and Defendants served their opening invalidity expert reports in November 2018, wherein they raised their obviousness theories and Prof. Cima's flawed inventorship analyses. Per the schedule, on February 19, 2019, Astellas' experts provided their opinions, factual bases, and evidence to rebut the opinions offered by Defendants' experts, including reasons why a POSA would <u>not</u> select mirabegron from the prior art and why Prof. Cima's analysis of Astellas' mirabegron development program was flawed. Defendants' claim that Astellas acted in bad faith has no basis. Defendants cannot disclose new theories on the eve of expert discovery, deny Astellas a meaningful opportunity to respond, and then argue Astellas is precluded for not timely disclosing its responses.

---

[4]   Defendants fail to mention that Astellas agreed to obtain testimony from one former employee and inventor, Dr. Maruyama, and provided that information via a corporate witness. (Ex. 5.) As a Japanese national, Defendants could not compel his deposition by subpoena, but Astellas worked to have Defendants' questions asked and the answers provided to them, despite no obligation to do so. Defendants also fail to mention that Astellas provided extra deposition time at polymorph inventor depositions, despite already having 14 hours. (*E.g.*, Exh. 6; Exh. 7.)

The Honorable Christopher J. Burke
April 4, 2019
Page 6

### 4.   Any prejudice to Defendants is of their own making

Prejudice is relevant only if the Court finds that Astellas' conduct violated Rule 26. As noted above, Astellas has complied with the Court's Order and Rule 26. In any case, Defendants cannot show that they have suffered any real prejudice. Defendants allege that had they been aware of these "belated" opinions, they would have taken fact witness depositions, retained other experts, or at the very least addressed these arguments in their opening briefs. (D.I. 392 at 2-6.) Defendants' claims of prejudice ring hollow. First, Defendants have had many opportunities to obtain fact discovery from Astellas, including through repeated depositions of Astellas' fact witnesses on the issues they are now seeking to exclude such as inventorship and commercial success. Second, Defendants should have anticipated a rebuttal to their own experts' opinions. By failing to anticipate a rebuttal, Defendants seem to have created the very prejudice they now seek to cure. Third, Defendants suggest that their experts may not be qualified to offer opinions in reply, even though Prof. Cima, Dr. Chancellor, and Mr. Hofmann were able to provide opinions concerning the objected to subject matter in their reply reports on secondary considerations. (Exhs. 2-4.) To the extent that Defendants' experts have responded to any such opinions, Defendants cannot claim prejudice in good faith.

Defendants' conduct here proves that it is not prejudice that they seek to cure, but rather relevant evidence which they seek to unfairly preclude. As Defendants have not shown any evidence of prejudice, their motion should be denied. *Pennypack*, 559 F.2d at 905. ("[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence.")

### 5.   Defendants should not be allowed to serve reply expert reports

In addition to seeking to strike Astellas' expert reports on secondary considerations, "new 'selection' theory," and "inventorship," Defendants request leave to serve two reply reports to address "other new validity theories, arguments, and evidence disclosed for the first time in the Rebuttals" and to further address "other non-stricken new theories." (D.I. 392 at 6; *id.* at 4, n.17.) But, Defendants do not identify *any* "other new validity theories, arguments, and evidence" or provide evidence why the rebuttal opinions are improper. Defendants' request should be denied.

Moreover, absent significant prejudice, granting Defendants' request outside the bounds of the agreed to Scheduling Order would open the Court up to parties continually asking for leave to serve more and more supplemental reports. As courts in this jurisdiction have held, "the problem is that this can become limitless …. It has to stop somewhere." *Merck Sharp & Dohme Corp. v. Fresenius Kabi USA, LLC*, No. 14-4989, Slip. Op. at 3 (D.N.J. July 28, 2016) (affirming denial of motion to strike reply expert because the new evidence and data were offered in direct response to issues raised in defendant's expert report and denying request for sur-reply).

*     *     *

For the foregoing reasons, the Court should deny Defendants' request to strike portions of Astellas' rebuttal expert reports and their request to serve reply reports.

The Honorable Christopher J. Burke
April 4, 2019
Page 7

Respectfully submitted,

/s/ Daniel M. Silver

Daniel M. Silver (#4758)

cc: All counsel of record (via CM/ECF)

# Exhibit 1

October 1, 2018 Plaintiffs' document
production email

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

## Seidel, Chika

| | |
|---|---|
| **From:** | Seidel, Chika |
| **Sent:** | Monday, October 1, 2018 5:39 PM |
| **To:** | dgattuso@hegh.law; 'anelson@hegh.law'; 'Brian.Sodikoff@kattenlaw.com'; 'Martin.masar@kattenlaw.com'; 'Matthew.holub@kattenlaw.com'; 'Christopher.ferenc@kattenlaw.com'; 'USR-Mirabegron@kattenlaw.com'; 'dvarughe@skgf.com'; 'glongs@skgf.com'; 'dritterbeck@skgf.com'; 'jmiller@skgf.com'; 'Aurobindo-Myrbetriq@skgf.com'; mmatterer@morrisjames.com; 'dabramowitz@lockelord.com'; mgaertner@lockelord.com; cblessing@lockelord.com; 'esavas@lockelord.com'; 'jennifer.coronel@lockelord.com'; 'pkraman@ycst.com'; apoff@ycst.com |
| **Cc:** | Baechtold,Robert; Roberts, Simon; Leonard, Jason; Reed, Scott; kjacobs@mnat.com; 'Cucuzzella, Cindy' |
| **Subject:** | Astellas Myrbetriq (16-cv-905 CONSOLIDATED (D. Del.)) - document production |

Counsel,

As part of the global resolution of the parties' discovery disputes concerning certain documents requested during discovery, Plaintiffs are producing today various documents as described below in one zip file by secure file delivery. You will receive a link by separate email. The password for the link is: 9:-+~;y.f-T%%!z

These documents are produced pursuant to the terms of the Protective Order entered in this consolidated case.

This production is made as part of the global resolution between the parties and is made with the understanding that Defendants will also produce documents requested by Plaintiffs. By producing these documents, Plaintiffs' do not waive any objections to the admissibility of these documents on any grounds, including but not limited to, relevance.

The first set of documents bear the Bates numbers **ASTELLAS_MIRA00663156** through **ASTELLAS_MIRA00664111**, and are further to Defendants' requests to the extent the documents could be located after a reasonable search. Plaintiffs confirm that they have conducted but could not find after a reasonable search ████████████████████████ ███████████████████████████████████████████ additional to those already produced, including Kellerman Exhibit 3.

Further, in response to item 2 in Defendants' August 10 letter, Plaintiffs object to Kellerman Exhibit 3A and are producing a certified translation of Kellerman Exhibit 3, bearing the Bates numbers **ASTELLAS_MIRA_T00044561-575**.

Finally, Plaintiffs are producing certified translations of the documents produced at ASTELLAS_MIRA00662026, ASTELLAS_MIRA00662028, and ASTELLAS_MIRA00089224-89228. These translations bear the Bates numbers **ASTELLAS_MIRA_T00662026, ASTELLAS_MIRA_T00662028, and ASTELLAS_MIRA_T00089224-89228**.

Certifications of these translations will be provided in a separate email.

Best regards,
Chika

**Chika Seidel**
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

New York, NY 10104-3800
T 212-218-2256
F 212-218-2200
cseidel@FCHS.COM
http://www.fitzpatrickcella.com

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

**Exhibits 2 through 4 Remain Under Seal In Their Entirety**

# Exhibit 5

July 30, 2018 Email from Masar to Leonard

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

**Seidel, Chika**

| | |
|---|---|
| **From:** | Masar, Martin S. <martin.masar@kattenlaw.com> |
| **Sent:** | Monday, July 30, 2018 11:10 AM |
| **To:** | Leonard, Jason; Atton, Corinne |
| **Cc:** | Norey, Erica; USR-Mirabegron; Baechtold,Robert; Reed, Scott; Roberts, Simon; Jack Blumenfeld; kjacobs@mnat.com; dgattuso@hegh.law; Seidel, Chika; Noreika, Maryellen; Cucuzzella, Cindy; Adams, Katherine |
| **Subject:** | RE: Mirabegron / Strides |
| **Categories:** | Astellas -- Mirabegron |

Dear Jason and Corinne-

Thank you both for working to get Mr. Kellerman prepared to discuss two of the issues I raised in my July 19th letter regarding Topic 11, including having him talk with Dr. Maruyama. I think Mr. Kellerman's testimony regarding A-M00015941-49 was sufficient to address what Sawai was looking for on this document. As for A-M00044561-75 (and the related Onda notebook pages), again Mr. Kellerman's testimony addressed what Sawai was looking for in most of this document, including Slide 10. His testimony also largely addressed our concerns about Slide 11 as well. However, we have one additional ask re: Slide 11 – namely, please search for and identify by Bates Number (or produce to us, if not previously produced) the underlying Maruyama, Onda, and other person(s)' lab notebooks for the experiments depicted in this slide. Once you provide that to us, I believe this document will be sufficiently addressed as well. Please let us know as soon as possible if you are willing to do that search and identification.

Also, we look forward to resolving the additional issues raised in my July 19th letter. We hope to hear back from you on those by the end of this week.

Best,
Marty

**Martin S. Masar III**
Patent Attorney
**Katten Muchin Rosenman LLP**
525 W. Monroe Street / Chicago, IL 60661-3693
p / +1.312.902.5616 f / +1.312.902.1061
martin.masar@kattenlaw.com / www.kattenlaw.com

---

**From:** Leonard, Jason
**Sent:** Tuesday, July 24, 2018 3:50 PM
**To:** Masar, Martin S.
**Cc:** Norey, Erica ; USR-Mirabegron ; Baechtold,Robert ; Reed, Scott ; Roberts, Simon ; Jack Blumenfeld ; kjacobs@mnat.com; dgattuso@hegh.law; Seidel, Chika ; Noreika, Maryellen ; Cucuzzella, Cindy ; Adams, Katherine ; Atton, Corinne
**Subject:** RE: Mirabegron / Strides

Dear Marty,

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

We are working on a written response to your nine page letter of July 19, 2018. We can then meet and confer regarding the issues remaining but note that your letter addresses many more issues than previously raised and many of the issues are not related to Topic 11.

With respect to Mr. Morhart, he will not be providing any further testimony concerning Topic 11. With respect to Mr. Kellerman, we are working to have him possibly address Topic 11, but that is subject to completing discussions with individuals located in Japan. We will let you know before the deposition on Friday if Mr. Kellerman will be providing that testimony.

Best regards,

Jason

**Jason A. Leonard**
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2223
F 212-218-2200
Jleonard@fchs.com
http://www.fitzpatrickcella.com
Bio

---

**From:** Masar, Martin S. [mailto:martin.masar@kattenlaw.com]
**Sent:** Tuesday, July 24, 2018 12:07 PM
**To:** Leonard, Jason
**Cc:** Norey, Erica; USR-Mirabegron; Baechtold,Robert; Reed, Scott; Roberts, Simon; Jack Blumenfeld; kjacobs@mnat.com; dgattuso@hegh.law; Seidel, Chika; Noreika, Maryellen; Cucuzzella, Cindy; Adams, Katherine
**Subject:** RE: Mirabegron / Strides

Jason-

Please let us know by 5 pm CDT today if Plaintiffs will be preparing Mr. Kellerman or Mr. Morhart for Topic 11 as outlined in my letter from last Thursday so that we can properly prepare for their depositions. If neither are going to be prepared for Topic 11 as described, we would like to have a meet-and-confer on this issue so that we can raise it with the court.

Best,
Marty

**Martin S. Masar III**
Patent Attorney
**Katten Muchin Rosenman LLP**
525 W. Monroe Street / Chicago, IL 60661-3693
p / +1.312.902.5616 f / +1.312.902.1061
martin.masar@kattenlaw.com / www.kattenlaw.com

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

**From:** Masar, Martin S.
**Sent:** Thursday, July 19, 2018 6:24 PM
**To:** Leonard, Jason <Jleonard@fchs.com>
**Cc:** Norey, Erica <enorey@fchs.com>; USR-Mirabegron <USR-Mirabegron@kattenlaw.com>; Baechtold,Robert <RBaechtold@fchs.com>; Reed, Scott <SReed@fchs.com>; Roberts, Simon <SRoberts@fchs.com>; Jack Blumenfeld <jblumenfeld@mnat.com>; kjacobs@mnat.com; dgattuso@hegh.law; Seidel, Chika <cseidel@FCHS.COM>; Noreika, Maryellen <MNoreika@mnat.com>; Cucuzzella, Cindy <ccucuzzella@mnat.com>; Adams, Katherine <Kadams@fchs.com>
**Subject:** RE: Mirabegron / Strides

Dear Jason:

Thanks again for meeting with us yesterday regarding various outstanding discovery issues. On the call, you asked that Sawai Defendants provide further detail as to what additional preparation we are seeking from Astellas' remaining 30(b)(6) witnesses as it relates to Topic 11, and more specifically to what information we seek from Astellas' ex-employees. Please see attached correspondence regarding those subjects. We will follow up regarding the other issues discussed yesterday in short order and expect you will do the same with the outstanding issues related to Plaintiffs.

Best,
Marty

**Martin S. Masar III**
Patent Attorney
**Katten Muchin Rosenman LLP**
525 W. Monroe Street / Chicago, IL 60661-3693
p / +1.312.902.5616 f / +1.312.902.1061
martin.masar@kattenlaw.com / www.kattenlaw.com

**From:** Masar, Martin S.
**Sent:** Tuesday, July 17, 2018 2:55 PM
**To:** Adams, Katherine <Kadams@fchs.com>
**Cc:** Leonard, Jason <Jleonard@fchs.com>; Norey, Erica <enorey@fchs.com>; USR-Mirabegron <USR-Mirabegron@kattenlaw.com>; Baechtold,Robert <RBaechtold@fchs.com>; Reed, Scott <SReed@fchs.com>; Roberts, Simon <SRoberts@fchs.com>; Jack Blumenfeld <jblumenfeld@mnat.com>; kjacobs@mnat.com; dgattuso@hegh.law; Seidel, Chika <cseidel@FCHS.COM>; Noreika, Maryellen <MNoreika@mnat.com>; Cucuzzella, Cindy <ccucuzzella@mnat.com>
**Subject:** RE: Mirabegron / Strides

Katie-

11:30 am EDT will work for us. Here is the dial-in info:
1-866-200-9051
PIN - 654859#

In addition to this joint stipulation on Strides, Jason's prior email suggested we speak about other outstanding correspondence between Sawai and Plaintiffs. We're happy to do that, but could you please provide a list of the issues to be discussed so we are all on the same page?

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

Best,
Marty

**Martin S. Masar III**
Patent Attorney
**Katten Muchin Rosenman LLP**
525 W. Monroe Street / Chicago, IL 60661-3693
p / +1.312.902.5616 f / +1.312.902.1061
martin.masar@kattenlaw.com / www.kattenlaw.com

---

**From:** Adams, Katherine <Kadams@fchs.com>
**Sent:** Tuesday, July 17, 2018 9:22 AM
**To:** Masar, Martin S. <martin.masar@kattenlaw.com>
**Cc:** Leonard, Jason <Jleonard@fchs.com>; Norey, Erica <enorey@fchs.com>; USR-Mirabegron <USR-Mirabegron@kattenlaw.com>; Baechtold,Robert <RBaechtold@fchs.com>; Reed, Scott <SReed@fchs.com>; Roberts, Simon <SRoberts@fchs.com>; Jack Blumenfeld <jblumenfeld@mnat.com>; kjacobs@mnat.com; dgattuso@hegh.law; Seidel, Chika <cseidel@FCHS.COM>; Noreika, Maryellen <MNoreika@mnat.com>; Cucuzzella, Cindy <ccucuzzella@mnat.com>
**Subject:** RE: Mirabegron / Strides

Marty,

We are available Wednesday (7/18) at 11:30 am ET. If this time works, please circulate dial-in information.

As we are currently required to submit a status report to the court today, we propose getting an extension to Friday July 20. A draft stipulation is attached. Please let us know if you agree to this extension.

Best regards,
Katie

Katherine Adams
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2106
F 212-218-2200
Kadams@fchs.com
http://www.fitzpatrickcella.com
Bio

-----Original Message-----
From: Masar, Martin S. [mailto:martin.masar@kattenlaw.com]
Sent: Monday, July 16, 2018 4:49 PM
To: Adams, Katherine
Cc: Leonard, Jason; Norey, Erica; USR-Mirabegron; Baechtold,Robert; Reed, Scott; Roberts, Simon; Jack Blumenfeld; kjacobs@mnat.com; dgattuso@hegh.law; Seidel, Chika; Noreika, Maryellen; Cucuzzella, Cindy
Subject: Re: Mirabegron / Strides

Thanks Katie. I'm traveling today and we won't be able to speak tomorrow morning. Does tomorrow afternoon or Wednesday morning work for you?

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

Best,
Marty

Sent from my iPhone

On Jul 16, 2018, at 2:38 PM, Adams, Katherine <Kadams@fchs.com<mailto:Kadams@fchs.com>> wrote:

Marty,

Attached are our redline edits to your draft of July 11. This version does not yet have final client approval, but please let us know your availability for a meet and confer tomorrow morning (7/17).

Best regards,
Katie

Katherine Adams
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2106
F 212-218-2200
Kadams@fchs.com<mailto:Kadams@fchs.com>
http://www.fitzpatrickcella.com<http://www.fitzpatrickcella.com/>
Bio<http://www.fitzpatrickcella.com/attorneys/katherine-adams/>

From: Leonard, Jason
Sent: Monday, July 16, 2018 8:13 AM
To: 'Masar, Martin S.'; Adams, Katherine
Cc: Norey, Erica; USR-Mirabegron; Baechtold,Robert; Reed, Scott; Roberts, Simon; Jack Blumenfeld; kjacobs@mnat.com<mailto:kjacobs@mnat.com>; dgattuso@hegh.law<mailto:dgattuso@hegh.law>; Seidel, Chika
Subject: RE: Mirabegron / Strides

Hi Marty,

Thank you for the revised stipulation. We should have our comments to you later today. Are you available tomorrow morning (7/17) to discuss this stipulation and the other discovery letters between Sawai and Plaintiffs?

Thanks,

Jason

Jason A. Leonard
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2223
F 212-218-2200
Jleonard@fchs.com<mailto:Jleonard@fchs.com>

5

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

http://www.fitzpatrickcella.com<http://www.fitzpatrickcella.com/>
Bio<http://www.fitzpatrickcella.com/attorneys/jason-a-leonard/>

From: Masar, Martin S. [mailto:martin.masar@kattenlaw.com]
Sent: Wednesday, July 11, 2018 10:38 AM
To: Adams, Katherine; Leonard, Jason
Cc: Norey, Erica; USR-Mirabegron; Baechtold,Robert; Reed, Scott; Roberts, Simon; Jack Blumenfeld;
kjacobs@mnat.com<mailto:kjacobs@mnat.com>; dgattuso@hegh.law<mailto:dgattuso@hegh.law>
Subject: RE: Mirabegron / Strides

Jason and Katie-

Attached is our redline to your 7.7.18 draft of the stipulation re: Strides, incorporating our discussions on
yesterday's meet-and-confer. Also attached is a clean version with our edits accepted. Please note that we are
still waiting for client approval on these edits, so they are subject to change. However, we wanted to continue to
move the discussion along by providing drafts to you earlier rather than later.

We're generally available today if further discussion would be helpful.

Best,
Marty

Martin S. Masar III
Patent Attorney
Katten Muchin Rosenman LLP
525 W. Monroe Street / Chicago, IL 60661-3693 p / +1.312.902.5616 f / +1.312.902.1061
martin.masar@kattenlaw.com<mailto:martin.masar@kattenlaw.com> /
www.kattenlaw.com<http://www.kattenlaw.com/>

From: Masar, Martin S.
Sent: Tuesday, July 10, 2018 11:33 AM
To: Adams, Katherine <Kadams@fchs.com<mailto:Kadams@fchs.com>>; Sodikoff, Brian
<brian.sodikoff@kattenlaw.com<mailto:brian.sodikoff@kattenlaw.com>>
Cc: Norey, Erica <enorey@fchs.com<mailto:enorey@fchs.com>>; Ferenc, Christopher B.
<christopher.ferenc@kattenlaw.com<mailto:christopher.ferenc@kattenlaw.com>>; Holub, Matthew M.
<matthew.holub@kattenlaw.com<mailto:matthew.holub@kattenlaw.com>>; USR-Mirabegron <USR-
Mirabegron@kattenlaw.com<mailto:USR-Mirabegron@kattenlaw.com>>; Baechtold,Robert
<RBaechtold@fchs.com<mailto:RBaechtold@fchs.com>>; Reed, Scott
<SReed@fchs.com<mailto:SReed@fchs.com>>; Roberts, Simon
<SRoberts@fchs.com<mailto:SRoberts@fchs.com>>; Leonard, Jason
<Jleonard@fchs.com<mailto:Jleonard@fchs.com>>; Jack Blumenfeld
<jblumenfeld@mnat.com<mailto:jblumenfeld@mnat.com>>; kjacobs@mnat.com<mailto:kjacobs@mnat.com>
Subject: RE: Mirabegron / Strides

Katie-

We are available at 1 pm EDT for a call. We can use the following dial-in:

1-866-200-9051
PIN - 654859#

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

Best,
Marty

Martin S. Masar III
Patent Attorney
Katten Muchin Rosenman LLP
525 W. Monroe Street / Chicago, IL 60661-3693 p / +1.312.902.5616 f / +1.312.902.1061
martin.masar@kattenlaw.com<mailto:martin.masar@kattenlaw.com> /
www.kattenlaw.com<http://www.kattenlaw.com/>

From: Adams, Katherine <Kadams@fchs.com<mailto:Kadams@fchs.com>>
Sent: Tuesday, July 10, 2018 10:49 AM
To: Sodikoff, Brian <brian.sodikoff@kattenlaw.com<mailto:brian.sodikoff@kattenlaw.com>>
Cc: Norey, Erica <enorey@fchs.com<mailto:enorey@fchs.com>>; Masar, Martin S.
<martin.masar@kattenlaw.com<mailto:martin.masar@kattenlaw.com>>; Ferenc, Christopher B.
<christopher.ferenc@kattenlaw.com<mailto:christopher.ferenc@kattenlaw.com>>; Holub, Matthew M.
<matthew.holub@kattenlaw.com<mailto:matthew.holub@kattenlaw.com>>; USR-Mirabegron <USR-
Mirabegron@kattenlaw.com<mailto:USR-Mirabegron@kattenlaw.com>>; Baechtold,Robert
<RBaechtold@fchs.com<mailto:RBaechtold@fchs.com>>; Reed, Scott
<SReed@fchs.com<mailto:SReed@fchs.com>>; Roberts, Simon
<SRoberts@fchs.com<mailto:SRoberts@fchs.com>>; Leonard, Jason
<Jleonard@fchs.com<mailto:Jleonard@fchs.com>>; Jack Blumenfeld
<jblumenfeld@mnat.com<mailto:jblumenfeld@mnat.com>>; kjacobs@mnat.com<mailto:kjacobs@mnat.com>>
Subject: RE: Mirabegron / Strides

Brian,

We are available today at 1pm ET for a meet and confer regarding the Strides discovery stipulation. If this time
works for you, please circulate dial-in information.

We are not available on Thursday July 12th for a deposition of Strides USA, but can discuss further during the
call today.

Best regards,
Katie

Katherine Adams
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2106
F 212-218-2200
Kadams@fchs.com<mailto:Kadams@fchs.com>
http://www.fitzpatrickcella.com<http://www.fitzpatrickcella.com/>
Bio<http://www.fitzpatrickcella.com/attorneys/katherine-adams/>
From: Sodikoff, Brian [mailto:brian.sodikoff@kattenlaw.com]
Sent: Monday, July 09, 2018 4:52 PM
To: Norey, Erica; Masar, Martin S.; Ferenc, Christopher B.; Holub, Matthew M.; USR-Mirabegron
Cc: Baechtold,Robert; Reed, Scott; Roberts, Simon; Leonard, Jason; Jack Blumenfeld;
kjacobs@mnat.com<mailto:kjacobs@mnat.com>
Subject: RE: Mirabegron / Strides

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

Erica,

We would prefer to have a global resolution to the Strides discovery. We are free to meet and confer tomorrow regarding the redline provided by you on Saturday. Please let us know when you are available.

Given the current differences in the redlines, it would be prudent to move forward with plans in case we cannot agree. In that regard, we can confirm that Strides USA is available for deposition, subject to its objections, on Thursday July 12th. We are still determining if your NYC office would be most convenient, and will get back to you tomorrow to discuss an agreeable location.

Sincerely,

Brian

Brian Sodikoff
Partner
Katten Muchin Rosenman LLP
525 W. Monroe Street / Chicago, IL 60661-3693 p / +1.312.902.5462 f / +1.312.902.1061
brian.sodikoff@kattenlaw.com<mailto:brian.sodikoff@kattenlaw.com> /
www.kattenlaw.com<http://www.kattenlaw.com>
From: Norey, Erica <enorey@fchs.com<mailto:enorey@fchs.com>>
Sent: Friday, July 6, 2018 8:28 PM
To: Sodikoff, Brian <brian.sodikoff@kattenlaw.com<mailto:brian.sodikoff@kattenlaw.com>>; Masar, Martin
S. <martin.masar@kattenlaw.com<mailto:martin.masar@kattenlaw.com>>; Ferenc, Christopher B.
<christopher.ferenc@kattenlaw.com<mailto:christopher.ferenc@kattenlaw.com>>; Holub, Matthew M.
<matthew.holub@kattenlaw.com<mailto:matthew.holub@kattenlaw.com>>; USR-Mirabegron <USR-
Mirabegron@kattenlaw.com<mailto:USR-Mirabegron@kattenlaw.com>>
Cc: Baechtold,Robert <RBaechtold@fchs.com<mailto:RBaechtold@fchs.com>>; Reed, Scott
<SReed@fchs.com<mailto:SReed@fchs.com>>; Roberts, Simon
<SRoberts@fchs.com<mailto:SRoberts@fchs.com>>; Leonard, Jason
<Jleonard@fchs.com<mailto:Jleonard@fchs.com>>; Jack Blumenfeld
<jblumenfeld@mnat.com<mailto:jblumenfeld@mnat.com>>; kjacobs@mnat.com<mailto:kjacobs@mnat.com>>
Subject: RE: Mirabegron / Strides

Brian:

Thank you for your response. We are ok with deferring the deposition on Monday, particularly in light of the ongoing negotiations of the stipulation concerning the discovery Astellas is seeking from Strides. It may make sense to discuss scheduling the deposition in the context of those ongoing negotiations.

Let us know by Monday if that seems like a reasonable approach.

Regards,
Erica

Erica Norey
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2264

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

F 212-218-2200
enorey@fchs.com<mailto:enorey@fchs.com>
http://www.fitzpatrickcella.com<http://www.fitzpatrickcella.com/>
Bio<http://www.fitzpatrickcella.com/attorneys/erica-l-norey/>


From: Sodikoff, Brian [mailto:brian.sodikoff@kattenlaw.com]
Sent: Friday, July 06, 2018 10:39 AM
To: Norey, Erica; Masar, Martin S.; Ferenc, Christopher B.; Holub, Matthew M.; Stoeckel, Nellie C.; USR-Mirabegron
Cc: Baechtold,Robert; Reed, Scott; Roberts, Simon; Leonard, Jason; Jack Blumenfeld;
kjacobs@mnat.com<mailto:kjacobs@mnat.com>
Subject: RE: Mirabegron / Strides

Counsel,

Given the 4th of July Holiday week, and other scheduling issues, we do not think that Monday will work. We are currently determining witness availability for the back half of the week (Thursday or Friday) and will get back to you as soon as possible. So in sum we request/would appreciate postponing the deposition at least for three days with a tentative agreement for Thursday to be confirmed by us by COB Monday.

Sincerely,

Brian

Brian Sodikoff
Partner
Katten Muchin Rosenman LLP
525 W. Monroe Street / Chicago, IL 60661-3693 p / +1.312.902.5462 f / +1.312.902.1061
brian.sodikoff@kattenlaw.com<mailto:brian.sodikoff@kattenlaw.com> /
www.kattenlaw.com<http://www.kattenlaw.com>
From: Norey, Erica <enorey@fchs.com<mailto:enorey@fchs.com>>
Sent: Friday, July 6, 2018 7:10 AM
To: Sodikoff, Brian <brian.sodikoff@kattenlaw.com<mailto:brian.sodikoff@kattenlaw.com>>; Masar, Martin
S. <martin.masar@kattenlaw.com<mailto:martin.masar@kattenlaw.com>>; Ferenc, Christopher B.
<christopher.ferenc@kattenlaw.com<mailto:christopher.ferenc@kattenlaw.com>>; Holub, Matthew M.
<matthew.holub@kattenlaw.com<mailto:matthew.holub@kattenlaw.com>>; Stoeckel, Nellie C.
<nellie.stoeckel@kattenlaw.com<mailto:nellie.stoeckel@kattenlaw.com>>; USR-Mirabegron <USR-
Mirabegron@kattenlaw.com<mailto:USR-Mirabegron@kattenlaw.com>>
Cc: Baechtold,Robert <RBaechtold@fchs.com<mailto:RBaechtold@fchs.com>>; Reed, Scott
<SReed@fchs.com<mailto:SReed@fchs.com>>; Roberts, Simon
<SRoberts@fchs.com<mailto:SRoberts@fchs.com>>; Leonard, Jason
<Jleonard@fchs.com<mailto:Jleonard@fchs.com>>; Jack Blumenfeld
<jblumenfeld@mnat.com<mailto:jblumenfeld@mnat.com>>; kjacobs@mnat.com<mailto:kjacobs@mnat.com>>
Subject: Mirabegron / Strides

Counsel:

We are in receipt of Strides US' Objections to Astellas' Amended Subpoenas to Strides US to Testify and Produce Documents. It indicates that Strides US will not designate a witness for any of the enumerated topics. However, as no motion to quash or modify the subpoena compelling testimony has been served, we assume the deposition as noticed will be going forward Monday July 9. If this is not so, let us know by noon today.

9

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

Regards,
Erica

Erica Norey
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2264
F 212-218-2200
enorey@fchs.com<mailto:enorey@fchs.com>
http://www.fitzpatrickcella.com<http://www.fitzpatrickcella.com/>
Bio<http://www.fitzpatrickcella.com/attorneys/erica-l-norey/>

_____

This email message and any attachments are intended for the use of the addressee(s) indicated above. Information that is privileged or otherwise confidential may be contained therein. If you are not the intended recipient(s), you are hereby notified that any dissemination, review or use of this message, documents or information contained therein is strictly prohibited. If you have received this message in error, please immediately delete it and notify us by telephone at (212) 218-2100. Thank you.

================================================================

CONFIDENTIALITY NOTICE:

This electronic mail message and any attached files contain information intended for the exclusive

use of the individual or entity to whom it is addressed and may contain information that is

proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you

are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or

distribution of this information may be subject to legal restriction or sanction. Please notify

the sender, by electronic mail or telephone, of any unintended recipients and delete the original

message without making any copies.

================================================================

NOTIFICATION: Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has

elected to be governed by the Illinois Uniform Partnership Act (1997).

================================================================

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

# Exhibit 6

Highlighted Excerpt from Onda Depo.
Transcript

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

Page 132

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

----------------------------------------x

ASTELLAS PHARMA INC., ASTELLAS

IRELAND CO., LTD., and ASTELLAS

PHARMA GLOBAL DEVELOPMENT, INC.,

Plaintiffs,

-against-                         Civil Action No.

ACTAVIS ELIZABETH LLC, et al.,          16-905-JFB-CJB

Defendants.

----------------------------------------x

**CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER**

CONTINUED VIDEOTAPED DEPOSITION OF:

KENICHI ONDA, Ph.D. - VOLUME II

Friday, July 13, 2018

New York, New York

8:57 a.m. - 6:22 p.m.


Reported in stenotype by:

Rich Germosen,

CCR, CRCR, CRR, RMR, NYACR, NYRCR

NCRA/NJ/NY/CA Certified Realtime Reporter

NCRA Realtime Systems Administrator

_____

DIGITAL EVIDENCE GROUP

1730 M Street, NW, Suite 812

Washington, D.C. 20036

(202) 232-0646

Page 267

1    whether or not they're the same.

2    BY MR. MASAR:

3           Q.      Do you see the yield of 68 percent on

4    slide 10 of Onda 12 for the middle reaction?

5           A.      Yes, I can see.

6           Q.      And do you see the yield of 68.3

7    percent on the first page of Onda 13 in the right

8    hand -- on the right-hand side, about a third of the

9    way from the bottom of the page?

10                  CHECK INTERPRETER:   I have a

11   correction.

12                  MR. MASAR:   Go ahead.

13                  CHECK INTERPRETER:   (Interprets in

14   Japanese.)

15                  THE INTERPRETER:   Oh, yes.

16          A.      Yes.  Yes, although it's not very

17   clear, but I can see.

18                  MR. LEONARD:   Okay.  How long have we

19   been on?

20                  THE VIDEOGRAPHER:   Seven hours, 14

21   minutes.

22                  MR. MASAR:   All right.

Page 268

1    BY MR. MASAR:

2        Q.     Does that change your -- does that --

3    so I'll ask you one more time now that we see the

4    yields are the same for the middle step and the step

5    on Onda 13, do you have any reason to doubt that the

6    first page of Onda -- the reactions on the first

7    page of Onda 13 are the same ones that are being

8    depicted on the second and third line of reactions

9    on slide 10 of Onda 12?

10                   MR. LEONARD:  Object to form.

11                   CHECK INTERPRETER:  I have

12   corrections.

13                   MR. MASAR:  Go ahead.

14                   CHECK INTERPRETER:  (Interprets in

15   Japanese.)

16                   THE INTERPRETER:  I'm sorry.  I want

17   him to repeat this again or, you know, check

18   interpreter can interpret.

19                   MR. MASAR:  If you have it, please go

20   ahead.

21                   CHECK INTERPRETER:  I do have it.

22                   Hypothetically, the yields being the

Page 269

1  same doesn't necessarily indicate that the reactions

2  are the same.  It often happens that the yields are

3  the same.  In this case the exact yield is 68.3

4  percent, whereas in the meeting report it's 68

5  percent.  So I don't think it can be said that they

6  match 100 percent.

7              MR. MASAR:  Onda-san, thank you very

8  much for your time.  We appreciate you traveling

9  from Japan.  Have a safe trip back.  I have no

10  further -- we have no further questions.

11              THE WITNESS:  Thank you so much.

12              MR. LEONARD:  How long have we been

13  on?

14              THE VIDEOGRAPHER:  Seven hours, 19

15  minutes.

16              MR. LEONARD:  Okay.  Could we go off

17  the record for just two minutes so I can confer to

18  see if I have any follow-up?

19              MR. MASAR:  Sure.

20              MR. LEONARD:  Thank you.

21              THE VIDEOGRAPHER:  The time right now

22  is 6:18 p.m.  We are off the record.

Page 270

1                    (Whereupon, a recess is taken.)

2                    THE VIDEOGRAPHER:  Stand by, please.

3                    The time right now is 6:22 p.m.  We

4    are back on the record.

5                    MR. LEONARD:  Onda-san, Astellas has

6    no questions for you at this time.  Thank you for

7    traveling from Japan and we will reserve signature

8    and mark the transcript confidential.

9                    THE WITNESS:  Yes, I understood.

10                    MR. LEONARD:  Okay.

11                    (Continued on next page.)

12

13

14

15

16

17

18

19

20

21

22

Page 271

1          THE VIDEOGRAPHER:  The time right now

2  is 6:23 p.m.  We are off the record.

3          (Time noted:  6:23 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

# Exhibit 7

Highlighted Excerpt from Suzuki Depo.
Transcript

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

Case 1:16-cv-00905-JFB-CJB   Document 417   Filed 04/17/19   Page 32 of 33 PageID #: 10317

6/22/2018          AstellasPharma, Inc., et al., v. Actavis Elizabeth LLC, et al. Takayuki Suzuki, Vol. II
Confidential

Page 195

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
                                    )
ASTELLAS PHARMA INC.,     )
ASTELLAS IRELAND CO.,     )
LTD. and ASTELLAS         )
PHARMA GLOBAL             )
DEVELOPMENT, INC.,        )   C.A. No:
                          )   1:16-905 (JFB)(CJB)
          Plaintiffs,     )   (CONSOLIDATED)
                          )
     -vs-                 )
                          )
ACTAVIS ELIZABETH LLC,    )
et al.,                   )
                          )
          Defendants.     )
_____

****CONFIDENTIAL****
VIDEOTAPED DEPOSITION OF
TAKAYUKI SUZUKI
VOLUME II
FITZPATRICK CELLA HARPER & SCINTO
1290 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10104-3800
JUNE 22, 2018
9:03 A.M.


REPORTED BY:
DEBRA SAPIO LYONS, RDR, CRR, CRC, CCR, CLR, CPE

_____
DIGITAL EVIDENCE GROUP
1730 M Street, NW, Suite 812
Washington, D.C. 20036
(202) 232-0646

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER

Page 390

1    that there was.

2              MR. MASAR:  Suzuki-san, thank you

3    very much for your time.  We appreciate

4    your staying extra.

5              Thank you, counsel, for allowing

6    that to happen.  Safe flight back to

7    Japan.

8              THE WITNESS:  Thank you very

9    much.

10             MR. LEONARD:  Mr. Suzuki,

11   Astellas has no questions for you at

12   this time.  Thank you for coming all the

13   way from Tokyo to testify here in New

14   York.  We're going to mark the

15   transcript confidential and we'll

16   reserve signature.

17             THE WITNESS:  Understand.

18             THE VIDEOGRAPHER:  All right.

19   Stand by.

20             This marks the end of today's

21   deposition.  The time is 6:10 p.m.

22             (Time noted:  6:10 p.m.)

CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER