## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 16-905-JFB-CJB (Consolidated) |
| ACTAVIS ELIZABETH LLC, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## JOINT [PROPOSED] REVISED SCHEDULING ORDER

WHEREAS, a Scheduling Order was entered in the above referenced consolidated case (D.I. 025)("Prior Scheduling Oder");

WHEREAS, The Parties, Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Astellas" or "Plaintiffs") and defendants Lupin Ltd., and Lupin Pharmaceuticals, Inc. (collectively, "Lupin"), previously agreed to stay their case (C.A. 16-908-JFB-CJB)("Lupin Case") on April 12, 2018 (D.I. 178);

WHEREAS, all the active cases consolidated under C.A. No. 16-905-JFB-CJB ("Consolidated Case") have now settled;

WHEREAS, after meeting and conferring, Plaintiffs and Lupin have been unable to agree upon settlement terms;

THE PARTIES HEREBY STIPULATE AND AGREE, subject to the approval of the Court, that:

The stay in the Lupin Case is lifted; and

The Prior Scheduling Order is replaced by this Revised Scheduling Order.   The remaining litigation between Plaintiffs and Lupin will proceed as follows:

1.      **Papers Filed Under Seal.**   When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means.   A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.   Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript.   With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

2.      **Courtesy Copies.**   Other than with respect to "discovery matters," and the final pretrial order, the Parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.)**.**   This provision also applies to papers filed under seal.

ME1 32638790v.1

**3.**     **ADR Process.**  Having had a telephone conference with the Court on January 27, 2020, to discuss the applicability of the ADR process in this case, the Court will schedule one or more teleconferences to discuss ADR with the Parties during the pendency of this case.

**4.**     **Disclosures.**

   a.     By **June 12, 2020** Plaintiff shall provide final infringement contentions.

   b.     By **June 12, 2020** Lupin shall provide final invalidity contentions.

**5.**     **Discovery.**  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   a.     Discovery Cut Off.  All fact discovery in this case shall be initiated so that it will be completed on or before **May 8, 2020**.

   b.     Document Production.  Document production shall be substantially complete by **March 25, 2020**.  By **March 25, 2020**, each side is obligated to update productions made in response to previous requests for production exchanged between the Parties.  Astellas' production will include all documents responsive to Lupin's document requests, subject to Astellas's objections, produced by Astellas in the Consolidated Case that have not previously been provided to Lupin, subject to the terms of the Protective Order and that do not require redaction to meet the terms of the Protective Order.

   c.     Requests for Admission.  A maximum of **50** requests for admission are permitted for each side, not including requests for admission relating solely to authenticity.  This maximum number is inclusive of any requests served in the Consolidated Case by or on the behalf of a party prior to the date of this Revised Scheduling Order.

   d.     Interrogatories.

i.     A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.   This maximum number is inclusive of any interrogatories served in the Consolidated Case by or on the behalf of a party prior to the date of this Revised Scheduling Order.

ii.     The Court encourages the Parties to serve and respond to contention interrogatories early in the case**.**  In the absence of agreement among the Parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

iii.     By **February 24, 2020**, Plaintiffs shall provide to Lupin all supplemental responses to Defendants' Joint Interrogatories Nos. 1-16 served by Astellas in the Consolidated Case that do not contain information designated as confidential information by any defendant other than Lupin under the terms of the Protective Order.  Any supplemental responses containing such confidential information shall be produced after Plaintiffs have an opportunity to redact that information to meet the requirements of the Protective Order.

e.     <u>Depositions</u>.

i.     <u>Limitation on Hours for Deposition Discovery</u>.   Each side is limited to a total of **5 depositions**, not exceeding **7 hours** (per deposition) of taking testimony by deposition upon oral examination, including depositions of party and non-party witnesses, but exclusive of expert witnesses.

ii.     <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

4

Exceptions to this general rule may be made by order of the Court or by agreement between the Parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

iii.     In the interests of judicial economy and to minimize the burden and inconvenience to the Parties, except for good cause, the Parties shall not request or conduct depositions under Fed. R. Civ. P. 30(b)(1) of any witness that has previously been deposed in the Consolidated Case.  Moreover, the Parties may not serve deposition topics under Fed. R. Civ. P. 30(b)(6) for which a corporate witness previously provided testimony in the Consolidate Case. By **February 24, 2020**, Plaintiffs shall provide to Lupin transcripts and exhibits from previously taken fact depositions under Fed. R. Civ. P. 30(b)(1) in the Consolidated Case, subject to the provisions of the Protective Order entered on July 24, 2017 (D.I. 66).

f.     Disclosure of Expert Testimony.

i.     Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **June 26, 2020**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **July 31, 2020**.  Astellas will include in its initial Federal Rule 26(a)(2) disclosure any opinions on objective indicia of non-obviousness. No other expert reports will be permitted without either the consent of all Parties or leave of the Court.  Along with the submissions of the expert reports, the Parties shall advise of the dates and times of their experts' availability for deposition.  Expert discovery shall conclude by **August 31, 2020.**

ii.     Expert Report Supplementation.  Not applicable.

iii.    <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. MerrellDow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than September 8, 2020, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all Parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the Parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Burke:

The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

Delaware Counsel: _____

Lead Counsel: _____

> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

iii.   The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters -- Motion to Resolve Discovery Dispute."

iv.   The Court will thereafter set a discovery telephone conference. Not less than ninety-six (96) hours prior to the teleconference, excluding weekends and holidays, the moving party shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reasons for its opposition. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the Parties shall attach as an exhibit (or exhibits) sworn declarations or affidavits regarding those issues. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments to the Clerk's Office within one hour of e-filing.

v.   Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may

choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

**6.** <u>**Motions to Amend.**</u>

a.      Any motion to amend (including a motion for leave to amend) a pleading shall **_NOT_** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the Parties shall file a letter requesting a teleconference to address the motion to amend.

**7.** <u>**Motions to Strike**</u>.

a.      Any motion to strike any pleading or other document shall **_NOT_** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the Parties shall file a letter requesting a teleconference to address the motion to strike.

8.      **Claim Construction**. Claim construction has been completed and thus no scheduling is necessary.  Any issue pertaining to claim construction will be resolved at trial, subject to further order of the Court.

9.      **Interim Status Report.** On **April 21, 2020,** counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

10.     **Supplementation.** Absent agreement among the Parties, and approval of the Court, no later than **June 12, 2020**, Plaintiff must finally supplement, inter alia, the identification of all accused products and by **June 12, 2020**, Defendant must finally supplement, inter alia, the identification of all invalidity references.

11.     **Case Dispositive Motions/Daubert Motions.**

a.      Absent leave of Court, no case dispositive motions will be permitted.

b.      Page limits for Daubert motions.   Each ***SIDE*** will be limited to a combined total of 20 pages for all opening briefs, a combined total of 20 pages for all answering briefs, and a combined total of 10 pages for all reply briefs regardless of the number of Daubert motions that are filed.  In the event that a party is permitted to file, in addition to one or more Daubert motions, a case dispositive motion, the total amount of pages permitted for all case

dispositive and *Daubert* motions shall be increased to 40 pages for all opening briefs, 40 pages for all answering briefs, and 20 pages for all reply briefs for each **SIDE**.[1]

      c.   <u>Hearing</u>.  The Court will hear argument on all pending case dispositive and *Daubert* motions on **October [14], 2020** beginning at 11:00 a.m.  Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

      **12.**    **Applications by Motion**.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      **13.**    **Pretrial Conference.**  On **October [14], 2020**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel immediately following hearing any case dispositive and Daubert motions beginning at 11:00 a.m.  Unless otherwise ordered by the Court, the Parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order. The Parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The Parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Patent Pretrial Order, which can be found on Magistrate Judge Burke's section of the Court's website on or before **October [8], 2020**. Unless otherwise ordered by the Court, the Parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

---

[1] The Parties must work together to ensure that the Court receives no more than a ***total*** of ***200 pages*** (i.e., 40 + 40 + 20 regarding one side's motions, and 40 + 40 + 20 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

ME1 32638790v.1

As noted in the Patent Pretrial Order, the Parties shall include in their joint proposed pretrial order, among other things:

> b.      their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

> c.      their position as to whether the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the Parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and;

> d.      their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

**14.      Motions _in Limine_.**  Motions _in limine_ shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion _in limine_ shall be filed in one filing separate from the motion _in limine_.  Each party shall be limited to three _in limine_ requests, unless otherwise permitted by the Court.  The _in limine_ request and any response shall contain the authorities relied upon; each _in limine_ request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the _in limine_ request may add a maximum of one additional page in reply in support of its request.  If

ME1 32638790v.1

more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15.     **Trial.**  This matter is scheduled for a 5 day bench trial beginning at 9:30 a.m. on **October [26], 2020**, with the subsequent trial days beginning at 9:00 a.m.  Each side (Plaintiffs and Lupin Defendants) shall receive 20 hours per side for their trial presentations, for a total of 40 hours; closing arguments will follow immediately after trial.  The Court will endeavor to provide its decision by **December 31, 2020**.

                                                    _____

CHRISTOPHER J. BURKE
UNITED STATES MAGISTRATE JUDGE

ME1 32638790v.1

## EXHIBIT A: PROPOSED CASE SCHEDULE

| Event | Proposed Date |
|---|---|
| Plaintiff to serve deposition transcripts/exhibits and supplemental responses to joint interrogatories in the Consolidated Cases | February, 24, 2020 |
| Substantial Completion of Document Production | March 11, 2020 |
| Interim Status Report | April 21, 2020 |
| Fact Discovery Cut Off | May 8, 2020 |
| Final Infringement and Invalidity Contentions, Final Supplementation of Accused Products and Invalidity References | June 12, 2020 |
| Opening Expert Reports | June 26, 2020 |
| Rebuttal Expert Reports | July 31, 2020 |
| Close of Expert Discovery | August 31, 2020 |
| Daubert Motions | September 8, 2020 |
| Final Pretrial Order | October [8], 2020 |
| Final Pretrial Conference | October [14], 2020 |
| Trial | October [26], 2020 |
| Requested Opinion from Court | December 31, 2020 |

ME1 32638790v.1